## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW DELANCEY,<br><br>                Plaintiff,<br><br>v.<br><br>JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC,<br><br>                Defendants. | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS FOX CORPORATION AND FOX NEWS NETWORK, LLC TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**<br><br>[Supreme Court of the State of New York, County of New York, No. 952319/2023]<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fox Corporation and Fox News Network, LLC (collectively, the "Fox Defendants") hereby remove the above-entitled action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  This Court has original subject matter jurisdiction over Plaintiff Andrew Delancey's ("Plaintiff") lawsuit under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff who is a citizen of Ohio and Defendants who are not.

In support of this removal, the Fox Defendants state the following:

## I.    SUMMARY OF CIVIL ACTION

1.    On November 22, 2023, Plaintiff commenced this action by filing a Summons with Notice in the Supreme Court of the State of New York, County of New York, entitled *Andrew Delancey v. Justin Wells, Fox Corporation, and Fox News Network, LLC*, No. 952319/2023 ("Civil

Action").  The Civil Action alleges the following claims against Defendant Fox News Network, LLC: (1) negligent hiring; (2) violations of the New York State Human Rights Law; and (3) violations of the New York City Human Rights Law.

2.      As of the time of this filing, the Fox Defendants have not been served with the Summons with Notice.  However, the Fox Defendants obtained a copy of the Summons with Notice through other channels on November 23, 2023.  A true and correct copy of the Summons with Notice is attached hereto as **Exhibit 1**.  This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because it is filed within 30 days of the Fox Defendants having notice of the Civil Action.

3.      No previous Notice of Removal has been filed with this Court for the relief sought. The Fox Defendants have not answered or otherwise appeared in the Supreme Court of the State of New York, County of New York, in this action.

## II.     DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over Plaintiff's civil action pursuant to 28 U.S.C. § 1332, and the Fox Defendants may remove the action pursuant to 28 U.S.C. § 1441.  Specifically, the case is between citizens of different states and the amount in controversy for Plaintiff's claims exceeds the sum or value of $75,000, exclusive or interest and costs.

### A.  Complete Diversity of Citizenship Exists

5.      A case may be heard in federal court under diversity jurisdiction if there is complete diversity; *i.e.,* all plaintiffs are diverse from all defendants.  28 U.S.C. § 1332(a).

6.      This Court has diversity jurisdiction because Plaintiff is a citizen of Ohio, and the Defendants are citizens of New York and Delaware.  Thus, Plaintiff is diverse from all Defendants.

a. <u>Plaintiff Is a Citizen of Ohio</u>

7.     Based on public records, Plaintiff resides in, and is a citizen of, Ohio.  Declaration of Denise Collins ("Collins Decl.") ¶ 11, attached hereto as **Exhibit 2**; *Palazzo v. Corio*, 232 F.3d 38, 42 (2nd Cir. 2000) ("An individual's citizenship . . . is determined by his domicile, [which] is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'"); S.D.N.Y. Local Civil Rule 81.1.

b. <u>Defendant Fox Corporation Is a Citizen of Delaware and New York</u>

8.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1); S.D.N.Y. Local Civil Rule 81.1.

9.     Fox Corporation is a citizen of Delaware and New York.  Fox Corporation is incorporated in Delaware and is therefore a citizen of Delaware.  Collins Decl. ¶ 6.; 28 U.S.C. § 1332(c)(1); S.D.N.Y. Local Civil Rule 81.1.  Fox Corporation has its principal place of business in New York—where it maintains its corporate headquarters—and it is therefore also a citizen of New York.  *Id.* ¶ 7; *see generally Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center.'").  The actual center of direction, control, and coordination for Fox Corporation is in New York, New York.  Collins Decl. ¶ 7.  The majority of Fox Corporation's executive functions take place in New York, New York. *Id.*

10.    Fox Corporation is not and, since the commencement of this action, has not been, incorporated in Ohio, and has not had its headquarters or executive offices based in Ohio.  Collins Decl. ¶ 8.

c.    Defendant Fox News Network, LLC Is a Citizen of Delaware and New York

11.    Defendant Fox News Network, LLC is a Delaware limited liability company and thus "takes the citizenship of its members."  *Avant Capital Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (citations omitted); Collins Decl. ¶ 4.

12.    Defendant Fox News Network, LLC's sole member is Fox Television Stations, LLC, whose sole member is Fox Television Holdings, LLC, whose sole member is Foxcorp Holdings, LLC.  Collins Decl. ¶ 5.  All of these companies were, and remain, formed in Delaware.  *Id.*  The sole member of Foxcorp Holdings, LLC is Fox Corporation.  *Id.*  As described above, Fox Corporation is a citizen of Delaware and New York.  (*See supra* ¶ 8-9.)

13.    Fox News Network, LLC is thus a citizen of Delaware and New York.

c.    Defendant Justin Wells Is a Citizen of New York.

14.    Defendant Justin Wells is a resident of, and domiciled in, the State of New York.  Collins Decl. ¶ 10; S.D.N.Y. Local Civil Rule 81.1.  Accordingly, Defendant Justin Wells is a citizen of New York for the purposes of determining diversity.  *Id.*; *Palazzo,* 232 F.3d at 42*.*

d.    Removal Is Proper Because the Forum Defendants Have Not Been Served

15.    Although 28 U.S.C. § 1441 bars removal of a case based on diversity of citizenship if a defendant "is a citizen of the State in which such action is brought," that bar applies only when such a forum-state defendant has been "properly joined *and served.*" *See* 28 U.S.C. § 1441(b)(2) (emphasis added).

414557390-v1\NA_DMS

16.     The Second Circuit has squarely held that this "forum defendant rule" does not prevent removal of a state-court action on diversity grounds before a forum-state defendant has been served. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–07 (2d Cir. 2019) (recognizing that the forum defendant rule does not prevent removal by the home-state defendant before service is effected); *see also C.Q. v. Estate of Rockefeller*, 2020 U.S. Dist. LEXIS 175172, at *5-7 (S.D.N.Y. 2020) (finding that home-state defendant was not "properly joined and served" at the time of removal, and therefore the forum defendant rule and rule of unanimity did not apply).

17.     Defendants Fox Corporation, Fox News Network, LLC and Justin Wells have not yet been properly served and thus the forum defendant rule does not bar removal.

## III.    THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

18.     While the Fox Defendants deny any and all liability to Plaintiff, based on the Notice with Summons, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

19.     The "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  "[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met.  Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.*, quoting H.R. Rep. No. 112-10, p. 16 (2011).

20.     Plaintiff's Summons with Notice states that he is seeking "monetary damages of or exceeding $1,500,000.00," including "economic damages for monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, loss of income, reputational harm and harm to professional reputation; compensatory damages, including for damages resulting from

emotional distress; and, punitive damages."  **Exhibit 1**, Summons at 2.  Thus, as the Summons with Notice makes clear, the amount in controversy exceeds the sum or value of $75,000, and removal is proper.

## IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

21.    As set forth above, this Notice of Removal is timely because it is filed within 30 days of the Fox Defendants having notice of the Civil Action.

22.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 112, the United States District Court for the Southern District of New York embraces the Supreme Court of the State of New York, New York County.  This action was originally brought in the Supreme Court of the State of New York, New York County, and Plaintiff alleges the injury to person occurred in its jurisdictional area.  *See* **Exhibit 1**, Summons at 2.  Therefore, this is the appropriate Court for removal.

23.    As required by 28 U.S.C. § 1446(d), the Fox Defendants will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the Supreme Court of the State of New York, New York County.  A true and correct copy of the Notice of Filing is attached hereto as **Exhibit 3**.

24.    The Fox Defendants have sought no similar relief.

25.    If any question arises as to the propriety of the removal of this action, the Fox Defendants request the opportunity to present a brief and oral argument in support of their position that this case is removable.

26.     By this Notice of Removal, the attached exhibits and the documents filed concurrently herewith, the Fox Defendants do not intend to make any admissions of fact, law or liability relating to Plaintiff's claims, and expressly reserve the right to make any and all defenses and motions necessary in their defense against Plaintiff's allegations.

27.     The Fox Defendants reserve the right to amend or supplement this Notice of Removal.

## V.     <u>CONCLUSION</u>

28.     Pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. § 1446, Defendants Fox Corporation and Fox News Network, LLC pray that the above-captioned action pending in the Supreme Court of the State of New York, County of New York, be removed therefrom to the United States District Court for the Southern District of New York.

<div style="margin-left: 50%;">

*/s/ Paul C. Evans*
Paul C. Evans

Paul C. Evans
paul.evans@bakermckenzie.com
Krissy Katzenstein
krissy.katzenstein@bakermckenzie.com
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel.: (212) 626-4100
Fax: (212) 310-1600

*Attorneys for Fox Corporation and Fox News Network, LLC*

</div>

414557390-v1\NA_DMS

## <u>CERTIFICATE OF SERVICE</u>

I, Paul C. Evans, hereby certify that on November 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served via the electronic filing system with the Supreme Court of the State of New York, County of New York, and via email to counsel for Plaintiff, Alfredo Pelicci, Esq. and Kimberly Catala, Esq. of Filippatos PLLC.

By: *<u>/s/ Paul C. Evans</u>*
  Paul C. Evans