

Alfredo J. Pelicci
Admitted in DC, FL, MD, NY, VA

199 Main Street, Suite 800
White Plains, NY 10601

Phone/Fax: 914-984-1111 Ext.525
apelicci@filippatoslaw.com

filippatoslaw.com ◆ bestworkplacelawyers.com

February 13, 2024

**VIA Email:**
United States District Judge Analisa Torres
Southern District of New York
500 Pearl Street
New York, New York 10007
Torres_NYSDChambers@nysd.uscourts.gov

Re: *Andrew Delancey v. Justin Wells, Fox Corporation,* and Fox News Network, LLC
    Case No. 23-cv-10357 (AT)

Dear Judge Torres:

This firm is counsel for Plaintiff Andrew Delancey in the above-referenced matter. We submit this letter as well as a Proposed Civil Case Management Plan and Scheduling Order (attached as Exhibit A) jointly with Defendants Fox Corporation and Fox News Network, LLC (collectively the "Fox Defendants") in accordance with your Honor's Initial Pretrial Scheduling Order ("Initial Scheduling Order") (Dkt. No. 19) and Rule II(B) of Your Honor's Individual Practices in Civil Cases.

**I.      CONSENT TO PROCEEDING BEFORE THE MAGISTRATE JUDGE**

All parties do not consent to conduct further proceedings before a Magistrate Judge.

**II.     THE APPEARANCE OF COUNSEL FOR DEFENDANT WELLS**

On December 13, 2023, counsel for the Fox Defendants first included counsel for the individual Defendant, Justin Wells, on correspondence regarding this matter. On December 21, 2023, counsel for the Fox Defendants confirmed their understanding that Bryan Freedman of Freedman Taitelman + Cooley, LLP is representing Mr. Wells in this matter. On the same day, Plaintiff's counsel requested that Mr. Freedman execute a waiver of service on behalf of Mr. Wells. On January 2, 2024, Plaintiff once again requested that counsel for Mr. Wells return the aforementioned waiver of service. On January 3, 2024, Plaintiff received and filed the executed waiver of service for Defendant Wells. See Dkt. No. 21.

On February 2, 2024, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. No. 24. On February 5, 2024, given that Mr. Wells's counsel had still not filed a notice of appearance, this firm served Defendant Wells's counsel, Mr. Freedman, with a copy of Plaintiff's FAC as well as a copy of your Honor's Initial Pretrial Scheduling Order. See Exhibit B. While doing so, counsel for Plaintiff highlighted that, pursuant to Your Honor's Initial Scheduling Order, the parties were required to submit the instant letter and attached proposed scheduling order by February 13, 2023. On February 5, 2024, counsel for Defendant Wells confirmed receipt of Plaintiff's FAC and the Initial Scheduling Order.

On February 12, 2024, Plaintiff and the Fox Defendants agreed to the accompanying proposed Case Management Plan and Scheduling Order. Exhibit A. Counsel for Mr. Wells was present on the call but did not take a position with respect to the proposed Case Management Plan and Scheduling Order. To date, counsel for Defendant Wells has not appeared in this litigation.

### III. THE NATURE OF THE ACTION AND THE PRINCIPAL DEFENSES

#### A. Plaintiff's Position on the Nature of the Action

##### 1. Adult Survivors Act

This cause of action is timely under the Adult Survivors Act N.Y. C.P.L.R. § 214-j, because it arises out of conduct perpetrated against Plaintiff who was eighteen or older at the time of the conduct, that constitutes a sexual offense as defined in the New York Penal Law, specifically New York Penal Law § 130.65 (sexual abuse in the first degree); § 130.55 (sexual abuse in the third degree); and § 130.52 (forcible touching).

##### 2. Assault and Battery Against Defendant Wells

Plaintiff asserts claims for assault and battery against Defendant Wells based on allegations that Defendant Wells sexually assaulted him in or around October of 2008.

##### 3. Sexual Harassment Under NYSHRL and NYCHRL Against the Fox Defendants

Plaintiff asserts claims of sexual harassment against the Fox Defendants in violation of New York Exec. Law § 297(9) and New York City Administrative Code § 8-502(a). Plaintiff alleges that Defendant Wells had supervisory authority over Plaintiff, the Fox Defendants were on notice of Defendant Wells's propensity to sexually harass coworkers through previous complaints, and the Fox Defendants deprived Mr. Delancey of an avenue to complain and seek corrective action. Moreover, Plaintiff alleges that his meeting at Defendant Wells's apartment had a nexus to their employment by the Fox Defendants and that Plaintiff was forced to encounter Defendant Wells in the workplace and through workplace communications following Defendant Wells sexually assaulting him. Plaintiff further alleges that Defendant Wells continued to exercise supervisory control over Plaintiff following Defendant Wells sexually assaulting Plaintiff and that Defendant Wells interfered with Plaintiff seeking a job opportunity elsewhere.

### B. Fox Defendants' Position on the Principal Defenses

The Fox Defendants assert several defenses in response to Plaintiff's sexual harassment claims. First, Fox Corporation did not come into existence until 2019, long after Plaintiff's employment with Fox News Network, LLC ended. It, therefore, never employed Plaintiff and cannot be liable as an employer under the NYSHRL or NYCHRL. Second, the alleged assault that forms the basis of Plaintiff's sexual harassment claims has no relationship to his workplace. It allegedly occurred at Defendant Wells' apartment building during non-working time and was unrelated to any company-sponsored event. As such, the Fox Defendants cannot be liable for the alleged conduct. *See Devlin v. Teachers' Ins. & Annuity Ass'n of America*, No. 02 CIV. 3228, 2003 WL 1738969, at *2 (S.D.N.Y. Apr. 2, 2003) (finding employers are not responsible for "hostile sexual acts resulting from nonwork-related, off-duty interactions between coworkers because those actions are not part of the work environment"). Third, under the NYSHRL and NYCHRL, the Fox Defendants also cannot be liable for the alleged conduct because (i) Defendant Wells did not have supervisory authority over Plaintiff and (ii) the Fox Defendants did not know or have any reason to know of the alleged conduct. *Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 479 (2010). Nor can Plaintiff rely on a *quid pro quo* argument because again, Wells was not Plaintiff's supervisor. Pursuant to Section III(B)(ii) of your Honor's Individual Practices in Civil Cases, the Fox Defendants have sent Plaintiff's counsel a pre-motion letter regarding the above, and based on the parties' meet and confer discussions, the Fox Parties anticipate filing a pre-motion letter with the Court by the February 20, 2024 answer/response deadline.

### IV. JURISDICTION AND VENUE

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiff, who is a citizen of Ohio, and all the Defendants, including Defendant Justin Wells, who is a citizen of New York, Defendant Fox Corporation, a citizen of New York and Delaware, as it is incorporated in Delaware and has its principal place of business New York, 28 U.S.C. § 1332(c)(1), and Defendant Fox News Network, a Delaware limited liability company (with its sole member being a Delaware entity).

Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Fox Defendants' principal place of business is New York City and a substantial part of the alleged events or omissions giving rise to the claims occurred in this district.

### V. EXISTING DEADLINES AND OUTSTANDING MOTIONS

On January 17, 2024, counsel for the Fox Defendants informed Plaintiff that counsel for Mr. Wells indicated that "as things stand, [Defendant Wells] plan[s] to answer the complaint (i.e., they are not planning to move to dismiss)" with the caveat that, "they of course reserve their rights to review any new allegations/claims against Mr. Wells in any amended complaint before deciding how to respond to the same." The deadline for Defendant Wells to file his response to Plaintiff's FAC is February 20, 2024.

On February 9, 2024, pursuant to Section III(B)(ii) of your Honor's Individual Practices the Fox Defendants notified Plaintiff of their intention to move to dismiss Plaintiff's claims against the Fox

Defendants. In accordance with your Honor's Individual Practices, Plaintiff will respond by February 16, 2024.

## VI. DISCOVERY

To date, no discovery has occurred.

The Fox Defendants seek to commence discovery following the Court's ruling on their anticipated Motion to Dismiss ("Motion"). Pursuant to Section III(B)(ii) of your Honor's Individual Practices, the Fox Defendants originally informed Plaintiff of the deficiencies in his Complaint on December 13, 2023. In response, Plaintiff filed a First Amended Complaint (ECF No. 24). However, the Fox Defendants maintain that, even after amendment, deficiencies remain that are dispositive of Plaintiff's claims against the Fox Defendants and intend to move to dismiss. Given the potentially dispositive nature of the Fox Defendants' Motion, the Fox Defendants respectfully seek to have their motion decided before discovery commences. Plaintiff opposes this request.

## VII. SETTLEMENT DISCUSSIONS

Counsel for Plaintiff and the Fox Defendants have conferred regarding settlement and agree that any settlement discussion will be best had after the Court rules on the Fox Defendants' upcoming Motion to Dismiss. Counsel for Individual Defendant Justin Wells has taken no position on settlement.

We thank Your Honor for your time and consideration.

Respectfully submitted,

*Alfredo Pelicci*

Alfredo J. Pelicci

cc: All counsel of record