F I L I P P A T O S   P L L C
Employment Law, Litigation & ADR

Alfredo J. Pelicci
Admitted in DC, FL, MD, NY, VA

199 Main Street, Suite 800
White Plains, NY 10601
filippatoslaw.com

Phone/Fax: 914-984-1111, ext. 525
apelicci@filippatoslaw.com

February 27, 2024

**VIA ECF and Email**
Hon. Analisa Torres
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RE: *Andrew Delancey v. Justin Wells, Fox Corporation, et al.*, Case No. 1:23-cv-10357 (AT)

Dear Judge Torres,

We write on behalf of Plaintiff, Andrew Delancey, pursuant to Section III(B)(ii) of Your Honor's Individual Practices to respond to the February 20, 2024, pre-motion letter by Fox Corporation and Fox News Network, LLC ("Fox News") (collectively, the "Fox Defendants") to dismiss Counts III and Counts IV in Plaintiff's First Amended Complaint ("FAC"). Dkt. No. 31.

Plaintiff has appropriately included Fox Corporation as a Defendant and alleged that Fox Corporation constitutes an employer under the relevant statutes. In seeking to dismiss Plaintiff's claims against Fox Corporation, the Fox Defendants inappropriately introduce evidence concerning Fox Corporation's formation and advance arguments regarding Fox Corporation's liability. In the very least, Plaintiff should be permitted to obtain discovery on this issue. Additionally, Plaintiff plausibly alleges sexual harassment claims against the Fox Defendants under both hostile work environment and *quid pro quo* theories. While employed by the Fox Defendants, Plaintiff was sexually assaulted by a supervisor, Defendant Wells, when he was invited by Defendant Wells to meet with other Fox colleagues. After the assault, Plaintiff was forced to encounter Defendant Wells in the workplace. Plaintiff has alleged sufficient, non-conclusory facts concerning Wells having supervisory control over Plaintiff as well as facts that would support Plaintiff reasonably believing that Wells was a *de facto* supervisor. The fact that Wells was not Plaintiff's official supervisor in the Fox Defendants' systems is not dispositive of this issue. Moreover, Plaintiff alleges that the Fox Defendants knew of Defendant Wells' history of sexual harassment and the Fox Defendants did not provide Plaintiff with an adequate avenue to make complaints because Plaintiff's official supervisor directed him not to file such complaints. For these reasons, Plaintiff has asserted plausible sexual harassment claims against the Fox Defendants under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").

## I.   Fox Corporation Should Remain a Defendant

Assessing the appropriateness of the inclusion of the Fox Corporation as a defendant is a fact intensive inquiry that warrants discovery. Under Rule 12(d) of the Federal Rule of Civil Procedure ("FRCP"), when parties present matters outside the pleadings on a motion to dismiss, the court

must either decide the motion based on the complaint alone, without considering the additional material, or else convert the motion to one for summary judgment under Rule 56 of the FRCP. *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). Here, the Fox Defendants improperly introduce factual representations concerning Fox Corporation being formed in 2018 as a successor to Fox News Network LLC's previous parent company, which is neither in the evidence or discussed in the pleadings.[1] Should the Court decide to convert the motion, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Fox Defendants' reliance on *Appalachian Enters. v. ePayment Solutions Ltd.*, No. 01 Civ. 11502, 2004 U.S. Dist. LEXIS 24657, at *22 (S.D.N.Y. Dec. 7, 2004) is misguided, as there, plaintiff sued seventeen defendants, including six affiliated companies and several individuals, and did not identify any particular defendant that committed any specific act of wrongdoing against plaintiff. Here, Plaintiff pled specific allegations concerning both the individual Defendant and the Fox Defendants, as well as allegations that support the Fox Defendants being considered employers for purposes of the NYSHRL and NYCHRL. In the very least, discovery on this issue should be permitted, as the plaintiff "is entitled to discovery of any facts within the defendants' possession that may reveal the defendants to be a single integrated enterprise" or result in liability through successorship. *v. Twenty-First Century Fox, Inc.*, No. 16 Civ. 9608 (AJN), 2018 U.S. Dist. LEXIS 48594, *7 (E.D.N.Y. Dec. 6, 2018) (quoting *Ayala v. Metro One Sec. Sys., Inc.*, No. 11 Civ. 233 (JG), 2011 U.S. Dist. LEXIS 42325 at *6 (E.D.N.Y. Apr. 19, 2011)). Moreover, Fox Corporation's appropriate inclusion as an employer in the instant context is a question of law that need not be pled for the Court to have authority to consider the Fox Corporation an appropriate party. Only through discovery can we adequately assess if Fox Corporation has assumed liability under theories of parent-subsidiary liability, successorship liability, and/or *de facto* merger. As such, with the interest of speedy resolution in mind, the Court should permit discovery into the appropriateness of the Fox Corporation's inclusion as a defendant while the case proceeds and reserve ruling on such issue until after adequate discovery has occurred.

## II.  Plaintiff Sufficiently Alleges Sexual Harassment Claims Against the Fox Defendants

Plaintiff plausibly alleges a hostile work environment claim against the Fox Defendants.[3] First, there is a nexus between the sexual assault at Wells' apartment and the parties' workplace, as

---

[1] Unlike the intensive inquiry involved in assessing Fox Corporations' liability in the instant matter, in *BBF Partners LLC v. Mon Ethos Pro Consulting LLC*, No. 20 Civ. 5544 (RPK) (MMH), 2022 U.S. Dist. LEXIS 36835, at *7 (E.D.N.Y. Mar. 2, 2022), the court took judicial notice of public records to determine if the defendant was operating under a fictitious name. As such, the Fox Defendants' reliance on this case is misplaced.

[3] The NYCHRL "does not distinguish quid pro quo claims from hostile work environment ones, focusing instead on 'unequal treatment based on gender.'" *Villatla v. JS Barkats, P.L.L.C.*, No. 16 Civ. 2772 (RA) (RWL), 2021 U.S. Dist. LEXIS 75071 at *10 (S.D.N.Y. Apr. 16, 2021). Allegations that a plaintiff "was treated less well because of a discriminatory intent" is sufficient to establish discrimination under the NYCHRL. *MacAlister v. Millenium Hotels & Resorts*, No. 17 Civ. 6189, 2018 U.S. Dist. LEXIS 191775 at *8 (S.D.N.Y. Nov. 8, 2018); *see also McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 65-66 (S.D.N.Y. Dec. 18, 2020) ("Unlike Title VII or the NYSHRL, the NYCHRL does not require a plaintiff claiming sexual harassment to prove that the conduct was severe and pervasive, requiring only that the plaintiff demonstrate [h]e was subjected to 'unwanted gender-based conduct.'"). Plaintiff easily meets this burden at the pleading stage.

Plaintiff alleges (FAC at ¶¶ 28-29) and Wells admits in his Answer, Plaintiff was invited out that night "***to meet Fox colleagues***." Dkt. No. 29 at ¶28.[4] The Second Circuit has permitted employees to maintain actions for sexual assaults that physically occurred outside the office in situations "where employees encounter one another in external contexts not strictly stemming from or compelled by a business purpose, but to which the employment relationship may necessarily carry over by reason of circumstances that may have their origins in the workplace itself." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 748 (1998) (hotel lounge during a business trip); *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 60 (1986) (motels and restaurants after regular hours); *San Juan v. Leach*, 278 A.D.2d 299, 300, (2d Dep't 2000) (assaults in hotel and a vehicle). Indeed, "the intimidation or unwelcome sexual advance the harasser initiates at the office may be consummated later …[therefore], the precise geographic locus of the offending act should not distract from the real focus of the misconduct: the degree to which, wherever a sexual assault occurs, its consequences may be felt in the victim's 'workplace' or 'work environment' and be brought to bear on her terms and conditions of employment. Accordingly, the reach of the employment 'environment' should be viewed holistically." *Parrish v. Sollecito*, 249 F. Supp. 2d 342, 351 (S.D.N.Y Feb. 10, 2003). A "practical or constructive extension of the work environment" is often necessary because an "offender's license to engage in sexual misconduct towards a co-worker outside the company may derive and draw comfort from his understanding of what is permissible behavior in the workplace or his perception of how far he can push the limits and what discriminatory wrongs against a fellow employee he can inflict with impunity." *Echevarria v. Utitec, Inc*., 2017 U.S. Dist. LEXIS 159721, *22-23 (D. Conn. Sept. 28, 2017). Additionally, due to the severity of sexual assault, such act alone is sufficient to create a hostile work environment. *See Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004) ("a single act can create a hostile work environment"); *Bilitch v. New York City Health & Hosps. Corp.,* 194 A.D.3d 999, 1003 (2d Dep't 2021) ("Even a single incident of sexual harassment can create a hostile work environment if the alleged conduct is sufficiently severe.").

As the Fox Defendants conveniently ignore, Plaintiff also alleges that he was forced to encounter Wells in the workplace after the assault, as Wells continued to assign and supervise Plaintiff's work and communicated with him on a regular basis using company email, phone, and internal messaging systems while both parties were in the workplace. FAC at ¶¶ 42-46. Plaintiff alleges that he was left with no avenue to complain because his official supervisor directed him not to file such complaints. FAC at ¶¶ 42-43. Such allegations also support plausible hostile work environment claims. *Ferris v. Delta Air Lines, Inc*., 277 F.3d 128, 137 (fear of encountering rapist in workplace is sufficient to sustain award of damages for hostile work environment claims); *Ellison v. Brady,* 924 F.2d 872, 883 (9th Cir. 1991) ("in some cases the mere presence of an employee who has engaged in particularly severe or pervasive harassment can create a hostile ... environment").

---

[4] The Fox Defendants incorrectly argue that no nexus exists because Plaintiff "knew Wells ***before*** he began his employment with Fox News." Dkt. 31 at 2. However, this conclusion ignores the fact that defendant Wells initiated contact with Plaintiff only "after identifying him as a member of a Fox employee Facebook group," and due to his employment with a Fox owned and operated local affiliate station (FAC at ¶¶ 17-18), after which Defendant Wells induced Plaintiff to apply for a position at Fox's headquarters in New York. FAC at ¶¶ 20-22.

As the Fox Defendants acknowledge, liability is imputed to an employer when the harasser is the employee's supervisor. *Zakrzewska v. New Sch.,* 14 N.Y.3d 469, 479 (2010).[5] Here, Plaintiff sufficiently alleges in a non-conclusory manner that Defendant Wells exercised supervisory control over him because Wells assigned and oversaw Plaintiff's work and could influence the terms and conditions of Plaintiff's employment, including his termination or promotion. FAC ¶¶ 45-48. Such factual allegations are certainly not "threadbare recitals of the elements of supervisory status" as the Fox Defendants suggest. Additionally, an employee's discriminatory acts may be imputed to an employer if the employer became a party to the harassment or discrimination "by encouraging, condoning, or approving it." *State Div. of Human Rights ex rel. Greene v. St. Elizabeth's Hosp.*, 66 N.Y.2d 684, 687 (1985). Condonation is satisfied by demonstrating "a knowing, after-the-fact forgiveness or acceptance of an offense. An employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation." *Id.* Plaintiff alleges that his official supervisor, Mykal McCarthy, who was also gay, "fostered a workplace environment rife with inappropriate behavior. Mr. McCarthy would frequently invite young gay producers who he supervised, including Mr. Delancey, to bars where he would buy them alcoholic drinks and make inappropriate remarks," and make his subordinates "swear not to inform upper management*"* of any inappropriate conduct. FAC ¶ 43. Indeed, McCarthy explicitly told Plaintiff "not to go to Human Resources with any concerns, because they could not be "trust[ed]." FAC ¶ 42. Moreover, Plaintiff alleges that the Fox Defendants had prior knowledge of Wells' sexual harassment and behaved in a way that amounts to a "calculated inaction." FAC ¶¶ 41, 58.[6] Such allegations coupled with the Fox Defendants' well-known failure to address sexual harassment in their workplace further supports the Fox Defendants' liability. See, e.g., *Bass v. World Wrestling Fed'n Entm't*, 129 F. Supp. 2d 491, 501 (E.D.N.Y. Feb. 14, 2001) (finding that an allegation that the culture of sexual harassment at the employer was "well known to the senior management of the WWF, yet it failed and refused to take any steps to prevent such conduct" sufficient to impute liability against the employer).

The Fox Defendants are also liable for sexual harassment under a *quid pro quo* theory. Prior to assaulting Plaintiff, Wells sought to entice Plaintiff into submitting to his sexual advances by reminding Plaintiff that Wells could "affect his career trajectory," bragging that he had "the ear of Fox's top Executives" and he would "put in a good word" for Plaintiff, who Wells knew at the time, was unhappy with his compensation. FAC ¶¶ 26-27. After Plaintiff rebuffed Mr. Wells' sexual advances, his career at the Fox Defendants became stagnant and Mr. Wells interfered with Plaintiff's pursuit of another employment opportunity. FAC ¶¶ 49-54. Moreover, a *quid pro quo* sexual harassment theory does not require that the perpetrator be an official supervisor. Instead, an employer is liable even where the individual is a *de facto* supervisor who "possesses the authority to affect the terms and conditions of plaintiff's employment." *Figueroa v. Rsquared NY, Inc.*, 89 F. Supp. 3d 484, 491 (E.D.N.Y. Mar. 3, 2015) (finding that the cousin of plaintiff's supervisor may have enjoyed *de facto* supervisory status). Notably, an employer can be held liable for such harassment even if the wrongdoer is not, in fact, the plaintiff's *de facto* supervisor but if the plaintiff *reasonably believes* that he can affect the terms and conditions of his employment. *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1155 n.11 (E.D.N.Y. Mar. 2, 2003). Nevertheless, as discussed above, Plaintiff alleges sufficient, non-conclusory facts concerning Mr. Wells exercising supervisory control over Plaintiff.

---

[6] The Fox Defendants' citation to *Doe v. Alsaud*, 12 F. Supp. 3d 674, 681 (S.D.N.Y. 2014) is misplaced as such case applies to negligent hiring and supervision common law claims.

4

For the foregoing reasons, the Fox Defendants' anticipated motion to dismiss is without merit. As such, Plaintiff respectfully requests that the Court deny Fox Defendants' request to file a formal motion to dismiss.

Respectfully submitted,

Alfredo J. Pelicci