## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW DELANCEY, | Case No. 1:23-CV-10357(AT) |
| *Plaintiff*, | |
| -against- | |
| JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC | |
| *Defendants*. | |

## DEFENDANTS FOX CORPORATION AND FOX NEWS NETWORK, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTS III AND IV OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6)

Paul C. Evans
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel.: (212) 626-4100
Fax: (212) 310-1600
paul.evans@bakermckenzie.com


Krissy Katzenstein
BAKER & McKENZIE LLP
452 Fifth Avenue
New York, NY 10018
Tel.: (212) 626-4364
Fax: (212) 310-1600
krissy.katzenstein@bakermckenzie.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...............................................................................................................1

PROCEDURAL HISTORY AND FACTUAL BACKGROUND ........................................4

    I.     Procedural Background.................................................................................4

    II.    Relevant Factual Background ......................................................................4

          A.    Plaintiff And Defendant Wells Were Acquainted Before Plaintiff
                 Joined Fox News............................................................................4

          B.    Plaintiff's Employment With Fox News. ........................................5

          C.    Wells Allegedly Assaults Plaintiff At Wells' Apartment Building
                 During Non-Work Time. ...............................................................6

          D.    Plaintiff Does Not Allege That Wells, Or Anyone Else At Fox
                 News, Engaged In Inappropriate Conduct In The Workplace....................6

LEGAL STANDARD ........................................................................................................7

ARGUMENT .....................................................................................................................7

    I.     Plaintiff's Sexual Harassment Claims Against The Fox Parties Fail
          Because The Challenged Conduct Did Not Occur In The Workplace, And
          Even If It Had, Plaintiff Pleads No Factual Allegations That Would
          Impute Wells' Alleged Conduct To The Fox Parties. ...............................7

          A.    The First Amended Complaint Does Not Allege Any Sexually
                 Harassing Conduct In Or Related To The Workplace. ...............................9

          B.    Plaintiff Fails To Plausibly Allege Facts Establishing That Wells'
                 Alleged Conduct Can Be Imputed To The Fox Parties. ...........................11

                 1.    *Plaintiff Does Not Plausibly Allege That Wells Was His*
                        *Supervisor.* ...................................................................12

                 2.    *Plaintiff Does Not Plead That Fox News Knew Of The*
                        *Alleged Assault Or Should Have Known Of Well's*
                        *Propensity To Commit Such An Act.*...............................14

          C.    Plaintiff Cannot Rely On A *Quid Pro Quo* Theory Because Wells
                 Was Not His Supervisor And Plaintiff Did Not Suffer A Tangible
                 Employment Action. ...................................................................16

    II.    Plaintiff's Claims Against Fox Corporation Must Be Dismissed Because
          Plaintiff Fails To Plead Any Factual Allegations Showing That He Was
          Employed by Fox Corporation...................................................................18

CONCLUSION..................................................................................................................20

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alfano v. Costello,*
    294 F.3d 365 (2d Cir. 2002)........................................................................................7

*Andersen v. Rochester City Sch. Dist.,*
    481 F. App'x 628 (2d Cir. 2012) ...............................................................................9

*Appalachian Enters v. ePayment Solutions, Ltd.,*
    No. 01 CV 11502, 2004 U.S. Dist. LEXIS 24657 (S.D.N.Y. Dec. 7, 2004)...........19

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..............................................................................................7, 13

*Atuahene v. City of Hartford,*
    10 F. App'x 33 ((2d Cir. 2001).................................................................................19

*Barbosa v. Continuum Health Partners, Inc.,*
    716 F. Supp. 2d 210 (S.D.N.Y. 2010).......................................................................19

*BBF Partners LLC v. Mon Ethos Pro Consulting LLC,*
    No. 20-CV-5544 (RPK) (MMH), 2022 U.S. Dist. LEXIS 36835 (E.D.N.Y.
    Mar. 2, 2022).............................................................................................................19

*Bernard v. J.P. Morgan Chase Bank N.A.,*
    No. 08 Civ. 4784 (THK), 2010 U.S. Dist. LEXIS 10195 (S.D.N.Y. Feb. 5,
    2010) ...........................................................................................................................8

*Cater v. New York,*
    No. 17 Civ. 9032, 2019 U.S. Dist. LEXIS 17780 (S.D.N.Y. Jan. 30, 2019)......9, 11

*Cho v. Osaka Zen Spa,*
    No. 19 Civ. 7935 (ER), 2021 U.S. Dist. LEXIS 84260 (S.D.N.Y. May 3,
    2021) ......................................................................................................................2, 12

*Devlin v. Teachers' Ins. & Annuity Ass'n of Am.,*
    No. 02 Civ. 3228 (JSR), 2003 U.S. Dist. LEXIS 5226 (S.D.N.Y. Apr. 1, 2003)...............9, 10

*Doe v. Alsaud,*
    12 F. Supp. 3d 674 (S.D.N.Y. 2014).......................................................................3, 15

*Doe v. Uber Techs., Inc.,*
    551 F. Supp. 3d 341 (S.D.N.Y. 2021).......................................................................16

*Erasmus v. Deutsche Bank Ams. Holding Corp.*,
No. 15 Civ. 1398 (PAE), 2015 WL 7736554 (S.D.N.Y. Nov. 30, 2015) ..............................12

*Feliciano v. Alpha Sector, Inc.*,
No. 00 Civ. 9309 (AGS), 2002 U.S. Dist. LEXIS 12631 (S.D.N.Y. July 11,
2002) .........................................................................................................................................9

*Fleming v. MaxMara United States, Inc.*,
644 F. Supp. 2d 247 (E.D.N.Y. 2009) .....................................................................................8

*Heskin v. InSite Advert., Inc.*,
No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546 (S.D.N.Y. Feb.
22, 2005) .................................................................................................................................16

*Hill v. Rayboy-Brauestein*,
467 F. Supp. 2d 336 (S.D.N.Y. 2006) ....................................................................................16

*Ingram v. Nassau Health Care Corp.*,
No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374 (E.D.N.Y. Mar.
25, 2019) .................................................................................................................................17

*Klymn v. Monroe Cty. Supreme Court*,
641 F. Supp. 3d 6 (W.D.N.Y. 2022) .......................................................................................17

*Lange v. Town of Monroe*,
213 F. Supp. 2d 411 (S.D.N.Y. 2002) ....................................................................................14

*Lum v. Consol. Edison*,
No. 160027/2020, 2021 N.Y. Misc. LEXIS 16321 (Sup. Ct. Nov. 16, 2021) ......................13

*Maiurano v. Cantor Fitzgerald Sec.*,
No. 19 Civ. 10042 (KPF), 2021 U.S. Dist. LEXIS 3762 (S.D.N.Y. Jan. 8,
2021) .............................................................................................................................3, 13, 17

*McArdle v. Arms Acres, Inc.*,
No. 03 Civ. 05721 (PGG), 2009 U.S. Dist. LEXIS 23373 (S.D.N.Y. Mar. 23,
2009) .......................................................................................................................................10

*McHenry v. Fox News Network, LLC*,
510 F. Supp. 3d 51 (S.D.N.Y. 2020) ...............................................................................13, 18

*Medina v. Bauer*,
No. 02-cv-8837, 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ................................................19

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
No. 21 Civ 02512 (CM), 2022 U.S. Dist. LEXIS 31075 (S.D.N.Y. Feb. 22,
2022) .........................................................................................................................................8

*Phoenix Cos. v. Concentrix Ins. Admin. Sols. Corp.*,
554 F. Supp. 3d 568 (S.D.N.Y. 2021)........................................................................7

*Ponticelli v. Zurich Am. Ins. Group*,
16 F. Supp. 2d 414 (S.D.N.Y. 1998)........................................................................3

*Pratt v. Hustedt Chevrolet*,
No. 05-4148 (DRH) (MLO), 2009 U.S. Dist. LEXIS 26312 (E.D.N.Y. Mar.
27, 2009) ................................................................................................................7

*Rubert v. King*,
No. 19-CV-2781 (KMK), 2020 U.S. Dist. LEXIS 177648 (S.D.N.Y. Sep. 24,
2020) ....................................................................................................................14

*Ruiz v. New Avon LLC*,
No. 18-CV-9033, 2019 U.S. Dist. LEXIS 161457 (S.D.N.Y. Sept. 22, 2019).......................18

*Schiano v. Quality Payroll Sys.*,
445 F.3d 597 (2d Cir. 2006)...............................................................................8, 16

*Torres v. City of N.Y.*,
No. 18 Civ. 3644 (LGS), 2019 U.S. Dist. LEXIS 68168 (S.D.N.Y. Apr. 22,
2019) ..................................................................................................................1, 11

*Vereen v. City of New Haven Pub. Works Dep't*,
No. 3:17-cv-01509 (VLB), 2018 U.S. Dist. LEXIS 26304 (D. Conn. Feb. 20,
2018) ......................................................................................................................9

*Whipple v. Reed Eye Assocs.*,
524 F. Supp. 3d 76 (W.D.N.Y. 2021) ........................................................................9

*Williams v. Victoria's Secret*,
No. 15 Civ. 4715 (PUG)(JLC), 2017 U.S. Dist. LEXIS 45813 (S.D.N.Y. Mar.
28, 2017) ..............................................................................................................17

*Zakrzewska v. New Sch.*,
14 N.Y.3d 469 (2010) ......................................................................................8, 11

*Zolondek v. Worldwide Flight Servs.*,
No. 02 CV 2030 (DLI)(LB), 2006 U.S. Dist. LEXIS 95711 (E.D.N.Y. Aug.
28, 2006) ..............................................................................................................14

**Statutes**

New York City Human Rights Law, Admin Code § 8-101 *et seq.* ................................. *passim*

New York State Human Rights Law, Exec. Law § 290 *et seq.* ................................. *passim*

## INTRODUCTION

Plaintiff Andrew Delancey last worked as a Fox News Edge Regional Producer for Fox News Network, LLC ("Fox News") over fifteen years ago. In his First Amended Complaint, Plaintiff alleges that Defendant Justin Wells sexually assaulted him at Wells' apartment building in or around October 2008. Plaintiff attempts to hold Fox News and Fox Corporation (collectively, the "Fox Parties") liable for this alleged conduct simply because he and Wells both worked at the same company at the time of the alleged assault.[1] The alleged incident, however, occurred during non-work hours, at a non-work location, and arose from a get together with no work purpose. As such, there is no legal basis whatsoever to impute this conduct to the Fox Parties. This is particularly true of Fox Corporation, which did not employ Plaintiff, and did not even exist until 2018—long after Plaintiff's employment with Fox News ended. Plaintiff's claims against the Fox Parties are therefore subject to dismissal for several reasons.

First, Plaintiff's sexual harassment claims fail because Plaintiff does not plead that he was subject to any allegedly harassing conduct in the workplace, an essential element of a sexual harassment claim under both the NYSHRL and NYCHRL. The only allegation of unlawful conduct in the First Amended Complaint is the alleged sexual assault by Wells at Wells' apartment. (*See* First Amended Complaint ("FAC") ¶¶ 28-29.) That incident, however, is alleged to have occurred outside of work, on non-working time, and was not connected to or an outgrowth of any event sponsored by Fox News. (*Id.*) This alone is fatal to Plaintiff's harassment claims against the Fox Parties. *See e.g.*, *Torres v. City of N.Y.*, No. 18 Civ. 3644 (LGS), 2019 U.S. Dist. LEXIS

---

[1] Plaintiff brings claims against the Fox Parties of harassment in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code § 8-101 *et seq.*

68168, at *17 (S.D.N.Y. Apr. 22, 2019) (plaintiff's hostile work environment claim failed to the extent it was based on behavior at an off-duty social event).

Second, even if the alleged conduct had it occurred in the workplace (it did not), Plaintiff's sexual harassment claims are subject to dismissal for the independent reason that Plaintiff does not adequately plead that the Fox Parties can be held liable for Wells' alleged misconduct. To impute Wells' conduct to the Fox Parties, Plaintiff must plead (i) that Wells supervised Plaintiff or (ii) that Fox News knew or should have known of the alleged assault. In the First Amended Complaint, Plaintiff admits that Mykel MacCarthy—not Wells—was his supervisor at Fox News Edge. (FAC ¶¶ 23-24.) In an effort to avoid this fact, Plaintiff's First Amended Complaint makes the vague and conclusory assertion that Wells nevertheless "had an ability" to influence the terms and conditions of Plaintiff's employment. (*Id.* ¶¶ 47-48.) But, this conclusory assertion aside, Plaintiff's First Amended Complaint pleads no *factual* allegations that could plausibly show that Wells, who worked on a Fox News Channel show, possessed any such ability, or that he had any supervisory authority over Plaintiff, who worked for Fox News Edge, a different division of the company.[2] The Fox Parties therefore cannot be liable on this basis. *See Cho v. Osaka Zen Spa*, No. 19 Civ. 7935 (ER), 2021 U.S. Dist. LEXIS 84260, at *8 (S.D.N.Y. May 3, 2021) (holding that conclusory allegations of supervisory status, without more, are insufficient to avoid dismissal).

Plaintiff also fails to plead sufficient facts that would show that Fox News knew—or should have known—about Wells' alleged sexual assault. It is undisputed that the Fox Parties did not know of the alleged assault. At best, Plaintiff alleges that Fox News should have known because it was aware of an unspecified prior allegation of sexual harassment against Wells by an unnamed female employee. (FAC ¶¶ 24, 28, 41.) But Fox News' alleged knowledge that Wells was accused

---

[2] Fox News Edge is Fox News' affiliate news service, primarily providing national, international, and regional content to local affiliate television stations across the country for use in their local newscasts.

of some unspecified form of sexual harassment by an unnamed female employee is insufficient to show that Fox News should have known that Wells would sexually assault a male employee while the two socialized outside of work. *See Doe v. Alsaud*, 12 F. Supp. 3d 674, 681 (S.D.N.Y. 2014) (holding that prior misconduct "must be of the same kind that caused the injury; general, unrelated or lesser allegations of prior wrongdoing are insufficient" to constitute notice). Accordingly, Plaintiff does not plead a basis upon which to impute Wells' conduct to the Fox Parties.

Finally Plaintiff cannot rely on a *quid pro quo* sexual harassment theory to escape dismissal. As noted above, Plaintiff fails to plead any facts plausibly showing that Wells exercised supervisory authority over him, which alone defeats his *quid pro quo* harassment claim. *Maiurano v. Cantor Fitzgerald Sec.*, No. 19 Civ. 10042 (KPF), 2021 U.S. Dist. LEXIS 3762, at *15 (S.D.N.Y. Jan. 8, 2021) (dismissing plaintiff's claim of *quid pro quo* harassment because she failed to plausibly allege that purported harasser exercised supervisory authority over her). The First Amended Complaint also fails to allege that Plaintiff suffered any tangible employment action related to his employment at Fox News. Thus, his *quid pro quo* theory fails for this reason as well. *Ponticelli v. Zurich Am. Ins. Group*, 16 F. Supp. 2d 414, 434 (S.D.N.Y. 1998) (*quid pro quo* claim could not be sustained because there was no evidence of an adverse employment action or causal connection).

For these reasons, as discussed more fully below, Plaintiff does not have viable claims against the Fox Parties. Accordingly, the Fox Parties respectfully request that the Court grant this motion, dismiss the Third and Fourth Causes of Action in Plaintiff's First Amended Complaint, and dismiss the Fox Parties from this lawsuit with prejudice.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

I.     **Procedural Background**

The Fox Parties first alerted Plaintiff to the deficiencies in Plaintiff's Complaint in a December 13, 2023 letter. Plaintiff responded to that letter on December 20, 2023, stating that he would amend his complaint to "add allegations concerning [Plaintiff's] workplace encounters with Defendant Wells as well as Defendant Wells' ability to impact the terms and conditions of his employment." On February 5, 2024, Plaintiff filed his First Amended Complaint (ECF No. 24), which only added conclusory assertions that Wells had some semblance of an ability to influence Plaintiff's working conditions during his employment with Fox News. (FAC ¶¶ 46-48). This led to a second round of letters pursuant to the Court's Individual Practices, which were exchanged between counsel on February 9 and February 16, 2024, respectively. The Fox Parties and Plaintiff then submitted their respective positions to the Court on February 20 and February 27, 2024, respectively. (*See* ECF Nos. 31-32.) In response, the Court set the current briefing schedule, pursuant to which the Fox Parties timely bring this Motion.

II.    **Relevant Factual Background[3]**

A.     **Plaintiff And Defendant Wells Were Acquainted Before Plaintiff Joined Fox News.**

Plaintiff first encountered Wells in or around August 3, 2007—more than a year before he started working as a producer for Fox News Edge—when Wells contacted him via a group on Facebook. (*See* FAC ¶¶ 17-22.) According to Plaintiff, he and Wells were both members of the group, and Wells had previously worked as a producer at Fox 13 Tampa Bay, where Plaintiff was

---

[3] For purposes of this Motion only, the Fox Parties accept the relevant allegations set forth in Plaintiff's First Amended Complaint as true.

employed at the time.[4] (*Id.* ¶ 18.) Wells and Plaintiff exchanged several communications between August 7, 2007 and February 2008, through which Plaintiff expressed his interest in moving to New York City. (*Id.* ¶¶ 17-21.) Plaintiff alleges that Wells encouraged him to move to New York and, at some point prior to September 2008, Plaintiff applied for a position as a Regional Producer for Fox News Edge, which Plaintiff describes as a "division of Fox." (*Id.* ¶¶ 13, 21-22.)

### B. Plaintiff's Employment With Fox News.

Plaintiff commenced employment with Fox News Edge in or around September 2008. (*Id.*) In his role as a Regional Producer, Plaintiff reported to Mykel MacCarthy, the Assistant News Director at Fox News Edge. (*Id.* ¶ 23.) Like Plaintiff, Wells was also a producer, but Wells worked in a different division of Fox News, where he was assigned to a specific program on the Fox News Channel. (*Id.* ¶ 14.) According to Plaintiff's First Amended Complaint, throughout the duration of Plaintiff's employment with Fox News, Wells was a Field Producer on the Fox News Channel program *On the Record*. (*Id.*)

Because Plaintiff and Wells did not work on the same team, or even in the same division (*id.* ¶ 25), their interactions at work were limited. According to Plaintiff, his only interaction with Wells at work was responding to Wells' periodic requests for content that would be included in *On the Record*. (*Id.*) Beyond responding to those requests, Plaintiff's First Amended Complaint does not allege that he and Wells had any interactions in the workplace. And even as to the requests for content, the Complaint makes no assertion that those requests happened with any regularity or required frequent interactions with Wells, something Plaintiff would presumably plead if true.

---

[4] Fox 13 is a local television station that is owned and operated by Fox Television Stations, LLC ("FTS"). FTS is a separate legal entity from Fox News Network, LLC.

**C.     Wells Allegedly Assaults Plaintiff At Wells' Apartment Building During Non-Work Time.**

According to Plaintiff, approximately one month after he started working at Fox News Edge, he agreed to meet Wells and other, unidentified, coworkers at the Barracuda Lounge.[5] (FAC ¶ 28.) Plaintiff alleges that he and Wells agreed to meet at Wells' apartment for drinks before joining the rest of their group. (*Id*. ¶¶ 28-29.) After arriving at Wells' apartment building, Plaintiff alleges that he and Wells went up to Wells' apartment and had a drink. (*Id*. ¶¶ 29-31.) Plaintiff alleges that once in Wells' apartment, Wells made unwanted physical advances toward Plaintiff. (*Id*. ¶¶ 31-33, 36, 37.) According to Plaintiff, he refused Wells' advances, after which Wells agreed that Wells would proceed to Barracuda Lounge to meet the rest of their group. (*Id*. ¶¶ 34, 38, 39.) Plaintiff did not join Wells and instead went home. (*Id*. ¶ 39.)

**D.     Plaintiff Does Not Allege That Wells, Or Anyone Else At Fox News, Engaged In Inappropriate Conduct In The Workplace.**

Following the alleged assault, Plaintiff continued to work for Fox News Edge as a Regional Producer. (*Id*. ¶¶ 45-54.) According to Plaintiff, he continued to "encounter" Wells in the workplace as a result of providing Wells content for *On the Record*. (*Id*. ¶¶ 25, 46.) Plaintiff's First Amended Complaint also includes, with no factual context at all, the conclusory allegations that Wells: "oversaw" his performance of tasks; had the ability to significantly influence and alter the terms and conditions of Plaintiff's employment; had the ability to cause the termination of Plaintiff's employment "due to the hierarchal structure at Fox and [Plaintiff's] low placement on that hierarchy;" and had enough influence to "bring about or prevent" Plaintiff's promotion. (*Id*. ¶¶ 46-47.) Notably, however, the First Amended Complaint does not include any factual allegations that would plausibly show that Wells actually exercised any form of supervisory authority over

---

[5] The Barracuda Lounge is a well-known bar in New York City. *See* Barracuda Lounge - Wikipedia (last visited March 29, 2024).

Plaintiff. By contrast, Plaintiff acknowledges throughout the First Amended Complaint that he reported to MacCarthy, not Wells, that he and Wells did not work in the same division at Fox News, and that he and Wells were both producers. (*Id.* ¶¶ 7, 23-24, 41-43, 47.)

## LEGAL STANDARD

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, courts accept well-pleaded facts as true, disregard any conclusory assertions, and then determine whether the facts alleged are sufficient to show the plaintiff has a "plausible claim for relief on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Labels and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  And, the well-pleaded facts alleged must "permit the court to infer more than the mere possibility of misconduct." *Phoenix Cos. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 585 (S.D.N.Y. 2021) (citing *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679) (internal quotations omitted)). Where, as here, the factual allegations are insufficient to establish a plausible claim against a defendant, dismissal is appropriate.

## ARGUMENT

I. **Plaintiff's Sexual Harassment Claims Against The Fox Parties Fail Because The Challenged Conduct Did Not Occur In The Workplace, And Even If It Had, Plaintiff Pleads No Factual Allegations That Would Impute Wells' Alleged Conduct To The Fox Parties.**

To state a viable sexual harassment claim under the NYSHRL, Plaintiff must plead factual allegations that would plausibly show that the alleged harassment was sufficiently severe or

pervasive to alter the conditions of the victim's employment and create an abusive working environment, and that a specific basis exists to impute the objectionable conduct to the employer. *See Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002); *Schiano v. Quality Payroll Sys*., 445 F.3d 597, 604 (2d Cir. 2006) (holding that hostile work environment "claims under the NYSHRL are generally governed by the same standards as federal claims under Title VII"); *Pratt v. Hustedt Chevrolet*, No. 05-4148 (DRH) (MLO), 2009 U.S. Dist. LEXIS 26312, at *20, n.2 (E.D.N.Y. Mar. 27, 2009) ("Hostile environment claims are governed by the same standards under Title VII and the NYSHRL.")[6] Under the NYCHRL, Plaintiff must plead factual allegations that would plausibly show his work environment was one in which he was "treated less well" than other employees because of his gender. *Bernard v. J.P. Morgan Chase Bank N.A.*, No. 08 Civ. 4784 (THK), 2010 U.S. Dist. LEXIS 10195, at *27 (S.D.N.Y. Feb. 5, 2010). Even here, however, "the NYCHRL is not a general civility code," *Fleming v. MaxMara United States, Inc.*, 644 F. Supp. 2d 247, 268 (E.D.N.Y. 2009), and there must still be a basis upon which an employee's harassing conduct can be imputed to the employer. *Zakrzewska v. New Sch.*, 14 N.Y.3d 469, 479 (2010) (quoting N.Y.C. Admin. Code § 8- 107(13)). The First Amended Complaint fails to sufficiently plead a hostile work environment claim under either the NYSHRL or the NYCHRL because the alleged conduct was unrelated to the workplace and there is no basis to impute the alleged conduct to the Fox Parties.

---

[6] On October 11, 2019, the NYSHRL was amended to eliminate the "severe and pervasive" standard that previously applied to state law claims. The new standard "requires a plaintiff allege that they were subjected to inferior terms, conditions or privileges of employment because of the individual's membership in one or more . . . protected categories." *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*, No. 21 Civ 02512 (CM), 2022 U.S. Dist. LEXIS 31075, at *26 (S.D.N.Y. Feb. 22, 2022) (citing N.Y. Exec. Law § 300). However, the amendment was not retroactive, "meaning that the severe and pervasive standard" applies to Plaintiff's claim because it arose from "conduct predating the effective date of the amendments." *Id.*

**A.** **The First Amended Complaint Does Not Allege Any Sexually Harassing Conduct In Or Related To The Workplace.**

Plaintiff's sexual harassment claims against the Fox Parties fail because Plaintiff has not alleged any facts linking Wells' alleged assault to his work environment. Generally, "[c]onduct wholly outside the workplace has been held insufficient to form the basis for a hostile work environment claim." *Whipple v. Reed Eye Assocs.*, 524 F. Supp. 3d 76, 90 (W.D.N.Y. 2021). For example, in *Devlin v. Teachers' Ins. & Annuity Ass'n of Am.*, No. 02 Civ. 3228 (JSR), 2003 U.S. Dist. LEXIS 5226, at *7 (S.D.N.Y. Apr. 1, 2003), the District Court held that objectionable incidents that allegedly occurred during an after-work party to celebrate a coworker's promotion could not sustain plaintiff's harassment claim "because those actions are not part of the work environment." *See also Feliciano v. Alpha Sector, Inc.*, No. 00 Civ. 9309 (AGS), 2002 U.S. Dist. LEXIS 12631, at *22 (S.D.N.Y. July 11, 2002) (holding that employers are generally not responsible for "hostile sexual acts resulting from non-work-related, off-duty interactions between co-employees"); *McKinney,* 2022 U.S. Dist. LEXIS 35843 at *17 (dismissing harassment claims because "[p]laintiff has not alleged that this conduct, which occurred outside of the workplace, altered the conditions of her employment . . . or that similar conduct has occurred at the workplace"); *Cater v. New York*, No. 17 Civ. 9032, 2019 U.S. Dist. LEXIS 17780, at *18 (S.D.N.Y. Jan. 30, 2019) (dismissing hostile work environment claims because the alleged harasser "engaged solely in non-work related conduct"); *Andersen v. Rochester City Sch. Dist.*, 481 F. App'x 628, 630 (2d Cir. 2012) (holding that plaintiff's hostile work environment claim "fails as a matter of law" because alleged harassment occurred entirely outside of work); *Vereen v. City of New Haven Pub. Works Dep't*, No. 3:17-cv-01509 (VLB), 2018 U.S. Dist. LEXIS 26304, at *4 (D. Conn. Feb. 20, 2018) ("Conduct wholly outside of the workplace has been held insufficient to form the basis of a hostile work environment claim").

The First Amended Complaint is devoid of allegations that Wells engaged in any sexually harassing conduct in the workplace, or in any setting connected to an off-site work activity. Plaintiff admits that the alleged assault occurred at Wells' apartment building during non-working time and was unrelated to any company-sponsored event or business purpose. (FAC ¶¶ 28-39.) Plaintiff and Wells, who knew one another before Plaintiff began his employment with Fox News Edge, were simply meeting up to go to a bar. (*Id*. ¶¶ 17-21.) The fact that other coworkers were also going to the bar does not make this a work-related activity. *McArdle v. Arms Acres, Inc.*, No. 03 Civ. 05721 (PGG), 2009 U.S. Dist. LEXIS 23373, at *54 n.21 (S.D.N.Y. Mar. 23, 2009) (finding that inappropriate conduct that allegedly occurred at a co-worker's party was irrelevant to plaintiff's sexual harassment claim because it occurred outside the workplace); *Devlin*, 2003 U.S. Dist. LEXIS 5226 at *7 (holding that plaintiff's voluntary attendance at an after-work party to celebrate a co-worker's promotion was not part of her work environment even though she "felt the urgency to go because it was the promotion of a director" because defendant did not compel her attendance or supervise and control the event).

Plaintiff cannot avoid the absence of any work connection by vaguely alleging that Wells also "consistently contacted" Plaintiff via phone, email, and internal messaging systems at work. (*Id*. ¶¶ 45-48.) Plaintiff admits that such contact was solely related to the work Plaintiff was "required to perform" in his role at Fox News Edge. (*Id*. ¶ 46.) Nowhere does the First Amended Complaint allege that there was anything improper about the workplace interactions between Plaintiff and Wells, and as such, the First Amended Complaint does not allege any conduct that could give rise to a workplace harassment claim. *See e.g.*, *Whipple*, 2021 U.S. Dist. LEXIS 42962 at *27 (conduct occurring solely outside the workplace cannot give rise to a hostile work environment claim because "what matters in the end is plaintiff's *work* environment") (emphasis

in original); *see also Paola*, 624 F. Supp. 3d at 321 (rejecting plaintiff's argument that harasser's mere presence in the workplace created a hostile work environment because "plaintiff was not harassed while at work").

Because the First Amended Complaint does not allege that there was anything improper about the workplace interactions between Plaintiff and Wells, Plaintiff has not alleged workplace conduct that is "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment" as required to plead a plausible claim of harassment under the NYSHRL. *Cater*, 2019 U.S. Dist. LEXIS 17780 at *18 (dismissing plaintiff's Title VII and NYSHRL claims based "solely [on] non-work related conduct"). Likewise, Plaintiff fails to plead any facts plausibly showing that he was treated "less well" in the workplace as necessary to state a plausible harassment claim under the NYCHRL. *See Torres*, 2019 U.S. Dist. LEXIS 68168, at *17 (plaintiff's NYCHRL hostile work environment claim failed, in part, to the extent it was based on behavior at an off-duty social event). For this reason alone, Plaintiff's hostile work environment claims against the Fox Parties under the NYSHRL and NYCHRL fail as a matter of law, and should be dismissed.

### B.   Plaintiff Fails To Plausibly Allege Facts Establishing That Wells' Alleged Conduct Can Be Imputed To The Fox Parties.

Even if Plaintiff could tie Wells' alleged conduct to the workplace (he cannot), his sexual harassment claims fail for the independent reason that Plaintiff does not plausibly allege any facts showing that the Fox Parties can be held liable for Wells' alleged conduct. Under the NYCHRL, an employee's harassing conduct can only be imputed to an employer where the "offending employee exercised managerial or supervisory responsibility" over the plaintiff, or where the employer knew or should have known of the alleged misconduct and failed to take appropriate corrective action or exercise reasonable diligence to prevent it. *Zakrzewska v. New Sch.*, 14 N.Y.3d

469, 479 (2010); (quoting N.Y.C. Admin. Code § 8- 107(13)). The NYSHRL applies a stricter standard, such that liability for a coworker's misconduct may only be imputed to an employer where "the employer became a party to it by encouraging, condoning, or approving it." *Erasmus v. Deutsche Bank Ams. Holding Corp.*, No. 15 Civ. 1398 (PAE), 2015 WL 7736554, at *8 & n.14 (S.D.N.Y. Nov. 30, 2015). There are no allegations whatsoever to suggest that the Fox Parties encouraged, condoned, or approved of Wells' alleged conduct. Accordingly, for the Fox Parties to be liable, Plaintiff must plead adequately that Wells supervised him or that the Fox Parties knew or should have known of Wells' alleged conduct. He does not sufficiently plead either.

1.  *Plaintiff Does Not Plausibly Allege That Wells Was His Supervisor.*

Plaintiff does not plead sufficient allegations to establish that Wells had supervisory authority over him. Plaintiff admits throughout the First Amended Complaint that Mykel MacCarthy—not Wells—was his supervisor. (*See* FAC ¶¶ 7, 23-24, 41-43, 47.) Even after amending his complaint to address this very issue, Plaintiff fails to plead any *factual* allegations that Wells exercised supervisory authority over him. Instead, Plaintiff vaguely alleges without any factual support that Wells: (1) "oversaw" Plaintiff's performance; (2) was able to significantly influence and alter the terms and conditions of Plaintiff's employment; and (3) could cause the termination, or influence the promotion, of Plaintiff "due to the hierarchical structure of Fox" and Plaintiff's "low placement in that hierarchy." (FAC ¶¶ 45-47). Not only are these allegations false, but they are nothing more than "threadbare recitals of the elements" of supervisory status that are insufficient "to state a plausible claim for relief." *Cho*, 2021 U.S. Dist. LEXIS 84260, at *8 (holding that plaintiff's allegations that her colleagues "had the power to hire and fire employees, to determine employees' salaries, to maintain employment records, to exercise control over [defendant's] operations, and to exercise control over [defendant's] employees" were conclusory allegations that were insufficient to establish supervisory authority).

12

Courts analyzing similar allegations of supervisory authority have routinely rejected them. For example, in *Maiurano*, the court rejected plaintiff's allegation that her purported harasser was "her direct supervisor" because she failed to plead any facts from which the court could infer that he had supervisory authority—"his title and supervision of [p]laintiff's work alone are not sufficient." 2021 U.S. Dist. LEXIS 3762 at *15. Here, other than reciting the legal elements that must be present for a court to find that Wells exercised sufficient supervisory authority to impute workplace harassment to the Fox Parties, the First Amended Complaint does not plead any *factual* allegations plausibly showing that Wells actually had supervisory authority. *See McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d 51, 82 (S.D.N.Y. 2020) (finding allegations that entity "makes hiring and firing decisions for Fox News" and "controls the discipline, pay, insurance, records, and supervision of Fox News" without any further detail to be "naked conclusions unworthy of weight."); *see also Ashcroft*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570) ("[t]o survive dismissal, Plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").

Further, Plaintiff's bare allegation that it is "undeniable" that an employee "at Wells'[] level" could make recommendations regarding "an employee at [Plaintiff's] level" does not suffice to plausibly allege that Wells possessed the requisite supervisory authority. (FAC ¶ 48.) Nowhere in the First Amended Complaint does Plaintiff allege any facts showing that Wells possessed such authority, or that he exercised such authority with respect to Plaintiff's employment at Fox News. *See Lum v. Consol. Edison*, No. 160027/2020, 2021 N.Y. Misc. LEXIS 16321, at *9 (Sup. Ct. Nov. 16, 2021) (dismissing plaintiff's harassment claim under the NYCHRL because the "second amended complaint is devoid of any factual allegations" that the alleged harasser "possessed or exercised managerial or supervisory responsibility over plaintiff"). Plaintiff's speculation about the

authority that Wells might have had is insufficient to transform Wells into a supervisor for the purpose of his hostile work environment claims against the Fox Parties. *See Lange v. Town of Monroe*, 213 F. Supp. 2d 411, 423 (S.D.N.Y. 2002) (holding that plaintiff's "unsubstantiated declaration" that defendant had "political clout" to turn her actual supervisor against her was insufficient to establish that defendant was her supervisor).

The implausibility of Plaintiff's allegations is also evidenced by the First Amended Complaint's other allegations, which directly contradict Plaintiff's supervisory authority claim. Specifically, Plaintiff repeatedly admits that MacCarthy, not Wells, was his supervisor. (FAC ¶¶ 7, 13-15, 23-24, 41-43, 47.) He also identifies himself as a Regional Producer with Fox News Edge, while alleging that Wells was a Field Producer on a different team in a different division of Fox News. (FAC ¶¶ 13-15.) Thus, Plaintiff's conclusory claim that Wells had any purported supervisory authority over him is unreasonable under any reading of the First Amended Complaint. The FAC shows that Plaintiff and Wells both held producer titles, and each worked for a different part of Fox News. *See Rubert v. King*, No. 19-CV-2781 (KMK), 2020 U.S. Dist. LEXIS 177648, at *19, n.5 (S.D.N.Y. Sep. 24, 2020) (rejecting plaintiff's conclusory argument that an employee in a different department "had authority over him").

2.     *Plaintiff Does Not Plead That Fox News Knew Of The Alleged Assault Or Should Have Known Of Well's Propensity To Commit Such An Act.*

Similarly, the First Amended Complaint does not include any allegations that Fox News knew of Wells' alleged assault or should have known that Wells was likely to commit such an act. It is undisputed that the Fox Parties had no actual knowledge of the alleged assault. Plaintiff admits that he never complained to Fox News about Wells' alleged assault, or any other conduct, during his employment. (*See* FAC ¶ 8.) Plaintiff, therefore, cannot rely on actual knowledge to impute Wells' conduct to the Fox Parties. *See Zolondek v. Worldwide Flight Servs*., No. 02 CV 2030

(DLI)(LB), 2006 U.S. Dist. LEXIS 95711, at *42 (E.D.N.Y. Aug. 28, 2006) (because plaintiff failed to complain of the alleged harassment, she "cannot impute [the alleged harasser's] conduct to the employer").

Nor has Plaintiff sufficiently pled that Fox News somehow should have known that Wells was predisposed to such actions. Plaintiff attempts to argue constructive knowledge based solely on the allegation that Fox News was aware of an allegation of unspecified sexual harassment against Wells by an unidentified female employee at some unknown time prior to October 2008.[7] (FAC ¶¶ 24, 28, 41.) But Fox News' alleged knowledge of this alleged complaint is insufficient to show that Fox News should have known that Wells had a propensity to (1) commit *sexual assault* and (2) to engage in such conduct against a *male* employee. *See Alsaud*, 12 F. Supp. 3d at 681 (holding that  prior misconduct "must be of the same kind that caused the injury; general unrelated or lesser allegations of prior wrongdoing are insufficient" to constitute notice). In *Ferris*, the Second Circuit recognized that an employer's knowledge of less egregious off-duty conduct does not put an employer on notice that that the employee has a proclivity to commit sexual assault.[8] 277 F.3d at 138 (holding that notice of prior "off-duty flirtation, sexual innuendo, or crude talk" is not likely sufficient to provide notice that "the person will represent a danger to co-employees or import his harassment into the work environment and therefore does not give rise to an employer's duty to protect co-workers"). Thus, even taken as true, Plaintiff's allegation that Wells was previously accused of sexual harassment against a female employee is insufficient to demonstrate

---

[7] Surely if Delancey believed the facts of this alleged complaint were sufficiently similar to put Fox News on notice that Wells was likely to commit the sexual assault Delancey alleges, he would have pled those facts in his Complaint. This is especially so after the Fox Parties served Delancey with two letters describing this clear pleading deficiency.

[8] The FAC also alleges that Wells purportedly admitted to the alleged harassment in a letter to Fox News. (FAC at ¶ 41.) Thus, Plaintiff's own allegations show that Fox News investigated and took action in response to the prior accusation of harassment against Wells.

that Fox News should have known that Wells' had a proclivity to commit sexual assault against male colleagues.[9]

On the face of the First Amended Complaint, Plaintiff lacks any basis to impute Wells conduct to the Fox Parties, and his sexual harassment claims should be dismissed.

### C.   Plaintiff Cannot Rely On A *Quid Pro Quo* Theory Because Wells Was Not His Supervisor And Plaintiff Did Not Suffer A Tangible Employment Action.

Plaintiff's attempt to plead a claim of *quid pro quo* harassment fails for the same reasons discussed above—Wells was not Plaintiff's supervisor and did not have supervisory authority over him. *See Heskin v. InSite Advert., Inc.*, No. 03 Civ. 2508 (GBD)(AJP), 2005 U.S. Dist. LEXIS 2546, at *59 (S.D.N.Y. Feb. 22, 2005) ("The law of quid pro quo sexual harassment requires that the alleged harasser is the supervisor who affects the conditions of employment.") Plaintiff's *quid pro quo* harassment claim also fails because Plaintiff has not alleged that he suffered a tangible employment action as is required to state a plausible harassment claim. *Schiano*, 445 F.3d at 604 (plaintiff "must show a tangible employment action, i.e., that an explicit . . . alteration in the terms or conditions of employment resulted from [her] refusal to submit to [her supervisor's] sexual advances") (internal quotations omitted).

In an attempt to overcome these fatal flaws, Plaintiff alleges that his career at Fox News was "halted" after Wells' alleged assault, and that Wells prevented him from getting a job at WNBC—a local news station unaffiliated with Fox News. (FAC ¶¶ 48-49.) Other than his rank speculation, however, Plaintiff fails to plead any factual allegations showing that Wells was the

---

[9] Plaintiff's allegations of sexual misconduct by other Fox News employees also have no bearing on the Company's purported knowledge of Wells' alleged proclivity for sexual assault. *See Doe v. Uber Techs., Inc.*, 551 F. Supp. 3d 341, 362 (S.D.N.Y. 2021) (holding that plaintiff's claims of misconduct by other drivers failed to state a claim because those allegations were not specific to the driver at issue); *Hill v. Rayboy-Brauestein*, 467 F. Supp. 2d 336, 360 (S.D.N.Y. 2006) ("When a person only makes general allegations that [other employees] are treated differently in the workplace, those allegations are insufficient to support a hostile work environment claim.").

cause of his allegedly halted career (or that his career was, in fact, actually halted) or that Wells had any role in WNBC's decision not to hire him. Such vague and speculative assertions "without supporting factual allegations, . . . are not entitled to a presumption of truth." *Williams v. Victoria's Secret*, No. 15 Civ. 4715 (PUG)(JLC), 2017 U.S. Dist. LEXIS 45813, at *22 (S.D.N.Y. Mar. 28, 2017); *Ingram v. Nassau Health Care Corp.*, No. 17-CV-05556 (JMA)(SIL), 2019 U.S. Dist. LEXIS 49374, at *14-15 (E.D.N.Y. Mar. 25, 2019) ("vague and speculative allegations fail to give rise to an inference of discriminatory motivation"). Plaintiff simply fails to plead any facts plausibly showing that he suffered a tangible employment action with respect to his employment at Fox News. For example, Plaintiff does not allege he was passed over for a promotion or raise, that he was terminated, or any other decision "causing a significant change in benefits." *Klymn v. Monroe Cty. Supreme Court*, 641 F. Supp. 3d 6, 25 (W.D.N.Y. 2022) (granting defendant's motion to dismiss where plaintiff failed to allege any facts showing that she suffered "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits").

Because the First Amended Complaint does not contain any *factual* allegations showing that Wells exercised supervisory authority over Plaintiff, or that Plaintiff suffered a tangible employment action, his *quid pro quo* sexual harassment claims against the Fox Parties fail. *See Maiurano v. Cantor Fitzgerald Sec.*, 2021 U.S. Dist. LEXIS 3762, at *15 (dismissing plaintiff's hostile work environment and *quid pro quo* harassment claims because plaintiff failed to allege any facts showing that the alleged harasser exercised supervisory authority over her or that her termination was "the result of a *quid pro quo* situation").

**II.     Plaintiff's Claims Against Fox Corporation Must Be Dismissed Because Plaintiff Fails To Plead Any Factual Allegations Showing That He Was Employed by Fox Corporation.**

Plaintiff's claims against Fox Corporation fail for the additional reason that Plaintiff does not sufficiently allege that Fox Corporation was his employer. To plead a claim of harassment under the NYSHRL and the NYCHRL, Plaintiff must allege an employment relationship between himself and each defendant. *McHenry v. Fox News Network, LLC*, 510 F. Supp. 3d at 80 (citing *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014) (an employment relationship is required to sustain Title VII and analogous NYCHRL claims)); *Ruiz v. New Avon LLC*, No. 18-CV-9033, 2019 U.S. Dist. LEXIS 161457, at *36 (S.D.N.Y. Sept. 22, 2019) ("To plead a claim under the NYSHRL and NYCHRL, a plaintiff must allege an employment relationship between the plaintiff and defendant.") Plaintiff has not pled that he had any relationship with Fox Corporation whatsoever, let alone an employment relationship. As a result, he has not satisfied his pleading burden with respect to Fox Corporation.

Indeed, across the 90-paragraph First Amended Complaint, Plaintiff references Fox Corporation explicitly in only one paragraph, and that reference simply purports to identify Fox Corporation's citizenship, alleged relationship with Fox News, and alleged pretax income. (FAC ¶ 15.) This paragraph does not allege the existence of an employment relationship between Fox Corporation and Plaintiff.[10] From there, without any further allegations to support that Fox Corporation is responsible for the conduct alleged and without differentiating between Fox Corporation and Fox News, Plaintiff concludes that he was "employed by the Fox Defendants." This conclusory assertion is insufficient to plead an employment relationship with Fox Corporation, and the Second Circuit has found that lumping defendants together in this way fails

---

[10] By contrast, Plaintiff alleges that he was "a Regional Producer with Fox News Edge," which he describes as a "division of Fox News." (FAC ¶¶ 13, 22.)

to satisfy Rule 8's minimum pleading standard. *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (affirming dismissal of complaint because, "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum [pleading] standard"); *see also Appalachian Enters v. ePayment Solutions, Ltd.*, No. 01 CV 11502, 2004 U.S. Dist. LEXIS 24657, at *22 (S.D.N.Y. Dec. 7, 2004) (dismissing complaint when plaintiff failed to satisfy the minimum pleading standard by grouping together all the defendants and failing to distinguish their conduct); *Medina v. Bauer*, No. 02-cv-8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) (dismissing claims against defendants that were specifically named in just three allegations and otherwise referred to collectively with other defendants because "[b]y lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8").

In fact, Plaintiff could not possibly allege facts to support a viable claim against Fox Corporation because Fox Corporation was not formed until 2018—eleven years after Plaintiff's employment with Fox News ended.[11] (*See* FAC ¶ 56); Delaware Secretary of State entity search, available at https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited March 15, 2024.) Plaintiff cannot avoid this result by arguing (as he said he will do) theories of successorship liability, de facto merger, parent-subsidiary liability, and/or the integrated employer analysis. (*See* ECF No. 32 at 2.) Indeed, there are no factual allegations anywhere in the First Amended Complaint to support these theories. *See Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 219 (S.D.N.Y. 2010) (a plaintiff "must plead enough facts so that the claim

---

[11] The date of incorporation is easily found through public records on the Delaware Secretary of State's website and therefore may be considered on a motion to dismiss. *See BBF Partners LLC v. Mon Ethos Pro Consulting LLC*, No. 20-CV-5544 (RPK) (MMH), 2022 U.S. Dist. LEXIS 36835, at *7 (E.D.N.Y. Mar. 2, 2022) (holding that the court may take judicial notice of records on the New York Secretary of State's website when ruling on a motion to dismiss).

is facially plausible and gives fair notice to defendants of [his] theory of employer liability"). For example, Plaintiff includes no allegations that he was employed by a predecessor entity; nor does he plead any facts to suggest Fox Corporation and Fox News are an integrated employer. And having failed to plead factual allegations to support that Fox Corporation was his employer or is otherwise liable—even after being put on notice of this exact issue and amending the Complaint—the claims against Fox Corporation fail as a matter of law.

## <u>CONCLUSION</u>

There is no basis to impose liability on the Fox Parties. Plaintiff's First Amended Complaint does not include any factual allegations connecting Wells' alleged assault to Plaintiff's work environment; does not include factual allegations that Wells was Plaintiff's supervisor; and does not include any factual allegations plausibly showing that Fox News (or Fox Corporation) knew of the alleged conduct or that any Fox Party should have known of such conduct. Plaintiff also fails to allege facts that would allow him to avail himself to a *quid pro quo* theory. Therefore, Plaintiff's First Amended Complaint fails to state plausible claims of sexual harassment under either the NYCHRL or NYSHRL, and those claims must be dismissed. Plaintiff's claims against Fox Corporation also fail for the simple reason that it never employed Plaintiff and did not even exist until more than a decade after Plaintiff left Fox News' employ. Accordingly, the Fox Parties respectfully request that the Third and Fourth Causes of Action be dismissed with prejudice, and that Fox Corporation and Fox News be dismissed from this lawsuit with prejudice.

Dated: New York, New York            BAKER & McKENZIE LLP
       April 2, 2024

*/s/ Paul C. Evans*

Paul C. Evans
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4336
Fax: (212) 310-1600
paul.evans@bakermckenzie.com

Krissy Katzenstein
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4364
Fax: (212) 310-1600
krissy.katzenstein@bakermckenzie.com

*Attorneys for Defendants*