**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANDREW DELANCEY,

              *Plaintiff*,

    -against-

JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC

              *Defendants*.

---

Case No. 1:23-CV-10357(AT)

**DEFENDANT FOX NEWS NETWORK, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Paul C. Evans
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 318.6009
Fax: (212) 319-4090
paulevans@paulhastings.com


Krissy Katzenstein
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
Tel.: (212) 318.6016
Fax: (212) 319-4090
krissykatzenstein@paulhastings.com

*Attorneys for Defendant Fox News Network, LLC*

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................. 1

II.   RELEVANT BACKGROUND ........................................................................ 3

III.  LEGAL STANDARD ....................................................................................... 7

IV.   ARGUMENT .................................................................................................... 8

      A.    Plaintiff Seeks Irrelevant, Overbroad, And Harassing Discovery
           Concerning Complaints Made By Or Against Any Current Or
           Former Employee Over An Eight-Year Period (Interrogatory 13;
           Requests 27-29). ........................................................................................ 9

      B.    Plaintiff Seeks Irrelevant, Overbroad, And Harassing Information
           Regarding All Complaints Relating To Mr. Wells And Mr.
           MacCarthy (Interrogatories 11, 12, 14; Requests 30-35 and 41)............. 11

      C.    Plaintiff Seeks Irrelevant And Harassing Information Relating To
           Mr. Wells' and Mr. MacCarthy's Respective Employments With
           Fox News (Request 9, 12, 37, 38, 39)...................................................... 14

      D.    Plaintiff's Requests For Communications From November 2023
           To Present—Fifteen-Plus Years After The Alleged Incident Giving
           Rise To Plaintiff's Claims—Seek Irrelevant Information And Are
           Intended To Uncover Litigation Strategy (Requests 7, 72-78)................ 17

      E.    Plaintiff's Harassing Requests Relating To Fox Corporation,
           Twenty-First Century Fox And News Corporation Have No
           Relevance To The Claims And Defenses In This Case
           (Interrogatories 16-18; Requests 48-64). ................................................ 19

V.    CONCLUSION................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**   **Page(s)**

*Alexander v. New York City Dep't of Educ.*,
   339 F.R.D. 372 (S.D.N.Y. 2021) ........................................................................16

*Chen-Oster v. Goldman, Sachs & Co.*,
   293 F.R.D. 557 (S.D.N.Y. 2013) ........................................................................11

*Cohen v. City of New York*,
   No. 05 Civ. 6780, 2010 WL 1837782 (S.D.N.Y. May 6, 2010)................................7

*Curtis v. Citibank, N.A.*,
   70 F. App'x 20 (2d Cir. 2003) ........................................................................11

*Doe v. Abdulaziz Bin Fahd Alsaud*,
   12 F. Supp. 3d 674, 680 (S.D.N.Y. Apr. 3, 2025) ....................................................10

*Fleming v. City of N.Y.*,
   233 F. Supp. 2d 613 (S.D.N.Y. 2002)....................................................................10

*Gambale v. Deutsche Bank AG*,
   377 F.3d 133 (2d Cir. 2004)........................................................................7

*GMA Accessories, Inc. v. HMY Jewelry, Inc.*,
   No. 20 Civ. 11126, 2021 WL 1885260 (S.D.N.Y. May 11, 2021)............................8

*Gunning v. N.Y. State Justice Ctr. for the Prot. of People with Special Needs*,
   No. 19-CV-1446, 2022 WL 783226 (N.D.N.Y. Mar. 15, 2022) ......................................13, 16

*Mayo-Coleman v. Am. Sugar Holding, Inc.*,
   No. 14-CV-0079, 2016 WL 4533564 (S.D.N.Y. Aug. 9, 2016)............................11

*In re N.Y. Racing Ass'n*,
   No. 2016 Bankr. LEXIS 3746 (Bankr. S.D.N.Y. Oct. 17, 2016) ..........................2, 7

*O'Bar v. Borough of Naugatuck*,
   No. 01-cv-867, 2002 U.S. Dist. LEXIS 27372 (D. Conn. Apr. 8, 2002)................................16

*O'Rear v. Diaz*,
   No. 24 Civ. 1669, 2024 WL 4903722 (S.D.N.Y. Nov. 27, 2024) ..........................10

*Orillaneda v. French Culinary Inst.*,
   No. 07 Civ. 3206, 2011 WL 4375365 (S.D.N.Y. Sept. 19, 2011)............................8

*Othon v. Wesleyan Univ.*,
   No. 18-CV-00958, 2019 WL 13291272 (D. Conn. Nov. 25, 2019) ........................10

*Palumbo v. Shulman*,
    No. 97 Civ. 4314, 1998 WL 436367 (S.D.N.Y. July 24, 1998) ................................7

*Safo v. Singh*,
    No. 19-cv-3779, 2024 WL 1478893 (S.D.N.Y. Apr. 5, 2024) ..............................2, 8

*Sundaram v. Brookhaven Nat'l Lab.*,
    No. 94-CV-2330, 1996 WL 563829 (E.D.N.Y. Mar. 11, 1996)...............................10

*Torgovnick v. SoulCycle Inc.*,
    No. 17 Civ. 1782, 2018 WL 5318277 (S.D.N.Y. Oct. 29, 2018) ...........................13

*U.S. Bank, N.A. v. Charitable Donor Advised Fund, L.P.*,
    No. 21-cv-11059, 2024 WL 3893533 (S.D.N.Y. Feb. 1, 2024) .............................20

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(A) .........................................................................................7

N.Y. C.P.L.R. § 214-j .................................................................................................3

I.    **INTRODUCTION**

Plaintiff Andrew Delancey, who last worked for Fox News Network, LLC ("Fox News") in September 2010, asserts sexual harassment claims against Fox News premised on an alleged sexual assault by his then-friend and co-worker, Justin Wells, which Plaintiff contends occurred at Mr. Wells' apartment during non-working hours in October 2008, one month after Plaintiff began working for Fox News. Despite the limited time frame and narrow factual allegations giving rise to Plaintiff's claims, he served on Fox News *96* far-reaching discovery requests seeking information from a time frame that spans decades and on topics having nothing to do with the alleged October 2008 sexual assault, including requests for irrelevant personal information and about entities that are not parties to this case. The overbroad and improper requests do not seek information relevant to Plaintiff's claims but instead on their face are designed to harass and embarrass Fox News. That purpose is further evidenced by Plaintiff's unwillingness to compromise during the parties' meet and confer discussions. To address the appropriate scope of discovery in this case, Fox News now moves for a protective order.

Plaintiff asserts claims against Fox News under New York State and New York City human rights laws prohibiting sexual harassment. Under those laws, to establish liability against Fox News as Plaintiff's employer, Plaintiff must prove either that Fox News knew or should have known that Mr. Wells had a propensity to engage in the alleged misconduct at or before the time of the alleged assault or that Mr. Wells was Plaintiff's supervisor. Fox News has already agreed to provide information that might be relevant to those issues. But Plaintiff will not agree to keep discovery focused on information relevant to his claims. Plaintiff's improper discovery requests seek five categories of information: (1) *eight-years* (from 2004 to 2012) of information relating to any formal or informal internal or external reports, complaints, charges, allegations, arbitrations, or lawsuits concerning sex-based harassment, retaliation, assault, or battery by or against any

current or former employee of Fox News; (2) **twenty-six years** of information relating to any formal or informal complaint (including internal complaints, lawsuits, administrative charges, complaints with government or law enforcement agencies, or arbitrations) against Mr. Wells or Plaintiff's former supervisor, Mykel MacCarthy, irrespective of the nature of the complaint; (3) irrelevant personal information concerning Mr. Wells and Mr. MacCarthy; (4) communications from November 2023 and later with or about Mr. Wells, Mr. MacCarthy, or Plaintiff, regardless of the topic; and (5) broad-ranging information about a variety of corporate entities other than Fox News, which are not parties to this case, and corporate transactions that have no bearing on Plaintiff's claims.

As detailed below, the discovery sought by each category of requests far exceeds that which is permitted by courts in similar cases and serves no purpose other than to harass, embarrass, and unnecessarily burden Fox News. Indeed, despite Fox News' repeated, good faith meet and confer efforts, Plaintiff has never articulated a legitimate explanation of the relevance of the discovery for which Fox News seeks a protective order. Instead, Plaintiff has taken the position that the requested information is relevant because he has asked for it. That is not the applicable standard, and it is not good faith. Relevance is a threshold issue, and where, as here, overbroad, burdensome, and harassing written discovery requests far exceed the bounds of relevance, courts grant protective orders precluding the discovery. *Safo v. Singh*, No. 19-cv-3779, 2024 WL 1478893, at *3 (S.D.N.Y. Apr. 5, 2024) (granting defendant's motion for protective order where plaintiff's requests for production of documents sought irrelevant information); *In re N.Y. Racing Ass'n*, No. 2016 Bankr. LEXIS 3746, at *43-44 (Bankr. S.D.N.Y. Oct. 17, 2016) ("The showing of 'good cause' required under Rule 26(c) is predicated on the documents or information sought being relevant in the first place to the dispute being adjudicated.").

Accordingly, because Plaintiff's requests seek irrelevant information and are designed to harass and embarrass, Fox News respectfully requests that the Court grant a protective order, confirming that no further response to Plaintiff's requests or additional production is required.

## II.    RELEVANT BACKGROUND

Plaintiff worked for Fox News for two years, between September 2008 and September 2010.  On November 22, 2023, he initiated this action by filing a Notice and Summons (but no complaint) in New York State Court, availing himself of the New York State Adult Survivors Act ("ASA") to make timely his otherwise time-barred claims.[1]  The Notice and Summons identified as defendants Fox News, Fox Corporation, and Mr. Wells.  The Fox Parties[2] timely removed the action to federal court, and on December 4, 2023, Plaintiff filed a complaint seeking to hold his former employer, Fox News, liable for an alleged assault that occurred in 2008, during non-working hours, at a non-work location—the apartment of Plaintiff's then-friend, Mr. Wells, who also worked for Fox News.  (ECF Dkt. 8.)  Plaintiff sought to hold the Fox Parties liable under the New York State Human Rights Law and the New York City Human Rights Law as Mr. Wells' employer at the time of the alleged assault.

The Fox Parties moved to dismiss Plaintiff's Complaint on April 2, 2024, on two grounds: (1) Plaintiff failed to plead factual allegations that, if true, would be sufficient to hold either Fox News or Fox Corporation liable as Plaintiff's employer for the alleged sexual assault by Mr. Wells at Mr. Wells' apartment; and (2) the failure to plead factual allegations to plausibly establish that Fox Corporation employed Plaintiff.  (ECF Dkt. 36.)  On February 21, 2025, the Court granted in

---

[1]    The ASA, enacted in May 2022, amended state law to allow alleged victims of sexual offenses for which the statute of limitations had lapsed to file civil suits for a one-year period, from November 24, 2022 to November 24, 2023.  N.Y. C.P.L.R. § 214-j.

[2]    Plaintiff also named Fox Corporation as a defendant even though it did not come into existence until 2018, eight years after Plaintiff's employment with Fox News ended and ten years after the alleged assault.  Fox News and Fox Corporation are referred to collectively herein as the "Fox Parties."

part and denied in part the Fox Parties' motion to dismiss, concluding that Plaintiff failed to plead that Fox Corporation employed Plaintiff and dismissing (without prejudice) the claims as to Fox Corporation but allowing the claims to proceed as to Fox News.  (ECF Dkt. 54.)  Mr. Wells answered the complaint.  (ECF Dkt. 29.)

After the Court denied the Fox Parties' request to stay discovery pending a decision on the motion to dismiss, discovery began and the Fox Parties proceeded in good faith.  On May 10, 2024, the parties exchanged written discovery requests.  (Declaration of Krissy Katzenstein ("Katzenstein Decl.") ¶ 4.)  For his part, Plaintiff served *96 requests on Fox News* and *91 requests on Fox Corporation*.  (*Id.*)  These requests sought irrelevant, overbroad, and harassing information such as all documents, communications, and ESI concerning *any* reports, complaints, charges, allegations, arbitrations, or lawsuits involving sex-based harassment, retaliation, assault, or battery brought by any current or former employee over an eight year period; *any* complaints against Mr. Wells or Mr. MacCarthy, irrespective of the nature of the complaint, during their entire employments with Fox News—even though Mr. Wells worked at Fox News for nearly 13 more years after Delancey left the company in 2010; documents concerning personal employee information, including information relating to Mr. Wells' departure from Fox News in mid-2023 and any and all contracts between Mr. Wells and Fox News; and information concerning the formation of corporate entities, mergers, and the Fox Parties' corporate structures.  (*See* Katzenstein Decl., **Exhibit 1** (Plaintiff's First Set of Interrogatories); **Exhibit 2** (Plaintiff's First Set of Document Requests).)

On July 3, 2024, the Fox Parties served their responses to Plaintiff's discovery requests.  (*See Id.*, **Exhibit 3** (Fox News' Responses to Plaintiff's First Set of Interrogatories); **Exhibit 4** (Fox News' Responses to Plaintiff's First Set of Document Requests).)  Plaintiff did not identify

any alleged deficiencies in these responses until 11:37 p.m. on August 12, 2024—nearly six weeks after the responses were served—when he sent an 8-page letter that contained few explanations of and no authority for his positions. (*Id*., **Exhibit 5**.) He then demanded that the Fox Parties meet and confer regarding these issues approximately 12 hours later during a meet and confer already scheduled for August 13, 2024 to discuss a draft protective order. (*Id.* ¶ 7.) During this discussion, Plaintiff again had no authority for his positions, and instead, argued that he was entitled to the information because he requested it. (*Id.* ¶ 8.) Fox News agreed to produce documents in response to requests to which it did not object, subject to Plaintiff's agreement to treat the materials as confidential pending entry of a protective order. (*Id.* ¶ 12.)

Following the meet and confer, Plaintiff insisted that the Fox Parties provide their positions on certain issues raised in his letter by close of business two days later (August 15), with the ultimatum that he would file a motion to compel with the Court immediately in the absence of a response. (*Id.* ¶ 9.) Plaintiff also demanded that the Fox Parties respond to the remainder of the issues raised in his August 12, 2024 letter by August 23, 2024. (*Id.* ¶ 10.) In an effort to engage in good faith in the meet and confer process, the Fox Parties provided their positions regarding these issues, and in some cases, proposed compromises, in letters dated August 15, 2024 and August 27, 2024. (*Id.*, **Exhibits 6, 7**.) In addition, on August 28, 2024, the Fox Parties made an initial document production to Plaintiff through a secure file transfer. Plaintiff did not respond to either letter.

Over three months later, on December 4, 2024, Plaintiff finally resurfaced, but not to engage with the Fox Parties concerning the letters and their objections to the written discovery requests. Instead, Plaintiff served Rule 30(b)(6) notices on Fox News and Fox Corporation seeking by testimony the same information sought in the objectionable written discovery requests and

declaring that he would "be filing a motion to compel on the unresolved discovery issues."[3]  (*Id.*, **Exhibit 8**.)  The Fox Parties requested a call to discuss the threatened motion to compel as they were unaware of what issues remained given Plaintiff's failure to respond to their August 2024 meet and confer letters.  (*Id.* ¶ 14.)

When the parties met on December 11, 2024, Plaintiff's counsel was unprepared to explain the specific discovery he intended to compel.  (*Id.* ¶ 15.)  Plaintiff's counsel also asked that the Fox Parties resend their August 28, 2024 production because Plaintiff was not able to access it as the secure file link had expired.  (*Id.*)  Plaintiff's counsel then followed up with an email on December 13, 2024, setting out the remaining disputes from Plaintiff's perspective and stating that he would seek a 45-day extension of the discovery deadlines to avoid briefing these months-old disputes over the holidays.  (*Id.*, **Exhibit 9**.)  The Fox Parties took no position on any extension as additional time did not address the more fundamental issue—that the discovery sought is improper.  In an effort to resolve the remaining disputes expeditiously, the Fox Parties set out their positions and proposed compromises in a December 23, 2024 email.  (*Id.*, **Exhibit 10**.)

On December 27, 2024, counsel for Plaintiff proposed a two-hour window when he could be available for a call later that day and asked the Fox Parties' to respond to the points that "Fox needed to get back to Plaintiff on in writing."  (*Id.*, **Exhibit 11**.)  Counsel for the Fox Parties clarified that the Fox Parties' December 23, 2024 email addressed all points and made herself available during Plaintiff's counsel's two-hour window.  (*Id.*)  During the December 27, 2024 call, Plaintiff's counsel acknowledged that the Fox Parties had responded to all points in their December

---

[3]  Because Plaintiff's Rule 30(b)(6) notice to Fox News is duplicative of his written discovery requests, it is subject to the same objections.  Fox News served objections to the notices on December 23, 2024, and invited a meet and confer as required by the Rule, but Plaintiff has not engaged.

23 email and said he would respond in writing.  (*Id.* ¶ 19.)  As of the date of this filing, he still has not done so.  (*Id.*)

To obtain resolution of the remaining discovery disputes, after more than six months of fits and starts, Fox News filed a pre-motion letter with the Court on February 5, 2025, requesting permission to file this motion for protective order.  (ECF Dkt. 52.)  In addition, even though Plaintiff never responded to the compromises Fox News proposed in the December 23 2024 email, Fox News has prepared and will provide supplemental discovery responses and an additional document production to effectuate its proposal.[4]  (Katzenstein Decl. ¶ 20.)

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1)(A), upon a showing of good cause, a court has discretion to enter a protective order forbidding the disclosure of discovery when necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden and expense."  Fed. R. Civ. P. 26(c)(1)(A); *see also Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004); *Palumbo v. Shulman*, No. 97 Civ. 4314, 1998 WL 436367, at *5-6 (S.D.N.Y. July 24, 1998).  While a party requesting a protective order bears the burden of demonstrating "that good cause exists for issuance of that order," the party seeking discovery bears the "burden of demonstrating relevance."  *Cohen v. City of New York*, No. 05 Civ. 6780, 2010 WL 1837782, at *2 (S.D.N.Y. May 6, 2010) (citation omitted).

On a motion for protective order, relevance is a threshold issue as any required showing of "good cause" is "predicated on the documents or information sought being relevant."  *See In re N.Y. Racing Ass'n*, No. 06-12618, 2016 Bankr. LEXIS 3746, at *43-44 (Bankr. S.D.N.Y. Oct. 17,

---

[4]    Having heard nothing from Plaintiff regarding Fox News' compromises, Fox News presumes that they are acceptable and is not burdening the Court with those disputes; however, Fox News reserves all rights, including as to Interrogatories 9, 10, 15, Requests 1, 4, 5, 17, 36, 43, 46, in the event that Plaintiff seeks to compel discovery not covered by this motion.

2016) ("The showing of 'good cause' required under Rule 26(c) is predicated on the documents or information sought being relevant in the first place to the dispute being adjudicated. . . . Thus, '[a]n overly broad request may justify issuance of a protective order precluding irrelevant discovery.'") (citing *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 24, 27 (D. Conn. 2003) (other internal citations omitted)). When disputed discovery seeks disclosure of irrelevant information, courts in the Second Circuit have routinely held that a protective order is appropriate under Fed. R. Civ. P. 26(c). *Safo*, 2024 WL 1478893, at *3 (granting defendant's motion for protective order that it not be obligated to respond to plaintiff's requests for production of documents because the requests sought irrelevant information); *see also Orillaneda v. French Culinary Inst.*, No. 07 Civ. 3206, 2011 WL 4375365, at *9 (S.D.N.Y. Sept. 19, 2011) (same).

Accordingly, a protective order is warranted where, as here, the requested discovery seeks irrelevant information, which is intended to harass, embarrass, and impose undue burden and expense.

## IV.    **ARGUMENT**

Plaintiff's theory of liability as to his former-employer Fox News, for an alleged sexual assault that occurred in October 2008 at the apartment of Mr. Wells, is premised on two alternative arguments—(1) Fox News is liable because Mr. Wells' was Plaintiff's supervisor; or (2) Plaintiff and Mr. Wells were coworkers, and Fox News is liable because it knew or should have known that Mr. Wells had a propensity to engage in the alleged sexual misconduct at or before the time of the alleged assault. Neither theory has any merit, as the factual record will establish. And, as described below, under either theory, the far-reaching discovery Plaintiff seeks is irrelevant to these narrow issues, and on its face, is designed to harass, embarrass, and burden Fox News. Fox News therefore respectfully requests that the Court issue a protective order.

A.    **Plaintiff Seeks Irrelevant, Overbroad, And Harassing Discovery Concerning Complaints Made By Or Against Any Current Or Former Employee Over An Eight-Year Period (Interrogatory 13; Requests 27-29).**

There is no basis for the widespread discovery Plaintiff seeks regarding people and alleged events that have no relationship to Plaintiff or his claims. Plaintiff demands "all documents, communications, and/or ESI concerning any formal or informal reports, complaints, charges, allegations, arbitrations, or lawsuits concerning sex-based harassment, retaliation, assault, or battery by or against any current or former employees of the Fox Defendants from September 1, 2004, through September 1, 2012, who worked in the State of New York."[5]  (See Request 27; Interrogatory 13[6]).  He also seeks all documents, communications, and/or ESI concerning the investigations and resolutions of any such complaints.  (See Requests 28, 29.)

These wildly overbroad and burdensome requests for "all documents, communications and/or ESI" are in no way tethered to the claims at issue in this case, which arise from an alleged sexual assault by Mr. Wells at Mr. Wells' apartment in 2008.  They do not bear on whether Mr. Wells supervised Plaintiff or what Fox News knew or should have known about Mr. Wells. Instead, they appear intent on harassing and embarrassing Fox News.  They seek information over an eight-year period during which Plaintiff worked in a single Fox News division for just two years—September 2008 to September 2010.[7]  They seek information far beyond allegations of sexual assault—which is the crux of Plaintiff's claims.  And they are in no way focused on individuals who are similarly situated to Plaintiff.  In fact, the requests undeniably include

---

[5] `    This request is effectively a request for company-wide information.  For example, today, approximately 70% of Fox News workforce works in the State of New York.  (Katzenstein Decl. ¶ 3.)

[6]    Interrogatory 13 is broader insofar as it seeks information for Fox News, Fox Corporation, Twenty-First Century Fox Inc., and News Corporation and their affiliates and subsidiaries.

[7]    Plaintiff worked as a regional producer, and then national producer, for Fox News Edge, a division of Fox News from September 7, 2008, to September 26, 2010.  (Katzenstein Decl. ¶ 2.)

complainants and alleged wrongdoers who worked in different divisions of Fox News and held vastly different roles, and who Plaintiff never encountered during his employment with Fox News and about whom he has no personal knowledge. The requests are thus improper because of (1) the irrelevant and overbroad period for which information is sought and (2) the irrelevant and overbroad scope of the information sought.

First, the temporal period proposed by Plaintiff—a period that is four times longer than Plaintiff's employment with Fox News—far exceeds what is permitted in employment cases where courts routinely limit discovery to the period when the plaintiff worked for the defendant. *See Fleming v. City of N.Y.*, 233 F. Supp. 2d 613, 614 (S.D.N.Y. 2002) (limiting document discovery to the 3-year period during which plaintiff was employed by defendant); *O'Rear v. Diaz*, No. 24 Civ. 1669, 2024 WL 4903722, at *2 (S.D.N.Y. Nov. 27, 2024) (limiting document discovery to a period commencing two years prior to the plaintiff's employment through the end of her employment); *Othon v. Wesleyan Univ.*, No. 18-CV-00958, 2019 WL 13291272, at *2 (D. Conn. Nov. 25, 2019) ("Limitation of discovery to the general time frame of plaintiff's employment is appropriate."); *Sundaram v. Brookhaven Nat'l Lab.*, No. 94-CV-2330, 1996 WL 563829, at *3 (E.D.N.Y. Mar. 11, 1996) (rejecting plaintiff's 9-year temporal discovery period and limiting the temporal period for discovery to a time period beginning one-year before his employment status changed through one year after his termination); *see also Doe v. Abdulaziz Bin Fahd Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. Apr. 3, 2025) (holding in employee sexual misconduct cases, New York courts have held that an employer is only liable for negligent supervision if aware of *specific prior acts* or allegations against the employee.).

Second, where a plaintiff alleges that specific, individualized incidents give rise to his claims (as Plaintiff does here) but seeks information concerning unrelated complaints, courts limit

discovery to complaints of a similar nature that occurred within the same department and involved the same wrongdoer. *See Curtis v. Citibank, N.A.*, 70 F. App'x 20, 24 (2d Cir. 2003) (affirming district court decision rejecting plaintiffs' sweeping discovery request for all formal and informal complaints of racial and sexual harassment and discrimination throughout the company, and limiting discovery to the plaintiffs' supervisors); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013) (noting "discovery is often limited to a plaintiff's employment department or unit"); *Mayo-Coleman v. Am. Sugar Holding, Inc.*, No. 14-CV-0079, 2016 WL 4533564, at *5 (S.D.N.Y. Aug. 9, 2016) (holding plaintiff's requests for discrimination and retaliation complaints at the facility were improper because the requests were not limited to complaints made by persons similarly situated to plaintiff and were not limited to complaints of a similar nature to the complaints made in the pending action).

Based on these principles, at most, Plaintiff is entitled to information concerning complaints of sexual harassment or assault by Mr. Wells, the alleged wrongdoer, and Mr. MacCarthy, Plaintiff's supervisor at Fox News Edge, during the period that Plaintiff worked for Fox News. As discussed further below, in addressing other discovery requests, Fox News has already informed Plaintiff that no such complaints exist. Accordingly, Fox News seeks a protective order confirming that it has responded fully to Interrogatory 13 and Requests 27-29, and no further production is required.

### B. Plaintiff Seeks Irrelevant, Overbroad, And Harassing Information Regarding All Complaints Relating To Mr. Wells And Mr. MacCarthy (Interrogatories 11, 12, 14; Requests 30-35 and 41).

Plaintiff is not entitled to the more than twenty-five years of irrelevant information he seeks regarding complaints against Mr. Wells and Plaintiff's former supervisor, Mr. MacCarthy. Plaintiff seeks all documents, communications, and/or ESI concerning "any formal or informal complaints (including internal complaints, lawsuits, administrative charges, complaints with

government or law enforcement agencies, or arbitrations)" made by current or former employees, contractors, or customers of Fox News, Fox Corporation, Twenty-First Century Fox Inc., or News Corporation (and their affiliates and subsidiaries)[8] against or about Mr. Wells or Mr. MacCarthy "concerning violations of the Fox Entities' policies and/or misconduct of any kind," at any time during Mr. Wells' and Mr. MacCarthy's respective employments with Fox News. (*See* Interrogatories 11, 12; Requests 30, 33). Plaintiff also seeks all documents, communications, and/or ESI concerning the investigation and resolution of any such complaints. (*See* Requests 31, 32, 34, 35). And, as to any complaints against Mr. Wells at any time, which allege discrimination (of any type), harassment (of any type), hostile work environment (of any type), mistreatment based on sex/gender, assault, battery, rape, and/or retaliation, Plaintiff seeks the identities of those with relevant information and any written statements. (*See* Interrogatory 14; Request 41.) In short, Plaintiff seeks any documents existing anywhere having anything to do with any gripe that any employee, contractor, or customer had about Mr. Wells or Mr. MacCarthy during a twenty-six-year period.

Again, these overbroad and burdensome requests have no bearing whatsoever on Plaintiff's claims and are intended to harass and embarrass. Mr. Wells worked at Fox News from July 2008 through April 2023. Mr. MacCarthy worked at Fox News from July 1997 to September 2020. In other words, Plaintiff seeks information from July 1997 through April 2023, when Plaintiff worked for Fox News for just two years, September 2008 to September 2010. Moreover, Plaintiff's requests for "any formal or informal complaints" encompass alleged policy violations and misconduct of all types, regardless of whether the allegations have any relationship at all to the

---

[8]    Fox News does not have possession, custody, or control of information pertaining to other entities which are not parties to this case.

conduct Plaintiff alleges or his theories of liability—they are simply an attempt to dig up *any* negative information regarding Mr. Wells and Mr. MacCarthy.  Fox News has already confirmed and informed Plaintiff that ***there are no formal complaints of sexual harassment, assault, and/or battery against either Mr. Wells or Mr. MacCarthy from the date of their respective hires with Fox News through the end of Plaintiff's employment in September 2010***—the only information that is possibly relevant to Plaintiff's claims.  It likewise has no record and is unaware of any "informal complaints" of sexual harassment, assault, and/or battery against Mr. Wells or Mr. MacCarthy during that period.  Plaintiff has no basis to seek or to force Fox News to search for information concerning complaints of any nature over a twenty-six-year period.

As discussed above, courts routinely limit the discovery period in employment cases to the period that the defendant employed the plaintiff—which is not even needed here given the discrete time frame at issue in this case.  Nevertheless, Fox News has already far exceeded that obligation by providing information for the period between 1997 and 2010.  And as it relates to complaints about the alleged wrongdoer or a relevant supervisor, courts limit discovery to those complaints, if any, that are similar in nature to the conduct alleged.  For example, in *Torgovnick v. SoulCycle Inc.*, No. 17 Civ. 1782, 2018 WL 5318277, at *4 (S.D.N.Y. Oct. 29, 2018), the plaintiff sought "[a]ll documents relating to any complaint by any employee regarding [certain managerial employees with whom Plaintiff interacted]."  The court found the plaintiff's request was overbroad and sought irrelevant information and limited discovery to "any claims of disability discrimination, harassment, or retaliation that had been lodged against [the relevant managers]."  *Id.*  In *Gunning v. N.Y. State Justice Ctr. for the Prot. of People with Special Needs*, No. 19-CV-1446, 2022 WL 783226, at *12 (N.D.N.Y. Mar. 15, 2022), the plaintiff brought a retaliation claim and sought complaints of sexual harassment involving the individual whom she alleged had retaliated against

her.  The court found such information irrelevant holding "the only issue is whether [defendants] took adverse actions against plaintiff . . . [and] discovery related to other allegations or complaints against [the alleged wrongdoer] is not relevant."  *Id.*

Plaintiff has articulated no basis to support his overbroad requests seeking information concerning any and all complaints, about any topic at all, by virtually anyone, over nearly three decades.  The only possible purpose in seeking such information is to burden, harass, and embarrass Fox News and its former employees Mr. Wells and Mr. MacCarthy.  This is impermissible.  At most, what is relevant is any complaint against Mr. Wells or Mr. MacCarthy, which involves allegations similar to Plaintiff's and which was made during Plaintiff's employment.  And again, Fox News has already confirmed to Plaintiff that there were never any such complaints to Fox News about Mr. Wells or Mr. MacCarthy while Plaintiff worked there, either before or after the alleged assault.  Plaintiff might be disappointed that there are no facts to support his baseless claims, but that disappointment is no basis to throw open the doors to discovery into irrelevant information.  Accordingly, Fox News respectfully requests that the Court grant a protective order confirming that Fox News has no obligation to produce any further information in response to Interrogatories 11, 12, 14; Requests 30-35, and 41.

**C.**    **Plaintiff Seeks Irrelevant And Harassing Information Relating To Mr. Wells'
and Mr. MacCarthy's Respective Employments With Fox News (Request 9,
12, 37, 38, 39).**

Beyond Plaintiff's overbroad requests regarding complaints involving Mr. Wells and Mr. MacCarthy, Plaintiff also seeks personnel records regarding each that have no bearing on this case. Indeed, multiple of Plaintiff's discovery requests seek private information concerning Mr. Wells' and Mr. MacCarthy's employments with Fox News.  As to Mr. Wells, Plaintiff seeks:

- Mr. Wells' complete Personnel File (Request 9);

- Any agreements or contracts between Mr. Wells and Fox News, at any point during Mr. Wells' fifteen years of employment (Request 12);

- Any formal or informal discipline issued for any reason, at any point during Mr. Wells' employment (Request 37); and

- All documents, communications and/or ESI concerning the end of Mr. Wells employment with Fox News in 2023 (Request 39).

As to Mr. MacCarthy, Plaintiff seeks any formal or informal discipline issued for any reason, at any point during Mr. MacCarthy's twenty-three years of employment with Fox News. (Request 38).

These requests are in no way tailored to the claims at issue in this case. For example, Plaintiff's request for Mr. Wells' personnel file is not limited to the relevant period or restricted to those materials that somehow relate to Plaintiff's claims and theories of liability. In fact, it includes irrelevant information such as information concerning benefits elections for Mr. Wells' spouse and information for home loan applications. And Plaintiff has articulated no basis as to why he would be entitled to contracts between Mr. Wells and Fox News over a fifteen-year period or documents concerning the end of Mr. Wells employment in 2023—thirteen years after Plaintiff resigned his employment with Fox News. Nor does Plaintiff have a rationale for seeking records related to discipline that Mr. Wells or Mr. MacCarthy might have received for any reason, at any point during their respective employments. Despite the objectionable nature of Plaintiff's requests, Fox News did produce the parts of Mr. Wells' personnel file from the period Fox News employed Plaintiff (which include performance review and compensation information) and informed Plaintiff through discovery responses that ***Fox News has not identified any formal discipline issued to Mr. Wells***

*or Mr. MacCarthy from the time each first joined Fox News through the end of Plaintiff's employment with Fox News in September 2010*.

Again, as a starting point, any discovery into the personnel records of Mr. Wells and Mr. MacCarthy should be limited in time to the period that is relevant to Plaintiff's claims, September 2008 to September 2010—records relating to the decade before and the decade-plus that followed Plaintiff's employment are well outside that period. Moreover, these requests should be limited to relevant information. For example, in *Gunning*, the plaintiff sought the entire personnel file of the individual who made the decision to terminate the plaintiff's employment. 2022 WL 783226, at *12. The court, however, found that the plaintiff was entitled to only relevant portions of the individual's personnel file and held that only those portions would be produced. *Id.*; *see also Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 375 (S.D.N.Y. 2021) (granting motion to quash request for entire personnel file because request encompassed irrelevant files); *O'Bar v. Borough of Naugatuck*, No. 01-cv-867, 2002 U.S. Dist. LEXIS 27372, at *6-7 (D. Conn. Apr. 8, 2002) (finding that there was no showing that the entirety of a personnel file was relevant and issuing a protective order as to irrelevant portions).

Fox News has already produced the only arguably relevant information it has responsive to these requests in the form of personnel records and interrogatory responses stating that no formal discipline was issued to Mr. Wells between July 2008 and September 2010 and no formal discipline was issued to Mr. MacCarthy between July 1997 and September 2010. There is no relevance to the other personnel records Plaintiff seeks, including unspecified contracts between Mr. Wells and Fox News and information concerning the end of Mr. Wells' employment in April 2023—thirteen years after Plaintiff's employment ended. Accordingly, Fox News respectfully requests that the Court grant a protective order confirming that Fox News has responded fully to

16

these requests and has no obligation to produce any further information in response to Requests 9, 12, 37, 38, and 39.

### D. Plaintiff's Requests For Communications From November 2023 To Present— Fifteen-Plus Years After The Alleged Incident Giving Rise To Plaintiff's Claims—Seek Irrelevant Information And Are Intended To Uncover Litigation Strategy (Requests 7, 72-78).

Multiple of Plaintiff's requests focus on irrelevant communications that occurred some fifteen-plus years after the alleged incident giving rise to Plaintiff's claims. Fox News employed Plaintiff from 2008 to 2010, and the alleged incident that is the basis of Plaintiff's claims occurred in 2008. (Am. Compl., ECF Dkt. 22-1, ¶ 28.) Nevertheless, several of Plaintiff's requests seek communications from November 1, 2023 to present. These include:

- All communications between Fox News or Fox Corporation and any third party relating to Defendant Wells, *without limitation*, from November 1, 2023, to the present (Request No. 72);

- All communications between Fox News or Fox Corporation and Defendant Wells, and/or his representatives, *without limitation*, from November 1, 2023, to the present (Request No. 73, 74);

- All communications between Fox News or Fox Corporation and any third party relating to Mykel McCarthy, *without limitation*, from November 1, 2023, to the present (Request 75);

- All communications between Fox News or Fox Corporation and Mykel McCarthy, *without limitation*, from November 1, 2023, to the present (Request 76 and 77);

- All communications between the Fox News or Fox Corporation and any third-party concerning Plaintiff from November 1, 2023, to the present (Request 78).

Request 7 also seeks "any and all documents, communications, and/or ESI concerning Plaintiff's claims of misconduct and/or violations of state, local, or federal laws/regulations, including but not limited to investigations of such complaints." However, because Fox News had no knowledge of Plaintiff's claims until he filed the present lawsuit, this request also effectively seeks information from the filing of this lawsuit in November 2023 forward.[9]

As an initial matter, Requests 72-78 contain no restrictions on subject matter whatsoever. In fact, they expressly state that they seek all communications "without limitation." Plaintiff therefore effectively seeks every communication, regardless of the subject of the communication, with or about Mr. Wells or Mr. MacCarthy, or about himself. Plaintiff provides no rationale for why communications that occurred 15-plus years after the alleged assault have any relevance to the claims and defenses in this matter, and Plaintiff's failure to qualify these requests in any way is alone grounds for a protective order. But, even more troubling, these requests appear to be designed to solicit communications reflecting Fox News' discussions regarding the defense strategy for this case, not evidence having to do with the actual claims and defenses. For this reason too, a protective order is appropriate. *See., e.g.*, *GMA Accessories, Inc. v. HMY Jewelry, Inc.*, No. 20 Civ. 11126, 2021 WL 1885260, at *4 (S.D.N.Y. May 11, 2021) (denying motion to compel communications between defendant and two customers which were made in direct response to threatened litigation and were for the purpose of formulating legal strategy).

Because there is no legitimate reason to seek documentation for a period that is fifteen-plus years after the alleged incident giving rise to Plaintiff's claims, Fox News respectfully requests

---

[9]    Because they are irrelevant, Fox News has objected to these requests in total, but if Fox News' objections are overruled, Fox News anticipates that some or all responsive documents from the period starting after Plaintiff sued Fox News would be privileged and/or work product and reserves all rights in that regard.

that the Court grant a protective order confirming that Fox News need not respond further to Requests 7 and 72-78.

### E.    Plaintiff's Harassing Requests Relating To Fox Corporation, Twenty-First Century Fox And News Corporation Have No Relevance To The Claims And Defenses In This Case (Interrogatories 16-18; Requests 48-64).

Plaintiff served seventeen Requests for Production and three Interrogatories on Fox News that seek irrelevant information concerning a host of corporate issues relating to Fox News, Fox Corporation, Twenty-First Century Fox, Inc., and News Corporation.  By way of example only, these requests seek:

- All documents, communications, and ESI concerning or evidencing Fox Corporation's directors, c-suite executives, and board members having notice of Fox News Network's liabilities and assets (Request 48);

- All documents, communications, and ESI concerning or evidencing 21st Century Fox's directors, c-suite executives, and board members having notice of Fox News Network's liabilities and assets (Request 53);

- All documents, communications, and ESI concerning the formation of Fox Corporation (Request 50);

- All documents, communications, and ESI concerning the formation of 21st Century Fox (Request 55);

- All documents, communications, and ESI concerning mergers and demergers associated with the formation of Fox Corporation and/or The Walt Disney Corporation's purchase of any assets that were owned by Twenty-First Century Fox, Inc (Request 51); and

- All documents, communications, and ESI concerning mergers and/or demergers associated with the formation of 21st Century Fox (Request 56).

In short, despite pleading no factual allegations that plausibly support a finding that Fox Corporation can be held liable for the conduct alleged in Plaintiff's Complaint, Plaintiff served wildly overbroad and unduly burdensome discovery requests intended to harass Fox News (and Fox Corporation) and impermissibly fish for information because Plaintiff had no personal knowledge that could support a claim against Fox Corporation. Now that the claims against Fox Corporation have been dismissed from this case (ECF Dkt. 54), there can be no argument that these discovery requests are in any way relevant.[10] *See U.S. Bank, N.A. v. Charitable Donor Advised Fund, L.P.*, No. 21-cv-11059, 2024 WL 3893533, at *1 (S.D.N.Y. Feb. 1, 2024) (denying as moot any request to compel discovery that relates to dismissed claims). Accordingly, Fox News respectfully seeks a protective order confirming that it is not required to respond to Requests 48-64 and Interrogatories 16-18

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Fox News respectfully requests that the Court issue a protective order as to the above outlined discovery requests, confirming that Fox News is not required to provide or produce further information.

---

[10]  Fox News maintains that even if Fox Corporation were a defendant these requests would be improper. To the extent Plaintiff still pursues these requests despite Fox Corporation's dismissal, Fox News reserves all arguments.

Dated: New York, New York
      February 28, 2025

PAUL HASTINGS LLP


*/s/ Krissy A. Katzenstein*


Paul C. Evans
200 Park Avenue
New York, NY 10166
Tel.: (212) 318.6009
Fax: (212) 319-4090
paulevans@paulhastings.com

Krissy Katzenstein
200 Park Avenue
New York, NY 10166
Tel.: (212) 318.6016
Fax: (212) 319-4090
krissykatzenstein@paulhastings.com

*Attorneys for Defendant Fox News Network, LLC*

21