**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

ANDREW DELANCEY,                                       Case No.: 1:23-cv-10357(AT)

                Plaintiff,

- against -

JUSTIN WELLS, FOX CORPORATION, and
FOX NEWS NETWORK, LLC.,

                Defendants.
_____X

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Alfredo J. Pelicci
**FILIPPATOS PLLC**
425 Madison Avenue, Suite 1502
New York, NY 10017
T/F: 914-984-1111
apelicci@filippatoslaw.com
_Attorney for Plaintiff Andrew Delancey_

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  RELEVANT BACKGROUND ......................................................................... 3

III. LEGAL STANDARD ....................................................................................... 8

IV. ARGUMENT .................................................................................................... 9

    A.  Plaintiff Appropriately Seeks Other Relevant Employee Complaints For A Limited Period At Plaintiff's Location Of Employment........................................ 9

    B.  Plaintiff Appropriately Seeks Complaints Against Defendant Wells and Mr. MacCarthy.......................................................................................................... 12

    C.  Plaintiff Properly Seeks Defendant Wells's Personnel File, Disciplinary Records of Defendant Wells and MacCarthy, All Documents Concerning Defendant Wells's Termination, and Relevant Agreements Between Defendant Wells and Fox News ................................................................................................................... 16

    D.  Plaintiff Appropriately Seeks Relevant Communications Between Fox News and Third Parties....................................................................................................... 18

    E.  Plaintiff's Requests Concerning Fox Corporation's Liability Are Relevant......... 19

V.  CONCLUSION................................................................................................. 21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

Barella v. Vill. of Freeport,
    296 F.R.D. 102, 106 (E.D.N.Y. 2013) ...................................................................... 18

Benitez v. Lopez,
    372 F. Supp. 3d 84, 88-89 (E.D.N.Y. 2018) ................................................................ 15

Bradley v. City of New York,
    No. 04 Civ.8411 (RWS)(MHD), 2005 WL 2508253, at *3 (S.D.N.Y. Oct. 3, 2005) ........ 14, 15

Brown v. Wal-Mart Assocs., Inc.,
    616 F. Supp. 3d 137, 144 (D. Mass. 2022) ................................................................ 15

Chen-Oster v. Goldman, Sachs & Co.,
    293 F.R.D. 557, 562 (S.D.N.Y. 2013) .................................................................... 8, 9

Culkin v. Pitney Bowes, Inc.,
    225 F.R.D. 69, 71 (D. Conn. 2004) ...........................................................................11

DeAngelo v. Yellowbook Inc.,
    No. 3:12-CV-520 (GWC), 2015 WL 588627, at *5 (D. Conn. Feb. 10, 2015) ...................... 17

Delgado v. Donald J. Trump for President, Inc.,
    No. 19-CV-11764 (AT) (KHP), 2024 WL 3219809, at *1 (S.D.N.Y. 2024) .......................... 10

Dzanis v. JPMorgan Chase & Co.,
    No. 10 Civ. 3384 (BSJ) (JLC), 2011 WL 5979650, at *4 (S.D.N.Y. Nov. 30, 2011) .............. 16

Fowler-Washington v. City of New York,
    No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) ................. 15

Frails v. City of New York,
    236 F.R.D. 116, 118 (E.D.N.Y. 2006) ...................................................................... 14

Gunning v. New York State Just. Ctr. for Prot. of People With Special Needs,
    No. 119CV1446GLSCFH, 2022 WL 783226, at *12 (N.D.N.Y. Mar. 15, 2022) ...................... 8

Harris v. Bronx Parent Hous. Network, Inc.,
    No. 18 Civ. 11681 (GBD) (SN), 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) ...............11

Hughes v. Twenty-First Century Fox, Inc.,
    304 F. Supp. 3d 429, 448 (S.D.N.Y. 2018) ................................................................ 13

In re Sept. 11 Litig.,
   262 F.R.D. 274, 277 (S.D.N.Y. 2009) ........................................................................ 9

Joseph v. Gnutti Carlo S.p.A.,
   No. 15-CV-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) ........................... 8

Ladson v. Ulltra E. Parking Corp.,
   164 F.R.D. 376, 377 (S.D.N.Y. 1996) ...................................................................... 16

Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York,
   No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *4 (S.D.N.Y. Mar. 11, 2020) ..............11

Mayo-Coleman v. Am. Sugar Holding, Inc.,
   No. 14-CV-0079 (PAC) (KNF), 2016 WL 4533564, at *4 (S.D.N.Y. Aug. 9, 2016)............. 17

New York v. Nat'l Serv. Indus., Inc.,
   460 F.3d 201, 209 (2d Cir. 2006)........................................................................... 19

Osucha v. Alden State Bank,
   No. 17-CV-1026 (V), 2019 WL 6783289, at *5 (W.D.N.Y. Dec. 12, 2019) ......................... 17

Pearlstein v. BlackBerry Ltd.,
   332 F.R.D. 117, 120 (S.D.N.Y. 2019) ...................................................................... 8

Qamar v. Sheridan Healthcare of Connecticut, P.C.,
   No. 3:18-CV-1359 (JBA), 2019 WL 3712202, at *3 (D. Conn. Aug. 7, 2019) ...................... 17

Radio Music License Comm., Inc. v. Broad. Music, Inc.,
   348 F.R.D. 187, 190 (S.D.N.Y. 2025) ...................................................................... 9

Ri Sau Kuen Chan v. NYU Downtown Hosp.,
   No. 03 Civ. 3003 (CBM), 2004 WL 1886009, at *6 (S.D.N.Y. Aug. 23, 2004)......................11

Sanders v. SUNY Downstate Med. Ctr.,
   No. 22-CV-4139 (KAM) (CLP), 2024 WL 4198355, at *12 (E.D.N.Y. Sept. 16, 2024) ........ 17

See O'Rear v. Diaz,
   No. 24 Civ.1669 (PAE), 2024 WL 4903722, at *1 (S.D.N.Y. Nov. 27, 2024) ........................11

Smith v. Goord,
   222 F.R.D. 238, 242 (N.D.N.Y. 2004)....................................................................... 18

Walls v. City of New York,
   502 F. Supp. 3d 686, 694 (E.D.N.Y. 2020) .............................................................. 14

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ................................................................................................. 8

N.Y. C.P.L.R. § 214-j ................................................................................................. 1

Fed. R. Civ. P. 26(c)(1) ............................................................................................... 8

## I.    <u>INTRODUCTION</u>

In May 2022, Governor Kathy Hochul signed the Adult Survivors Act ("ASA") into law which amended New York law to provide a one-year period for adult victims of sexual offenses to file civil claims for which the statute of limitations had previously lapsed. N.Y. C.P.L.R. § 214-j. Commenting on the importance of the ASA's enactment, Senate Majority Leader Andrea Stewart-Cousins stated the following:

> For too long, our legal system has failed adult survivors and prevented them from accessing true justice. It takes time to come forward, particularly when faced with the trauma that accompanies disclosures. With the Adult Survivors Act, we are saying that we believe you and that you deserve accountability. This powerful legislation is the first of many steps towards better supporting survivors of sexual abuse and ensuring these heinous crimes don't go unpunished.[1]

Plaintiff Andrew Delancey is one of the many brave victims of sexual assault that came forward to seek justice under the ASA. After Defendants removed his case from New York State court, on December 4, 2024, Delancey filed his complaint in this action that included claims of sexual harassment against Fox News Network LLC ("Fox News") and Fox Corporation (together, "Fox") for their role in enabling the sexual assault that was carried out by his assailant and supervisor at Fox, Defendant Justin Wells. Dkt. No. 8.

Shortly thereafter, Fox moved to dismiss Delancey's claims incorrectly arguing that Delancey failed to plead facts that would enable him to hold Fox News liable. In denying Fox News's motion to dismiss, the Court held that Fox News could be held liable on the basis that, "[t]aken together, Delancey's allegations suffice to show that the out-of-workplace assault, combined with Wells' threatening comments at work and Delancey's understanding that he could not report the misconduct to upper management, negatively impacted Delancey's ability to

---

[1]    https://www.governor.ny.gov/news/governor-hochul-signs-adult-survivors-act (last visited March 14, 2025).

perform work duties, caused him mortification aroused by encountering Wells on the job on a regular basis, and placed him in constant apprehension and fear that rebuffing Wells' sexual demands would negatively impact Delancey's career." Dkt. No. 54 at pp. 9-10 (internal citations and quotation marks omitted).

While the Court was considering Fox's motion to dismiss, there was no stay in discovery and, as such, the parties served discovery requests. In doing so, Plaintiff issued discovery requests that are clearly relevant to Fox's liability, including requests concerning Defendant Wells's supervisory authority over Plaintiff; Fox's notice of sexual harassment by Defendant Wells and/or Plaintiff's other supervisor, Mykel MacCarthy; Fox's culture of sexual harassment and suppressing complaints related to such; documents that would show a pattern of sexual harassment and/or misconduct by Defendant Wells; and documents related to Fox Corporation's liability as a parent company and successor. Despite there being no stay in discovery, Fox refused to respond to many of Plaintiff's discovery requests that were undeniably within the scope of discovery in this litigation. In doing so, Fox withheld documents and refused to withdraw baseless objections. When confronted with the inappropriate nature of their conduct in discovery, Fox doubled down.

To distract from their improper conduct over the course of discovery, over a year into discovery and after receiving all the discovery they sought from Plaintiff, Fox moved to stay discovery[2] and for a protective order. Dkt. No. 52. In doing so, Fox blatantly ignored Judge Torres's procedures for raising ongoing discovery disputes as outlined in Rule II(D) of Judge Torres's Individual Practices in Civil Cases[3] and, instead, presented an inaccurate account of the

---

[2]    Fox knew their motion for a stay was baseless as their request for a stay pending a ruling on their motion to dismiss had already been previously denied. Dkt. No. 30
[3]    "If this meet-and-confer process does not succeed, the parties shall describe the dispute in a single joint letter to the Court, normally not exceeding six pages." See Rule II(D) Individual Practices in Civil Cases for Analisa Torres. Prior to filing their motion for leave for a protective order, Fox did not even inform Plaintiff of their intent to do so.

unresolved disputes in this litigation[4] – all of which stem out of Defendants' refusal to respond to Plaintiff's discovery requests.

Accordingly, because all of Plaintiff's discovery requests that are the subject of Fox News's instant motion are appropriately within the scope of discovery and not issued with the purpose of harassing or embarrassing Fox News, Plaintiff respectfully requests that Fox News's motion for a protective order be denied in its entirety, and Fox News be ordered to produce all documents that are responsive to such requests.

## II.    RELEVANT BACKGROUND

Plaintiff filed his Amended Complaint in this matter on February 5, 2024, asserting claims of assault and battery against Defendant Wells and claims of sexual harassment against Fox News Network LLC and Fox Corporation. Dkt. No. 24. While Defendant Wells's sexual assault of Plaintiff and the related workplace conduct occurred in 2010, such claims were timely asserted under the Adult Survivors Act. On April 2, 2024, Fox filed a motion to dismiss Plaintiff's claims of sexual harassment. Dkt. No. 36. Plaintiff filed his opposition to Fox's motion to dismiss on May 17, 2024. Dkt. No. 43.

On February 21, 2025, in her order denying Fox News's motion to dismiss, Judge Torres held that Plaintiff's complaint articulated several bases to hold Fox News liable. See Dkt. No. 54. In holding such, the Court cited specific allegations that can support Fox News's liability:

- [Delancey] alleges that he was sexually assaulted twice in one evening by a superior, Wells, who directly oversaw his work. Dkt. No. 54 at p. 8 (citing Am. Compl. ¶¶ 25, 28, 30–38, 46–47);

- [Delancey] alleges that Fox failed to exercise reasonable diligence when it actively suppressed reports of harassment by directing Delancey—through McCarthy [(Plaintiff's official supervisor)]—to not complain about misconduct to human resources or upper management. Id. at p. 11 (citing Am. Compl. ¶¶ 7, 43, 45);

---

[4]    A more complete account of ongoing disputes appears at Dkt. No. 53-1.

- Delancey alleges that Wells' behavior was not isolated at Fox: He claims that Fox was aware of, promoted, or failed to remedy a culture of sexual assault and harassment that pervaded the company while Delancey was there. He claims that Fox should have been especially wary of Wells and McCarthy, both of whom Fox knew had sexually harassed other employees at the company in the past. Id. at p. 9 (citing Am. Compl ¶¶ 1–3, 41, 44);

- Delancey alleges that Fox had actual notice of prior sexual misconduct by Wells (against a female employee) and McCarthy, and it also should have been aware of a heightened risk of sexual misconduct toward subordinates like Delancey given Wells and McCarthy's histories and the culture of harassment that pervaded the company at the time. Id. at p. 10 (citing Am. Compl. ¶¶ 1–3, 5, 41, 44);

- Delancey's allegations, taken as true, establish that Fox failed to undertake reasonable precautionary measures to protect him—an employee working under the direction of not one, but two, superiors with known histories of intra-office sexual misconduct. Id. at p. 11 (citing Am. Compl. ¶¶ 41, 44);

- The complaint further alleges that Fox would have learned of Wells' misconduct toward Delancey had McCarthy not discouraged Delancey and other employees from complaining to upper management and human resources. Id. at p. 11 (citing Am. Compl. ¶¶ 7, 40–43).

During the pendency of Fox's motion to dismiss, discovery was not stayed. Dkt. No. 30. As such, the parties proceeded with discovery and agreed to serve responses to discovery requests on July 3, 2024.

Plaintiff's discovery requests to Fox News LLC and Fox Corporation were clearly relevant to the above-described issues of Fox's liability, including but not limited to, discovery that would show that Defendant Wells was Plaintiff's supervisor, Defendant Wells's sexual harassment of Plaintiff was not an isolated incident, Fox failed to remedy a culture of sexual assault and harassment, Fox should have been aware of Defendant Wells's and MacCarthy's propensity to harass employees, a culture of harassment pervaded Fox because Fox failed to exercise reasonable diligence or undertake reasonable measures to protect employees from sexual harassment, and Delancey's complaints were suppressed by MacCarthy who threatened Plaintiff not to complain.

Such requests included seeking other relevant employee complaints, Defendant Wells's personnel file, Defendant Wells's and MacCarthy's disciplinary records, informal and formal employee complaints made against Defendant Wells or McCarthy, documents related to the termination or separation of employment of Defendant Wells, and any agreements between Defendant Wells and Fox.

Plaintiff timely responded to all Defendants' discovery requests including by serving his document production. However, Fox Defendants failed to make a document production. On July 25, 2024, three weeks after discovery responses were due and only after being confronted about failing to produce documents, Fox—for the first time—stated that they would not produce documents until a confidentiality order was in place. Pelicci Decl. Ex. A (Email from Alfredo Pelicci to Krissy Katzenstein (Aug. 7, 2024)). In response, Plaintiff agreed to temporarily hold Fox's documents with an attorneys' eyes-only designation. Fox still refused to produce documents. On August 8, 2024, Plaintiff scheduled a meet and confer for August 13, 2024, to address "concerns with Fox Defendants discovery." On August 12, 2024, to better facilitate the following day's meet and confer, Plaintiff's counsel provided a written outline of the deficiencies that he intended to discuss. Dkt. No. 60-5. On August 13, 2024, the parties held a meet and confer where Plaintiff's counsel explained the clear relevancy of the discovery sought by Plaintiff. On August 15, 2024, as requested by Fox, Plaintiff provided legal authority on certain disputes. Throughout August, the parties continued to confer. On August 28, 2024, nearly two months past the agreed upon deadline, Fox produced a very limited document production.[5] Pelicci Decl. Ex. B (Email from Krissy Katzenstein to Alfredo Pelicci (Aug. 28, 2024)).

---

[5]     Despite all parties approving Fox's proposed confidentiality stipulation on December 13, 2024, Fox failed to file such until March 12, 2025 (Dkt. No. 65). Such highlights that Fox withheld documents without cause.

On September 23, 2024, counsel for Plaintiff informed Defendants that Plaintiff's primary counsel had gone out on an unexpected indefinite family leave. On September 27, 2024, the parties agreed to seek an extension of the discovery deadline with such request being filed on October 4, 2024, and granted on October 7, 2024. Dkt. No. 47. For good cause, the parties' meet and confer efforts were briefly interrupted. During such period, as Defendants were made aware, Plaintiff's primary counsel was on an unexpected leave and Plaintiff's other counsel was dealing with ongoing medical issues and impacted by two hurricanes in November. Dkt. No. 60-9. Defendants made no effort to further resolve disputes during this period.

On December 4, 2024, Plaintiff served deposition notices on Defendants, including a 30(b)(6) deposition notice to Fox Defendants, and requested a meet and confer to address remaining discovery disputes. On December 11, 2024, the parties held a meet and confer, and Defendant Wells served requests for admissions on Plaintiff. Plaintiff provided Defendants a summary of outstanding discovery deficiencies on December 13, 2024. On December 17, 2024, Plaintiff followed up concerning unresolved disputes. On December 18, 2024, Plaintiff filed a request to extend the discovery deadline until March 12, 2025, based on good cause. Dkt. No. 50. On December 23, 2024, nearly three weeks after Plaintiff served Fox with 30(6)(6) deposition notices, Fox served objections to Plaintiff's notice for a 30(b)(6) deposition and offered deficient responses to Plaintiff's December 13, 2024 email. On December 27, 2024, Plaintiff again followed up. Fox offered no further substantive response. Dkt. No. 60-11. Plaintiff responded to Defendant Wells' request for admissions on January 16, 2025.

On February 5, 2025, Fox filed a pre-motion letter seeking leave to file a motion to stay discovery, or in the alternative, a motion for a protective order. Dkt. No. 52. Prior to filing such letter, which raised discovery disputes that should have been addressed through the procedures

outlined in Rule II(D) of Judge Torres's Individual Practices, Fox made no effort to further confer with Plaintiff's counsel and, in fact, never informed Plaintiff of their intent to file such. Such conduct was clearly a tactic to obscure the status of discovery in this matter and get out ahead of Plaintiff's motion to compel discovery. In doing so, Fox News presented the Court with an incomplete and confusing account of the outstanding discovery disputes in this matter.[6]

On February 7, 2025, counsel for Defendant Wells and Plaintiff held a meet and confer whereby counsel for Defendant Wells confirmed that Wells was maintaining the same position as Fox concerning disputes that also pertain to Wells's discovery responses. Counsel for Wells stated that he would not proceed with scheduling depositions until the Court addresses the instant disputes, despite the deadline for depositions being February 19, 2025. On February 12, 2025, Plaintiff filed his response to Fox's premotion letter and sought leave to file a motion to compel discovery with respect to the discovery disputes raised by Fox as well as additional discovery disputes that were summarized in an attachment to his letter, including disputes concerning Defendant Wells's discovery responses. Dkt. No. 53.

On February 21, 2025, the Court denied Fox News's motion to dismiss and granted Fox Corporation's motion to dismiss without prejudice. That same day, the Court referred Fox Defendants' request for leave to move for a protective order and Plaintiff's request for leave to file a motion to compel discovery to Your Honor. Dkt. No. 55.

Highlighting that Fox News has engaged in a pattern of obstructing discovery and withholding documents in this matter, Fox News issued supplemental discovery responses and an additional document production as late as this week, during the briefing of the instant motion. Pelicci Decl. Exs. C-D (Emails from Krissy Katzenstein to Alfredo Pelicci (Mar. 11, 2024) & from

---

[6]    See Dkt. 60-9 (outlining additional unresolved disputes).

Sara Hoult to Alfredo Pelicci (Mar. 12, 2025). Fox News lacks an explanation as to why they previously did not produce such documents or provide such supplemental requests. Such underscores that Fox News has inappropriately refused to participate in discovery in this matter and withheld documents that should have been previously produced. To date, Fox News continues to rest on baseless objections and refuse to produce documents that are appropriately sought by Plaintiff.

### III.    LEGAL STANDARD

Under Rule 26, parties may seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26 "is an extremely broad concept." Pearlstein v. BlackBerry Ltd., 332 F.R.D. 117, 120 (S.D.N.Y. 2019) (quoting Joseph v. Gnutti Carlo S.p.A., No. 15-CV-8910 (AJN), 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016)."[C]ourts typically apply more 'liberal civil discovery rules' in employment discrimination cases, giving plaintiffs 'broad access to employers' records in an effort to document their claims." Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 562 (S.D.N.Y. 2013). "Broader discovery is warranted when a plaintiff's claims are premised on a pattern or practice of discrimination at the organization-wide level, as opposed to specific allegations of discrimination made against an individual supervisor." Id. This is because, "[e]vidence of company-wide patterns of discrimination may reveal discrimination against a particular group of employees and thus be relevant." Gunning v. New York State Just. Ctr. for Prot. of People With Special Needs, No. 119CV1446GLSCFH, 2022 WL 783226, at *12 (N.D.N.Y. Mar. 15, 2022).

A protective order is warranted only when discovery would cause "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c)(1). In order to

demonstrate good cause, a party must establish that the proposed discovery "will result in a clearly

defined, specific and serious injury." In re Sept. 11 Litig., 262 F.R.D. 274, 277 (S.D.N.Y. 2009).

"The burden of establishing good cause then lies with the party seeking to prevent the disclosure

of documents." Radio Music License Comm., Inc. v. Broad. Music, Inc., 348 F.R.D. 187, 190

(S.D.N.Y. 2025).

## IV.    ARGUMENT

### A. Plaintiff Appropriately Seeks Other Relevant Employee Complaints For A Limited Period At Plaintiff's Location Of Employment

As noted above, "broader discovery is warranted when a plaintiff's claims are premised on

a pattern or practice of discrimination at the organization-wide level." Chen-Oster, 293 F.R.D. at

562. In denying Fox News's motion to dismiss, Judge Torres found that "[Delancey] alleges that

Fox failed to exercise reasonable diligence when it actively suppressed reports of harassment by

directing Delancey—through McCarthy—to not complain about misconduct to human resources

or upper management." Dkt. No. 54 at p. 11. Moreover, Judge Torres found that, "Delancey alleges

that Wells' behavior was not isolated at Fox: He claims that Fox was aware of, promoted, or failed

to remedy a culture of sexual assault and harassment that pervaded the company while Delancey

was there." Id. at p. 9.

Consistent with such allegations concerning Fox News's well-documented environment of

harassment and suppression of such complaints, Plaintiff issued discovery requests seeking "all

documents, communications, and/or ESI concerning any formal or informal reports, complaints,

charges, allegations, arbitrations, or lawsuits concerning sex-based harassment, retaliation, assault,

or battery by or against any current or former employees of the Fox Defendants from September

1, 2004, through September 1, 2012, who worked in the State of New York"[7] as well as "all documents, communications, and/or ESI concerning the investigations and resolutions of any such complaints. See Requests 27-29 and Interrogatory 13.

In moving for a protective order concerning such requests, Fox News conveniently ignores Plaintiff's allegations concerning the widespread systemic harassment and retaliation that occurred at Fox News and Plaintiff's allegations that he was intimidated not to complain by his supervisor, MacCarthy, who allegedly also harassed employees. In moving for a protective order, Fox News argues that discovery should be limited to complaints made against Defendant Wells and Mr. MacCarthy without providing authority for such proposition and while citing numerous cases awarding complaints beyond those made against the specific alleged wrongdoers. See Def. Mem. pp. 9-11.

Fox News's position is without merit, as courts in the Second Circuit consistently hold that a plaintiff in an employment discrimination matter is entitled to seek complaints of the similar type of alleged unlawful activity for a reasonable period, as Plaintiff has done here. In fact, Your Honor found in Delgado v. Donald J. Trump for President, Inc., No. 19-CV-11764 (AT) (KHP), 2024 WL 3219809, at *1 (S.D.N.Y. 2024), that complaints of similar unlawful conduct organization-wide were discoverable: "[t]his Court previously ordered Defendants to produce all written complaints of gender discrimination, sexual harassment or pregnancy discrimination against the Campaign during the 2016 and 2020 campaign cycles." See also Pelicci Decl. Ex. E (Your Honor's April 24, 2024 discovery ruling in Delgado v. Donald J. Trump for President, Inc., No. 19-CV-11764 (AT) (KHP), 2024 WL 3219809 (S.D.N.Y. June 28, 2024).[8] Such ruling was consistent

---

[7]     During the meet and confers, Plaintiff later agreed to limit this request to Plaintiff's location of employment.

[8]     Such authority was previously provided to Fox News LLC, yet they still refused to respond to Plaintiff's discovery requests that were similarly tailored and now inappropriately seek a protective order on such issue.

with the well-established Second Circuit case law on this issue. See O'Rear v. Diaz, No. 24 Civ.1669 (PAE), 2024 WL 4903722, at *1 (S.D.N.Y. Nov. 27, 2024) (compelling the production of sexual harassment complaints for a ten-year period including two years before plaintiff's employment began); Ri Sau Kuen Chan v. NYU Downtown Hosp., No. 03 Civ. 3003 (CBM), 2004 WL 1886009, at *6 (S.D.N.Y. Aug. 23, 2004) (compelling the production of company-wide complaints of sexual harassment for a for a six year period starting two years prior to plaintiff's employment and ending two years after plaintiff's employment); Harris v. Bronx Parent Hous. Network, Inc., No. 18 Civ. 11681 (GBD) (SN), 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) (denying defendants' motion for a protective order because "other claims of discrimination against a defendant are discoverable if limited to the same form of discrimination"); Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *4 (S.D.N.Y. Mar. 11, 2020) (compelling the production of company-wide substantiated and unsubstantiated complaints concerning similar alleged conduct for an eight-year period); Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004) (compelling the production of complaints concerning the same type of discrimination statewide).

Because of the structural nature of Plaintiff's role, he supported numerous "departments" and completed tasks under the supervision of numerous Fox News employees from varying departments. In denying Fox News's motion to dismiss, Judge Torres observed that, "[a]lthough Delancey did not work on the same show or team as Wells, Delancey was required to complete tasks at Wells' direction." Dkt. No. 54 at p. 2. As such, a limitation to complaints made by or against employees in Plaintiff's department would not capture all complaints that may be relevant to Delancey's claims that the harassment he faced was a result of the widespread culture of harassment and suppression of complaints at Fox News. Therefore, consistent with case law in the

Second Circuit, it would be most appropriate to limit the complaints to Plaintiff's location rather than his team or department.

Because the documents sought by Plaintiff concerning relevant complaints and resulting investigations are appropriately within the scope of discovery, they are certainly not harassing or irrelevant and, thus, do not justify a protective order. Rather, Plaintiff respectfully requests that Fox News be compelled to produce the responsive documents that Plaintiff seeks.

### B. Plaintiff Appropriately Seeks Complaints Against Defendant Wells and Mr. MacCarthy

Plaintiff also appropriately seeks documents and information concerning all formal **or** informal complaints made by current or former employees, contractors, or customers of Fox News, Fox Corporation, Twenty-First Century Fox Inc., or News Corporation (and their affiliates and subsidiaries) against or about Mr. Wells or Mr. MacCarthy concerning violations of the Fox Entities' policies and/or misconduct of any kind, at any time during Mr. Wells' and Mr. MacCarthy's respective periods of employment as well as the documents, communications, and/or ESI concerning the investigation and resolution of any such complaints. See Requests 30-35, 41 and Interrogatories 11-12 and 14.

In his complaint, Plaintiff alleges that Defendant Wells and MacCarthy engaged in a pattern of unlawful conduct that included other instances of sexual harassment. Specifically, Plaintiff alleges that Defendant Wells was accused of sexual harassment by another employee at a Fox News subsidiary and that Fox News was aware of such harassment before Defendant Wells assaulted Plaintiff. Dkt. No. 24 at ¶¶ 5, 41-42. Moreover, Plaintiff alleges that MacCarthy fostered an environment of harassment, intimidated Plaintiff not to complain, and was ultimately demoted because of misconduct. Id. at ¶¶ 7, 42-45.

In refusing to respond to Plaintiff's requests concerning complaints against Wells and MacCarthy, Fox News will only certify that no responsive documents or information exists concerning sexual harassment, assault, or battery "*from the date of their respective hires with Fox News through the end of Plaintiff's employment in September 2010." <u>See</u>* Def. Mem. at. p. 17. Notably, especially with respect to MacCarthy, Fox News is silent concerning retaliation complaints or complaints concerning MacCarthy intimidating employees not to file complaints as Plaintiff has alleged in this litigation. Retaliation complaints against Defendant Wells are also relevant as Plaintiff has claims for *quid pro quo* harassment concerning Defendant Wells, a form of retaliation where Plaintiff alleges that he was penalized for not submitting to Defendant Wells's sexual assault. <u>Hughes v. Twenty-First Century Fox, Inc.</u>, 304 F. Supp. 3d 429, 448 (S.D.N.Y. 2018) ("Payne's sexual advances qualified as an unlawful employment practice, and Hughes engaged in protected activity each time she rejected them."). Moreover, Defendant Wells officially became a Fox News employee *only* two months before Plaintiff as he previously worked at a Fox News affiliate. As such, in limiting complaints to the period of Wells's start date to the end of Plaintiff's employment, Fox Defendants effectively refuse to provide any information concerning complaints against Defendant Wells beyond employee complaints of harassment, assault, or battery that occurred during Plaintiff's employment. Such limitation deprives Plaintiff discovery into his allegation that Fox News was aware of a sexual harassment complaint concerning Defendant Wells prior to his start date at Fox News while he worked at an affiliate. Dkt. No. 24 at ¶¶ 5, 41-42.

As outlined above, even with respect to company-wide complaints, it is appropriate for plaintiff to seek discovery for a period beyond the plaintiff's dates of employment. Because of the unprecedented nature of the ASA, courts need not typically address discovery requests for

complaints that span periods similar to the period at issue in the context of employment discrimination, harassment, or retaliation claims. Nevertheless, in other contexts, courts have ruled in a manner that support Plaintiff seeking all relevant complaints made against the two alleged wrongdoers during their whole period of employment. With respect to temporal scope, in Frails v. City of New York, 236 F.R.D. 116, 118 (E.D.N.Y. 2006), the court rejected defendant-employer's attempts to limit the production of complaints concerning the wrongdoers to a ten-year period holding that, the "date of the incidents do not render the records less likely to lead to evidence admissible at trial. There, the court ultimately ordered all substantiated and unsubstantiated complaints of misconduct against the alleged wrongdoers. Id. Similarly, in Bradley v. City of New York, No. 04 Civ.8411 (RWS)(MHD), 2005 WL 2508253, at *3 (S.D.N.Y. Oct. 3, 2005), the court "reject[ed] defendants' argument that any complaint that was filed more than ten years ago should be ignored." There, the court found that, "in view of the striking pattern of complaints against him over a more-than-twenty year period, the proposed cut-off would deny plaintiffs potentially very relevant information." Id. Here, Fox News seeks to deprive Plaintiff of discovery into documents and information concerning the alleged wrongdoers engaging in a highly relevant pattern of misconduct, including harassment or retaliation.

With respect to the type of complaints sought, as outlined below, Plaintiff appropriately seeks the disciplinary and personnel records for Defendant Wells and Defendant MacCarthy. When personnel and disciplinary records for wrongdoers are compelled, courts do not limit such records to be produced to a specific period, type of discipline, or infraction. Additionally, courts in the Second Circuit have found that other instances of misconduct are properly within the scope of discovery even if they involve unlawful conduct or violations of a different nature. For example, in Walls v. City of New York, 502 F. Supp. 3d 686, 694 (E.D.N.Y. 2020), the court overruled the

defendants' objections "to the discoverability of what they call[ed] dissimilar-incident misconduct" and held that, "any concern over a particular misconduct matter's tenuous connection to Plaintiffs' claims is better litigated in the context of admissibility post-discovery." See also Fowler-Washington v. City of New York, No. 19-CV-6590 (KAM) (JO), 2020 WL 5893817, at *3 (E.D.N.Y. Oct. 5, 2020) (broadly finding "no doubt" that defendant's work and disciplinary history was relevant and discoverable, and stating that "[t]he extent to which such records will be admissible at trial is a question for another day"); Benitez v. Lopez, 372 F. Supp. 3d 84, 88-89 (E.D.N.Y. 2018) (overruling defendants' relevance objection to allegedly dissimilar misconduct, holding that "[g]iven that there is a limited identified universe of documents sought, this is really an objection to admissibility, not relevance"); Bradley v. City of New York,2005 WL 2508253, at *2. (finding that "virtually all" instances of misconduct "are potentially relevant ... either because of the similarity of the accusations to plaintiff's allegations here of wrongdoing or because they may influence an assessment of the credibility"). Finally, in a case directly on point in the United States District Court for the District of Massachusetts, the court held that an employee was entitled to all complaints of discrimination against the alleged wrongdoers not just complaints concerning the same type of discrimination at issue. See Brown v. Wal-Mart Assocs., Inc., 616 F. Supp. 3d 137, 144 (D. Mass. 2022).

For the foregoing reasons, Plaintiff respectfully requests that Fox News's protective order be denied, and Fox News be compelled to produce all documents concerning complaints made against or about Defendant Wells or Mr. MacCarthy throughout their employment at Fox News or affiliates/subsidiaries. In the alternative, Plaintiff respectfully requests that Fox News be compelled to produce documents concerning complaints related to sexual harassment, assault, battery, retaliation, or intimidation concerning filing a complaint made against or about Defendant

Wells or MacCarthy during the full period of their employment by Fox News or affiliates/subsidiaries.

**C. Plaintiff Properly Seeks Defendant Wells's Personnel File, Disciplinary Records of Defendant Wells and MacCarthy, All Documents Concerning Defendant Wells's Termination, and Relevant Agreements Between Defendant Wells and Fox News**

Plaintiff appropriately seeks the production of Defendant Wells's complete Personnel File (Request 9); the disciplinary records of Defendant Wells and Mr. MacCarthy (Request 37-38); all documents concerning the termination of Mr. Wells's employment (Request 39), and agreements between defendant wells and Fox News (Request 12).

In employment discrimination matters, courts routinely compel the production of personnel files for specific alleged wrongdoers, as Plaintiff seeks here with respect to Defendant Wells. In Dzanis v. JPMorgan Chase & Co., No. 10 Civ. 3384 (BSJ) (JLC), 2011 WL 5979650, at *4 (S.D.N.Y. Nov. 30, 2011), the court ordered the production of personnel files of both comparable employees and alleged wrongdoers. In ordering such, the court observed, "[b]ecause Thorp is alleged to have participated in the discriminatory conduct at issue here, the information contained in his personnel file—including any complaints of discrimination or retaliation, or disciplinary actions—would be directly relevant to Dzanis' claims." Id. There, the court did not limit the production to certain portions of the personnel file or limit the temporal scope. Id. Additionally, as Plaintiff has done here, the plaintiff's requests in Dzanis included "contracts, separation agreements, severance agreements, releases." Id. at *1.

Similarly, in Ladson v. Ulltra E. Parking Corp., 164 F.R.D. 376, 377 (S.D.N.Y. 1996), the court ordered the production of full personnel files observing that "[t]he Court is not prepared to allow defendants to determine what information is necessary for the plaintiffs to receive." There, the court held that the liberal discovery rules in employment matters justified such production:

16

Moreover, the Court must bear in mind the Supreme Court's direction that civil discovery rules are to be construed liberally in Title VII cases in order to provide the plaintiff with broad access to employers' records. Guided by these principles, the Court hereby orders that defendants are to produce the personnel files of current and former garage attendants and garage supervisors employed by defendants or by business entities controlled by defendants.

Id. at 378.

The above rulings are consistent with the majority of rulings in the Second Circuit on this issue, which do not limit the portions of the personnel file or temporal scope. See Sanders v. SUNY Downstate Med. Ctr., No. 22-CV-4139 (KAM) (CLP), 2024 WL 4198355, at *12 (E.D.N.Y. Sept. 16, 2024) ("Given that Fraser-McCleary is alleged to have engaged in the discrimination or retaliation at issue, or played a significant role in the decision or incident that gave rise to the lawsuit, discovery of her performance evaluations is appropriate."); Osucha v. Alden State Bank, No. 17-CV-1026 (V), 2019 WL 6783289, at *5 (W.D.N.Y. Dec. 12, 2019) ("The Complaint also alleges specific instances of harassment against three coworkers and plaintiff sought the personnel records for these three employees; it is proportional to produce these records[.]"); Qamar v. Sheridan Healthcare of Connecticut, P.C., No. 3:18-CV-1359 (JBA), 2019 WL 3712202, at *3 (D. Conn. Aug. 7, 2019) (ordering production of personnel file and disciplinary record of alleged wrongdoer); Mayo-Coleman v. Am. Sugar Holding, Inc., No. 14-CV-0079 (PAC) (KNF), 2016 WL 4533564, at *4 (S.D.N.Y. Aug. 9, 2016) (ordering production of full personnel file because "[t]he defendants' fear that disclosing the Cronin and Simpson personnel files to the plaintiff will result in the improper dissemination, by Mayo-Coleman, of personal information contained in those files, is unsupported by the motion record which establishes that Mayo-Coleman has not disseminated any personal information contained in Shepard' personnel file since it was disclosed to her"); DeAngelo v. Yellowbook Inc., No. 3:12-CV-520 (GWC), 2015 WL 588627, at *5 (D. Conn. Feb. 10, 2015) (ordering production of

17

"personnel file and, if such files are kept separately, his disciplinary file"); Barella v. Vill. of Freeport, 296 F.R.D. 102, 106 (E.D.N.Y. 2013) (affirming magistrate judge's order compelling the production of the personnel files for twenty four non-party employees because "there is no rigid rule prohibiting discovery of employee personnel files"); Smith v. Goord, 222 F.R.D. 238, 242 (N.D.N.Y. 2004) (ordering production of full personnel files and "records related to training, performance, evaluation, and discipline" for alleged wrongdoers and denying defendants' request for *in camera* review).

For the foregoing reasons, Fox News lacks a proper basis to withhold the personnel documents sought by Plaintiff concerning Defendant Wells (complete personnel file, disciplinary record, all documents concerning the ending of Mr. Wells's employment, and all agreements between Wells and Fox News) and Mr. MacCarthy (disciplinary record).

### D. Plaintiff Appropriately Seeks Relevant Communications Between Fox News and Third Parties

Because Fox News ignored Judge Torres's procedures for raising disputes and unliterally raised this dispute in the procedurally inappropriate context of a motion for a protective order, Plaintiff was deprived of the opportunity to offer any further compromise on this issue before the instant motion practice. Nevertheless, Plaintiff maintains that he appropriately seeks communications between Fox News and any third parties concerning Plaintiff, Plaintiff's claims, and this litigation from November 1, 2023, until the present. Fox News's claim that some of the communications may be privileged is appropriately addressed through Fox News withholding all privileged documents and noting such documents on a privilege log. Because Fox News is unable to articulate a basis for withholding the responsive communications, Plaintiff respectfully requests that Fox News be ordered to produce such communications.

### E.  Plaintiff's Requests Concerning Fox Corporation's Liability Are Relevant

Fox Corporation's inclusion in this litigation is an unresolved issue that will be the subject of a forthcoming motion to amend, as noted by Fox News in their motion for an extension of time to file an answer to Plaintiff's complaint. Dkt. No. 61. Plaintiff's Requests 48-64 and Interrogatories 16-18 all relate to such issue.

Notably, Judge Torres, dismissed the claims against Fox Corporation *without prejudice* because "the filings attached to Delancey's opposition suggest that facts may be available that could cure the deficiencies described above[.]" Dkt. No 54 at p. 19. As argued in Plaintiff's opposition to Fox Corporation's motion to dismiss, such referenced filings from the Securities and Exchange Commission plausibly support that Fox Corporation may be held liable through successor liability. Dkt. No. 43 at pp. 23-29. In her order dismissing the claims against Fox Corporation *without prejudice*, Judge Torres observed how Fox Corporation may be liable:

> Under a common law theory of successor liability, a plaintiff wronged by a predecessor company may hold its successor entity liable if: "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction [was] entered into fraudulently to escape such obligations." New York v. Nat'l Serv. Indus., Inc., 460 F.3d 201, 209 (2d Cir. 2006) (citation omitted). A "de facto merger" may be found "when a transaction, although not in form a merger, is in substance a consolidation or merger of seller and purchaser." Id. (citation omitted). "[T]he hallmarks of a de facto merger include: (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation." Id.

Dkt. No. 54 at p. 17. All of the discovery requests that Fox News baselessly claims are harassing and irrelevant are directly related to potential liability of Fox Corporation as they go to the very considerations outlined above:

- All documents, communications, and ESI concerning or evidencing Fox Corporation's directors, c-suite executives, and board members having notice of Fox News Network's liabilities and assets (Request 48);

- All documents, communications, and ESI concerning or evidencing 21st Century Fox's directors, c-suite executives, and board members having notice of Fox News Network's liabilities and assets (Request 53);

- All documents, communications, and ESI concerning the formation of Fox Corporation (Request 50);

- All documents, communications, and ESI concerning the formation of 21st Century Fox (Request 55);

- All documents, communications, and ESI concerning mergers and demergers associated with the formation of Fox Corporation and/or The Walt Disney Corporation's purchase of any assets that were owned by Twenty-First Century Fox, Inc (Request 51); and

- All documents, communications, and ESI concerning mergers and/or demergers associated with the formation of 21st Century Fox (Request 56).

Throughout discovery, Fox News Network LLC and Fox Corporation inappropriately refused to respond to such requests, once again, acting as if there was a stay in discovery while the motion to dismiss was pending when, in fact, the Court explicitly denied such request. Dkt. No. 30. Such issues remain relevant to this litigation and are by no means harassing or irrelevant. As such, Fox News lacks a basis for a protective order concerning these discovery requests that Fox News LLC and Fox Corporation should have already responded too. Therefore, Plaintiff respectfully requests that Fox News's motion for a protective order concerning such requests be denied. In the alternative, Plaintiff respectfully requests that the Court reserve judgement on this issue until Plaintiff's forthcoming motion to amend is resolved.

## V. <u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Fox News's motion for a protective order in its entirety and order Fox News to produce all documents and information that are responsive to the above outlined discovery requests.

Dated: New York, New York
      March 14, 2024

**FILIPPATOS PLLC**

<u>/s/ Alfredo Pelicci</u>
Alfredo J. Pelicci
425 Madison Avenue, Suite 1502
New York, New York 10017
T/F: 914.984.1111
apelicci@filippatoslaw.com

21