UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DELANCEY,

                *Plaintiff*,

-against-

JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC,

                *Defendants*.

Case No. 1:23-cv-10357(AT)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2025

**STIPULATION AND ORDER FOR THE PRODUCTION AND
EXCHANGE OF CONFIDENTIAL / HIGHLY CONFIDENTIAL INFORMATION**

    WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

    ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

    1.    Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, non-public business information or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." For information produced in other forms, the designating party shall affix (in a prominent place on the exterior of the container or containers in which the information is stored the legend) "CONFIDENTIAL." For testimony given in deposition or in other pretrial or trial proceedings, the designating party shall either (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and/or exhibits, or (2) designate the entirety of the transcript, including exhibits, as "CONFIDENTIAL" (before the proceeding or deposition is concluded) with the right to identify more specific portions of the testimony as to which protection is sought within 30 days following receipt of the final deposition/proceeding transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30.

    2.    Counsel for any party may also designate any document or information, in whole or in part, as highly confidential if counsel determines, in good faith, that such designation is necessary to protect confidential information that is so sensitive that it is entitled to extraordinary protections ("Highly Confidential Information"). The parties shall meet and confer within twenty-one (21) days of any production containing Highly Confidential Information to discuss the need for such designation, and in the event they disagree, the producing party shall be required to present the issue to the Court for a final determination. Information and documents designated by a party as Highly

Confidential Information will be stamped "ATTORNEY'S EYES ONLY," or otherwise designated in the same manner as Confidential Information.

       3.       Confidential Information or Highly Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, *Andrew Delancey v. Fox Corporation, et al.*, Civil Action No. 1:23-cv-10357 (the "Action").

       4.       In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information or Highly Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential Information.

       5.       Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

         a.       Parties to this Action and their counsel, including in-house counsel;

         b.       Employees of such counsel assigned to and necessary to assist in the litigation;

         c.       Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

         d.       An officer before whom a deposition or trial testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 7 of this Stipulation;

         e.       Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraph 7 of this Stipulation;

         f.       The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

         g.       any other person agreed to in writing by the parties.

       6.       Documents designated as "ATTORNEY'S EYES ONLY" shall not be disclosed to any person, except:

         a.       Counsel of record for the parties in this Action and the legal, clerical, paralegal, or other staff of such counsel;

         b.       Expert witnesses retained by the parties or their counsel to furnish expert services in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein, provided, however, that such Highly Confidential Information is furnished, shown, or disclosed in accordance with paragraph 7 of this Stipulation;

2

   c. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court);

   d. An officer before whom a deposition or trial testimony is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer, if furnished, shown, or disclosed in accordance with paragraph 7 of this Stipulation; and

   e. Action trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraph 7 of this Stipulation.

  7. Prior to disclosing or displaying Confidential Information or Highly Confidential Information to any person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

   c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A; and

   d. Counsel for the receiving party obtaining said agreement shall maintain a copy of the signed agreement and, upon request, supply a copy to counsel for the other party.

  8. This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information which have been designated as Confidential Information or Highly Confidential Information in accordance with the terms of this Stipulation. Any deposition witness who is not a party or any non-managerial employee of a party and any court reporter who is given access to Confidential Information or Highly Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the agreement attached hereto as Exhibit A.

  9. Extracts and summaries of Confidential Information or Highly Confidential Information shall also be treated as such in accordance with the provisions of this Stipulation.

  10. The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information or Highly Confidential Information subject to all the terms of this Stipulation and Order.

  11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

  12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or

information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If a producing party becomes aware that it has inadvertently produced information or materials that are protected by the attorney client privilege, work product immunity, or other privilege or immunity, the producing party should promptly notify each receiving party in writing of the inadvertent production. Once a receiving party receives notice in writing of the inadvertent production, it shall make reasonable efforts to gather copies of the information and materials that were distributed to others and shall return or destroy all copies of such inadvertently produced material within seven (7) days of receiving such notice. If a receiving party becomes aware that it is in receipt of information or materials that it knows or reasonably should know is privileged, counsel for the receiving party shall immediately take reasonable steps to (i) stop reading such information or materials, (ii) notify counsel for the producing party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the producing party, and (v) otherwise comport themselves with the applicable rules of professional conduct.

13. Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in discovery, the parties shall follow the Court's procedures for requests for filing under seal.

14. At the conclusion of litigation, Confidential Information and Highly Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information or Highly Confidential Information if otherwise required by law or pursuant to a valid subpoena. Any party receiving a subpoena seeking Confidential Information or Highly Confidential Information will notify the party who produced that information within five (5) business days so that the party may have an opportunity to object before any production.

**Submitted by and agreed to and on behalf of all parties:**

D<span>ATED</span>:  M<span>ARCH</span> 11, 2025

F<span>ILIPPATOS</span> PLLC

By:  /s/ *Alfredo Pelicci* (with consent)
Kimberly A. Catala
Alfredo J. Pelicci
199 Main Street, Suite 800
White Plains, NY
Telephone: (914) 984-1111
kcatala@filippatoslaw.com
apelicci@filippatoslaw.com

*Attorneys for Plaintiff*


D<span>ATED</span>:  M<span>ARCH</span> 11, 2025

P<span>AUL</span> H<span>ASTINGS</span> LLP

By:  /s/ *Krissy A. Katzenstein*
Paul C. Evans
Krissy A. Katzenstein
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
paulevans@paulhastings.com
krissykatzenstein@paulhastings.com

*Attorneys for Defendants Fox Corporation and Fox News Network, LLC*

| | |
|---|---|
| **DATED:** MARCH 11, 2025 | **FREEDMAN TAITELMAN + COOLEY, LLP**<br><br>By: /s/ *Jason H. Sunshine* (with consent)<br>Jason H. Sunshine<br>Bryan J. Freedman<br>1801 Century Park West, 5th Floor<br>Los Angeles, California 90067<br>Telephone: (310) 201-4285<br>jsunshine@ftllp.com<br>bfreedman@ftllp.com<br><br>*Attorneys for Defendant Justin Wells* |●
| SO ORDERED:<br><br>**DATED:**  3/21/2025 | *Katharine H Parker*<br>HONORABLE KATHARINE PARKER<br>UNITED STATES MAGISTRATE JUDGE |

6