```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DELANCEY,

                Plaintiff,

-against-

JUSTIN WELLS, FOX CORPORATION, and
FOX NEWS NETWORK, LLC,

                Defendants.

<u>OPINION AND ORDER ON
MOTION FOR PROTECTIVE ORDER</u>

23-CV-10357 (AT)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

    Currently before the Court is Defendant's Fox News Network, LLC ("Fox News") Motion for a Protective Order filed on February 28, 2025. ECF No. 58. For the reasons discussed below, the motion is granted in part and denied in part.

### BACKGROUND

    The events at issue in this case occurred in 2008. During the relevant period, Defendant Justin Wells worked in New York as a field producer for Greta Van Susteren's Fox news program. Just prior to this role, Wells served as a producer at Fox 5 New York City. In 2007, Wells contacted Plaintiff Andrew Delancey, who was working at Fox 13 in Tampa Bay, over Facebook, indicating that Delancey had "caught his eye." In 2008, Wells encouraged Delancey to apply for a job with Fox News Edge in New York.

    Delancey applied for the job, interviewed with and was hired by Mykel MacCarthy, the Assistant News Director at Fox News Edge. He began working at Fox News Edge in September 2008. His responsibilities included creating content for the West Coast market (i.e., local Fox news programs) and coordinating afternoon and evening news coverage.

1

Within a week of Delancey's arrival in New York, Wells allegedly began showering Delancey with gifts. Although Delancey did not work on the same show or team as Wells, Delancey contends he was required to perform certain task for Wells, such as producing content for Van Susteren's show.

Delancey and Wells socialized outside of work with each other and co-workers. About a month after Delancey arrived in New York, Wells invited Delancey to Wells' home for cocktails. Delancey expected co-workers to be there, but when he arrived, none were there. Delancey alleges Wells physically and sexually assaulted him in his apartment that night. Delancey objected to this conduct and made clear that he did not consent to any of Wells' sexual demands.

Thereafter, Delancey contends Wells interfered with his application for a job at another TV station in retaliation for Delancey declining Wells' sexual advances. Delancey told co-workers about Wells' conduct, one of whom informed Delancey that she too had been sexually harassed by Wells and complained about it to Fox's human resources department. MacCarthy, who was Delancey's supervisor at the time, allegedly told Delancey not to report any concerns, including inappropriate conduct, to human resources on the grounds that human resources could not be trusted.

Delancey, who was continuing to perform tasks for Wells, began to believe his career at Fox had stalled following Wells' threats to hinder his advancement. So, he left his position in New York and returned to the local Fox station in Florida.

In November 2023, Delancey filed this action in New York state court alleging hostile work environment, quid pro quo harassment and retaliation under the New York State and City

Human Rights Laws. Delancey originally named Fox Corporation ("Fox Corp.), Fox News and Wells as Defendants. However, the Honorable Analisa Torres dismissed the claims against Fox Corp., without prejudice, for failure to state a claim. Fox Corp. was formed in 2019 after News Corporation ("News Corp."), which owned the Fox cable news network, split into two companies, News Corp. and Twenty-First Century Fox, Inc., and after Disney acquired Twenty-First Century Fox, Inc. Fox Corp. owns the television, broadcasting, news and sports assets not acquired by Disney. Currently, the only Defendants in this action are Fox News and Wells. *See* ECF No. 68.

## **PROCEDURAL HISTORY**

Judge Torres set a discovery schedule in this case on March 1, 2024. Fact discovery was to be completed by October 28, 2024, and expert discovery was to be completed by December 12, 2024. ECF No. 35. In October 2024, Judge Torres extended the fact discovery deadline to January 26, 2025 and the expert discovery deadline to March 12, 2025. She referred this matter to the undersigned on February 21, 2025 after Defendants moved to stay discovery and requested permission to file a motion for a protective order. ECF No. 56.

Although the parties have had more than a year to conduct discovery, no depositions have been taken. No expert discovery has been exchanged. And, the parties are still arguing over production of documents. As a result, this Court granted the parties' request to extend discovery deadlines another 120 days.

Currently before the Court is Fox News' motion for a protective order. ECF No. 58. Fox objects to multiple documents requests and interrogatories because they request irrelevant information and are overbroad and disproportionate to the needs of the case.

3

## **LEGAL STANDARDS**

The Federal Rules of Civil Procedure ("Rules") are designed to allow the parties in the litigation to gather relevant facts necessary to prosecute and defend the action in the most economic, efficient, and fair way. *Brown v. Barnes and Noble, Inc.*, 474 F. Supp. 3d 637, 643 (S.D.N.Y. 2019); Fed. R. Civ. P. 1. Rules 26, 33 and 34 are at issue in this case.

Rule 26(b)(1) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Rule 34 permits a party to serve on any other party a request for documents and electronically stored information so long as the request is within the scope of Rule 26(b)(1). The request must "describe with reasonably particularity each item or category" of documents and information sought. Fed. R. Civ. P. 34(b)(1)(A). Under Rule 34, a requesting party has an obligation to tailor a document request so that it requests only relevant information but also so that it is proportional to the needs of the case. *Optionality Consulting Pte. Ltd. v. Edge Technology Group LLC*, 2022 WL 1977746 (S.D.N.Y. June 3, 2022). Objections to document requests must be stated with specificity and include the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(B-C).

Rule 33 permits a party to serve no more than 25 written interrogatories, including discrete subparts. Fed. R. Civ. P. 33(a)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b)(1). In other words, interrogatories may seek nonprivileged

4

information relevant to any party's claim or defense and proportional to the needs of the case. Grounds for objections to interrogatories must be stated with specificity. Fed. R. Civ. P. 33(b)(4). If examining documents from which the answer to an interrogatory may be ascertained would be no more burdensome to one party than the other, the responding party may answer by specifying the records that contain the answer. *See* Fed. R. Civ. P. 33(d).

Local Rule 33 for this District restricts the interrogatories that may be served at the commencement of discovery to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Civ. R. 33.3(a). The Local Rule specifies that, "[d]uring discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court." S.D.N.Y. Civ. R. 33.3(b). It permits "interrogatories seeking the claims and contentions of the opposing party" to be served at least 30 days prior to the discovery cut-off "unless the Court has ordered otherwise." S.D.N.Y. Civ. R. 33.3(c). The Local Rule reflects the prevailing view in this District that interrogatories are often burdensome and not as effective as other methods of obtaining information in discovery. It explicitly authorizes judges to prohibit interrogatories as part of their general management of a case. Thus, the Court has wide discretion in determining whether to require answers to interrogatories. *Mobil Oil Co. v. Dep't of Energy*, 1982 WL 1135,

at *4 (N.D.N.Y. Mar. 8, 1982) (court has wide discretion in determining whether to require answers to interrogatories).

When propounding and responding to document requests and interrogatories, parties are expected to act in accordance with both the letter and intent of the Rules as amended in 2015, which "were intended to address systemic problems in how discovery requests and responses traditionally were handled."  The Sedona Conference, *Federal Rule of Civil Procedure 34(b)(2) Primer: Practice Pointers for Responding to Discovery Requests*, 19 Sedona Conf. J. 447, 452 (2018).  Amended Rule 1 emphasizes that the parties have a responsibility to construe and administer the Rules to ensure the just, speedy and inexpensive resolution of every action.  Fed. R. Civ. P. 1; Fed. R. Civ. P. 1 advisory committee's note to 2015 Amendment.  Parties also must certify that every discovery request and response is in fact consistent with Rule 26(b)(1), not interposed for any improper purpose, and not unreasonable or unduly burdensome.  Fed. R. Civ. P. 26(g).

In making rulings on the scope of discovery, a court "must limit the frequency or extent of discovery otherwise allowed by these rules" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

When carrying out its duty to manage litigation, a court "may, for good cause issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "The burden is upon the party seeking non-

disclosure or a protective order to show good cause [and] the trial court has broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, 144 (E.D.N.Y. 2010) (internal quotations, alterations, and citations omitted). A district court has "wide latitude to determine the scope of discovery" and "abuses its discretion only when the discovery is so limited as to affect a party's substantial rights." *In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008) (citation omitted).

## DISCUSSION

Plaintiff served seventy-eight document requests and eighteen interrogatories on Fox News and Fox Corp. (collectively, the "Fox Defendants"). The document requests on the whole are incredibly broad and some requests overlap with others. The interrogatories arguably are not fully compliant with the Local Rules in terms of the scope of information sought and also overlap with the document requests.

Fox News objects to a large number of the requests on the grounds of relevance, overbreadth, and burdensomeness. Given the overlapping nature of the requests, it has grouped the requests into five categories, which the Court addresses below.

1. **Information Concerning Complaints Made By Or Against Any Current Or Former Employee From September 1, 2004 Through September 1, 2012 (Interrogatory 13; Requests 27-29)**

Plaintiff seeks all documents, communications, and/or ESI concerning any formal or informal reports, complaints, charges, allegations, arbitrations, or lawsuits concerning sex-based harassment, retaliation, assault, or battery by or against any current or former employees of the Fox Defendants from September 1, 2004, through September 1, 2012, who

7

worked in the State of New York. He also seeks all documents, communications, and/or ESI concerning the investigations and resolutions of any such complaints.

Fox News argues that the time period covered by the requests is overbroad because Plaintiff was employed by Fox News in New York for only two years in the eight-year period for which documents are sought, and because complaints post-dating Plaintiff's employment have no bearing on whether Fox News or MacCarthy was or could have been on notice that Wells had engaged in misconduct. Fox also argues that complaints against employees other than Wells and MacCarthy have no bearing on whether Wells harassed or retaliated against Delancey. Delancey counters that complaints of others and the company's response to them is relevant to proving that the atmosphere of the company was one that tolerated harassment and retaliation and discouraged complaints.

When, as here, a plaintiff alleges a corporate atmosphere that tolerates harassment and retaliation, courts will permit discovery of complaints filed by persons other than the plaintiff. However, they typically cabin the discovery to complaints involving the same type of conduct about which the plaintiff complains and to complaints in the same work unit, location or event involving the same alleged wrongdoer. Courts also will limit the time period to one that is proportionate to the needs of the case. *See, e.g.*, *Curtis v. Citibank, N.A.*, 70 F. App'x 20, 24 (2d Cir. 2003) (limiting discovery to the plaintiffs' supervisors); *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 557, 567 (S.D.N.Y. 2013) (noting "discovery is often limited to a plaintiff's employment department or unit"); *Mayo-Coleman v. Am. Sugar Holding, Inc.*, No. 14-CV-0079, 2016 WL 4533564, at *5 (S.D.N.Y. Aug. 9, 2016) (rejecting request for facility-wide discovery of complaints); *O'Rear v. Diaz*, No. 24 Civ.1669 (PAE), 2024 WL 4903722, at *1 (S.D.N.Y. Nov. 27,

8

2024) (compelling the production of sexual harassment complaints for a ten-year period including two years before plaintiff's employment began); *Harris v. Bronx Parent Hous. Network, Inc.*, No. 18 Civ. 11681 (GBD) (SN), 2020 WL 763740, at *3 (S.D.N.Y. Feb. 14, 2020) (denying defendants' motion for a protective order because "other claims of discrimination against a defendant are discoverable if limited to the same form of discrimination"); *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18 Civ. 4476 (LJL) (SLC), 2020 WL 1166047, at *4 (S.D.N.Y. Mar. 11, 2020) (compelling the production of company-wide substantiated and unsubstantiated complaints concerning similar alleged conduct for an eight-year period). What case law teaches is that the nature of the facts alleged and the particulars of the plaintiff's employment relationship to the alleged bad actor(s) guides what is relevant and proportional in a case.

In this case, the nature of the sexual harassment alleged is specific to one individual — Wells — and is alleged to have occurred outside of the office at Wells' apartment during non-working hours. However, Wells is alleged to have harassed another person at some time prior to harassing Delancey and to have retaliated against Delancey by interfering with Delancey's career advancement. Additionally, MacCarthy is alleged to have been indifferent to Delancey's complaint and to have indicated that Human Resources was similarly indifferent. These allegations suggest that some discovery pre-dating Delancey's arrival in New York should be permitted, as should discovery about complaints by others that may have led MacCarthy to believe Human Resources "could not be trusted." Complaints post-dating Delancey's departure from Fox News in New York will have marginal bearing on the work atmosphere experienced by Delancey. Furthermore, the Court is mindful that other people's complaints about people

other than those involved in the case are not core to proving Plaintiff's claims, which bears on the discovery's importance and proportionality. Said another way, other people's complaints about people other than Wells have no value in proving whether Wells engaged in harassment or retaliation and at best may reflect an atmosphere that allowed harassment and retaliation to exist. Complaints of others against Wells similarly do not prove that Wells assaulted or retaliated against Plaintiff; at best, they may show that Wells had a pattern of improper conduct toward others. The complaints of others against Wells would, however, show whether the company was on notice of misconduct by Wells. And, the company's failure to investigate claims against Wells or failure to investigate claims of sexual harassment and retaliation generally bear on whether Wells was emboldened to act because he knew there would be no repercussions for improper sexual conduct or retaliation. But, Plaintiff's requests for all documents concerning other people's complaints of all types from 2004 through 2012 is overbroad and disproportionate to the needs of the case. Plaintiff is not investigating the validity of other people's complaints and does not need the minutia of human resources' investigations into those complaints, including ones in the years after he left Fox News in New York. Accordingly, the motion for protective order will be granted in part and denied in part as to these requests and interrogatory.

    Fox News shall be required to produce written complaints (whether formal or informal) of sexual harassment or sexual assault or retaliation for complaining about same made by any employee against Wells for the period of Wells' start of employment through December 31, 2010; and written complaints (whether formal or informal) of sexual harassment or sexual assault or retaliation for complaining about same made by employees of Fox News Edge in

New York and employees of the Fox News Channel shows in New York who Plaintiff supported (e.g., the Greta Van Susteren show) for the period January 1, 2007 through December 31, 2010.[1] By written complaints, the Court means court or arbitral complaints, administrative charges, emails or other written or electronic communications from employees to MacCarthy, Wells' supervisors, or Fox human resources alerting them of this type of misconduct (i.e., sexual harassment or assault and retaliation for complaints about same), and logs or notes of MacCarthy, Wells' supervisors, or Fox human resources recording receipt of a complaint of this type of misconduct. To the extent Plaintiff has sought information regarding investigation of complaints, Plaintiff may inquire during a Rule 30(b)(6) deposition whether any investigation was conducted of any such complaints and whether the investigations followed then existing policies and procedures. Discovery of written documents concerning the details of such investigations is disproportionate to the needs of the case and thus no documents concerning such investigations need to be produced. Fox News also shall produce documents reflecting the policies and procedures in place during the period January 1, 2007 through December 31, 2010 for investigating complaints of sexual harassment and assault and retaliation. This discovery is more than sufficient to ascertain whether there were complaints of the type made by Plaintiff and the company's attitude toward such complaints during the relevant period.

2. **All Complaints Relating To Mr. Wells And Mr. MacCarthy (Interrogatories 11, 12, 14; Requests 30-35 and 41)**

The issues raised by these requests overlap with those discussed above. The only additional issue is whether Fox News should be required to produce complaints relating to

---

[1] To be clear, this latter category is intended to exclude complaints by employees of local news shows/stations outside of New York (e.g., Fox 13 Tampa Bay).

11

MacCarthy. MacCarthy is alleged to have sanctioned or been indifferent to Wells' conduct — he is not alleged to have engaged in sexual harassment. Accordingly, complaints by employees that MacCarthy failed to report or investigate complaints of discrimination, harassment and retaliation are the only relevant complaints about MacCarthy. Accordingly, for similar reasons discussed above, any such written complaints about MacCarthy for the period of his start of employment through December 31, 2010 shall be produced. By written complaints, the Court means court or arbitral complaints, administrative charges, emails or other written or electronic communications from employees to MacCarthy's supervisors or Fox human resources alerting them of this type of misconduct, and logs or notes of MacCarthy's supervisors or Fox human resources recording receipt of a complaint of this type of misconduct.

### 3. Information Relating To Mr. Wells' And Mr. MacCarthy's Respective Employments With Fox News (Requests 9, 12, 37, 38, and 39)

Plaintiff seeks the complete personnel file of Wells, as well as any formal or informal disciplinary records of Wells and MacCarthy (regardless of the nature of the misconduct), all documents and communications concerning the termination of Wells' employment in 2023, and agreements between Wells and Fox News. Requests 9, 12, 37, 38, and 39.

Personnel files are sometimes maintained separately from employee relations files and benefits files. However, in some cases information about employee benefits, medical leaves of absence, and dependents are contained in personnel files. Plaintiff has not articulated why information about Wells' employee benefits (e.g., health and pension benefits), dependents, medical leaves of absence and the like are relevant to the claims in this case. And, courts often limit discovery of personnel information that is not relevant to the claims in the case. *See e.g., Alexander v. New York City Dep't of Educ.*, 339 F.R.D. 372, 375 (S.D.N.Y. 2021) (granting motion

to quash request for entire personnel file because request encompassed irrelevant files); *O'Bar v. Borough of Naugatuck*, No. 01-cv-867, 2002 U.S. Dist. LEXIS 27372, at *6-7 (D. Conn. Apr. 8, 2002) (finding that there was no showing that the entirety of a personnel file was relevant and issuing a protective order as to irrelevant portions).

The only relevant information in Wells' and MacCarthy's files would be evidence of any complaints against either Wells or MacCarthy concerning sexual harassment/assault and retaliation, discipline against them for violation of fair employment practices policies, performance criticism or performance reviews touching on their compliance with fair employment practices policies, management of employees, leadership and communication skills, training received on fair employment practices/anti-harassment policies, pay raises or bonuses after receipt of any complaints of sexual harassment/assault or retaliation against them and/or discipline or poor performance reviews.  The terms of their respective employment and job duties in the period January 1, 2008 through December 31, 2010 are also relevant (i.e., positions held, departments, supervisors, pay, applicable employment contracts, any non-disclosure or other agreements effective at that time).  Information sufficient to show the reason(s) for Wells' termination also is arguably relevant, even though it occurred years after Plaintiff left Fox.  Accordingly, the motion for a protective order is granted in part and Fox News shall only be required to produce the information set forth above.

The cases Plaintiff relies on for broader discovery are distinguishable and unpersuasive. *See Sanders v. SUNY Downstate Med. Ctr.*, No. 22-CV-4139 (KAM) (CLP), 2024 WL 4198355, at *12 (E.D.N.Y. Sept. 16, 2024) (unlike the general request here, the document request in *Sanders* narrowed the production from the personnel files to specific relevant documents related to

13

performance, reprimand, discipline and promotion); *Dzanis v. JPMorgan Chase & Co.*, No. 10 Civ. 3384 (BSJ) (JLC), 2011 WL 5979650, at *4 (S.D.N.Y. Nov. 30, 2011) (court based ruling on outdated broad proportionality standard making discoverable evidence that may lead to the discovery of admissible evidence); *Ladson v. Ulltra E. Parking Corp.*, 164 F.R.D. 376, 377 (S.D.N.Y. 1996) (court based ruling on outdated broad proportionality standard making discoverable evidence that may lead to the discovery of admissible evidence); *Qamar v. Sheridan Healthcare of Connecticut, P.C.*, No. 3:18-CV-1359 (JBA), 2019 WL 3712202, at *3 (D. Conn. Aug. 7, 2019) (case not persuasive in this district).

4. **Communications From November 2023 To Present (Requests 7, 72-78)**

Plaintiff has many requests for communications about Plaintiff, Wells and MacCarthy from November 1, 2023 to the present. These requests are not tailored at all by custodian or subject matter of communication and seek documents long post-dating the events at issue in this case. *See* Requests 72-78. Request 7 also seeks "any and all documents, communications, and/or ESI concerning Plaintiff's claims of misconduct and/or violations of state, local, or federal laws/regulations, including but not limited to investigations of such complaints."

These requests are clearly overbroad and disproportionate to the needs of the case. Indeed, Plaintiff does not defend the breadth of these requests. He merely asserts that to the extent they seek post-litigation communications that are privileged, such communications should be placed on a privilege log. Fox News contends it did not learn of Plaintiff's complaint about Wells until this action was filed and that, as a result, any investigation conducted is work product and communications privileged. Accordingly, it seeks to avoid producing anything in response to these requests.

Parties often agree not to log communications with lawyers after the commencement of litigation. Also, in some instances, courts have precluded such discovery. *See, e.g., GMA Accessories, Inc. v. HMY Jewelry, Inc.*, No. 20 Civ. 11126, 2021 WL 1885260, at *4 (S.D.N.Y. May 11, 2021) (denying motion to compel production of communications made in response to threatened litigation).

In this case, it is conceivable that recent communications may attach documents or communications from the 2008-2010 time period when the events at issue occurred relevant to the events in question (i.e., Plaintiff's complaint, complaints about Wells or MacCarthy, information about then existing policies and procedures and the corporate structure of Fox News Edge vis-à-vis Fox News, organization charts, relevant job descriptions, etc). Such contemporaneous documents, if not privileged, that were unearthed during any investigation into the complaint should be produced. Similarly, it is conceivable there were non-privileged internal communications concerning the allegations in the complaint in this action after it was filed. Any such communications should be produced. To the extent there was a privileged investigation or privileged communications in the period November 1, 2023 through the filing of Defendants' motion to dismiss regarding the allegations in the complaint, Fox News should produce a privilege log, which may be a categorical log. Fox News shall not be required to produce a log regarding privileged communications after the filing of the motion to dismiss, as the Court finds such a requirement is disproportionate to the needs of the case given none of the relevant parties are still employed by Fox News and any communications at this point will pertain only to the litigation defense.

5. **Information About The Corporate Structure, Finances and Personnel Of Fox Corporation, Twenty-First Century Fox And News Corporation (Interrogatories 16-18; Requests 48-64)**

Plaintiff has propounded seventeen document requests and three interrogatories seeking detailed corporate information on Fox News, Fox Corp., Twenty-First Century Fox, Inc., and News Corp. relating the multiple corporate changes that have occurred since 2010, including "all" communications concerning same, identify of all the various corporate directors and top executives of all the various Fox entities that have existed since 2008 to date and their communications and knowledge of all the Fox entities' assets and liabilities, among other vast amounts of information no relevant to the claims and defenses in this case or proportional to the needs of the case. Fox News also argues that since Fox Corp. has been dismissed as a defendant, no discovery should be permitted regarding all the various corporate changes.

Courts have disallowed discovery regarding moot claims and parties. *See, e.g., U.S. Bank, N.A. v. Charitable Donor Advised Fund, L.P.*, No. 21-cv-11059, 2024 WL 3893533, at *1 (S.D.N.Y. Feb. 1, 2024) (denying as moot any request to compel discovery that relates to dismissed claims). Plaintiff's counsel acknowledged at the recent court conference that these requests were served when Fox Corp. was a party but argued it should be able to discover this information so that it can add Fox Corp. back in as a party. Plaintiff asserts the information is needed to demonstrate that Fox Corp. — formed in 2019 — is a successor entity that can be held liable for the claims, if they are demonstrated to have merit. This argument reveals the information sought is not relevant to demonstrating the merits of Plaintiff's claims of harassment or retaliation or any defense thereto. At best, this information is relevant to damages and collection of same. Further, these requests are moot given the dismissal of Fox

Corp. as a party. Plaintiff's lack of diligence in pursuing this information for the last year through a motion to compel or otherwise demonstrates it is not that important to Plaintiff. Furthermore, the sheer volume of information sought is not proportional to the needs of the case given its irrelevance to the merits of the claims and defenses and given that there are only four months left in discovery and still significant merits discovery remaining. Accordingly, the motion for a protective order is granted as to these requests. Should damages discovery be warranted at a later stage, Plaintiff may apply to the Court to obtain information relevant to potential liability of Fox Corp. for any judgment against Fox News on the claims.

## CONCLUSION

For the reasons set forth above, the motion for a protective order is granted in part and denied in part. Fox News shall produce information responsive to the requests consistent with this Opinion and Order. Should information be revealed through the discovery that has been permitted that gives rise to the need to revisit the limitations of discovery imposed herein, Plaintiff may apply to the Court to seek additional information.

**SO ORDERED.**

Dated: April 4, 2025
New York, New York

*Katharine H. Parker*
_____
Katharine H. Parker
United States Magistrate Judge