IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW DELANCEY, | |
| Plaintiff, | Case No.: 1:23-cv-10357(AT) |
| v. | |
| JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC., | |
| Defendants | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Fox News Network, LLC ("Fox News" or "Defendant")[1], by and through its attorneys, Paul Hastings LLP, hereby submits its Answer and Affirmative Defenses to Plaintiff's Amended Complaint ("FAC"), and states as follows:

**PRELIMINARY STATEMENT**

1. Denied.

2. Denied. To the extent Plaintiff purports to base the allegations in Paragraph 2 on media reports regarding a resolution with the New York City Human Rights Commission, such resolution speaks for itself.

3. Denied. To the extent Plaintiff purports to base the allegations in Paragraph 3 on media reports regarding a lawsuit against Twenty-First Century Fox, Inc., the lawsuit speaks for itself.

4. Denied.

5. Denied.

---

[1] The Court dismissed Fox Corporation as a party in this lawsuit on February 21, 2025. *See* ECF No. 54.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies the allegations in Paragraph 6.

7. Denied.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Plaintiff "suffered in silence" and regarding what Plaintiff shared with others, and therefore denies those allegations in Paragraph 8. Defendant admits that Plaintiff purports to base the remaining allegations in Paragraph 8 on social media posts. The social media posts and any documents or statements referenced therein speak for themselves. Defendant denies any remaining allegations in Paragraph 8.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Defendant admits only that Defendant is not a citizen of Ohio and that Plaintiff asserts the amount in controversy exceeds $75,000. Defendant lacks sufficient knowledge or information to form a belief as to the truth of Plaintiff's citizenship, and therefore denies those allegations. The remaining allegations in Paragraph 10 are legal conclusions and therefore no response is required.

11. Defendant admits only that its principal place of business is in New York. The remaining allegations in Paragraph 11 are legal conclusions and therefore no response is required.

## PARTIES

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the allegations in Paragraph 12.

13. Defendant admits that Plaintiff was formerly employed by Fox News as a Regional Producer, then a National Producer, assigned to Fox News Edge, which was part of Fox News and licensed news feeds to Fox affiliates and other subscribers to use as part of local news broadcasts throughout the United States and abroad. Defendant denies the remaining allegations in Paragraph 13.

14. Defendant admits that, in Mr. Wells' Answer, Mr. Wells "admit[ted] that he resided in New York, New York, and was employed by [Fox News] at all relevant times. Wells further admit[ted] that he worked for several local Fox affiliates in Florida and New York early in his career and that he worked as a producer on Greta Van Susteren's and Tucker Carlson's shows while employed by Fox [News] prior to his termination in or around April 2023." (ECF No. 29.) Defendant admits that Plaintiff purports to base the allegations in the fifth sentence of Paragraph 14 on media reports. The media reports and any documents or information referenced therein speak for themselves. Defendant denies the media reports have any relevance to Plaintiff's claims. Defendant denies that Fox Corporation employed Mr. Wells and denies any remaining allegations in Paragraph 14.

15. Defendant denies that Fox Corporation is a defendant in this case but otherwise admits the allegations in the first sentence of Paragraph 15. Defendant further admits that Fox Corporation is a publicly traded corporation listed on the Nasdaq stock exchange and is the indirect parent company of Fox News. Defendant further admits that Plaintiff purports to base the allegations in the third sentence of Paragraph 15 on media reports. The media reports and any documents or statements referenced therein speak for themselves. Defendant denies that the media reports or allegations in Paragraph 15 have any relevance to Plaintiff's claims. Defendant denies any remaining allegations in Paragraph 15.

16. Defendant admits that Fox News Network, LLC operates Fox News Channel, a cable news network. Defendant further admits Fox News Network, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in New York, New York. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations in Paragraph 16, and therefore denies the remaining allegations in Paragraph 16.

## FACTUAL ALLEGATIONS

17. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the allegations in Paragraph 17.

18. Defendant admits that Plaintiff purports to base the allegations in Paragraph 18 on a social media message. The social media message and any documents or statements referenced therein speak for themselves. Defendant denies any remaining allegations in Paragraph 18.

19. Defendant admits that Plaintiff purports to base the allegations in Paragraph 19 on a social media message. The social media message and any documents or statements referenced therein speak for themselves. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies the remaining allegations in Paragraph 19.

20. Defendant admits that Plaintiff purports to base the allegations in Paragraph 20 on a social media message. The social media message and any documents or statements referenced therein speak for themselves. Defendant denies any remaining allegations in Paragraph 20.

21. Defendant admits that Plaintiff purports to base the allegations in Paragraph 21 on a social media message. The social media message and any documents or statements referenced therein speak for themselves. Defendant lacks sufficient knowledge or information to form a belief

as to the truth of the remaining allegations in Paragraph 21, and therefore denies the remaining allegations in Paragraph 21.

22.     Defendant admits that in September 2008, it hired Plaintiff as a Regional Producer assigned to Fox News Edge in New York City, beginning his employment with Fox News. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations regarding how Plaintiff felt about his new role, and therefore denies these allegations. Defendant denies any remaining allegations in Paragraph 22.

23.     Defendant admits that Mykel McCarthy supervised Plaintiff's performance during Plaintiff's employment with Fox News. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies the remaining allegations in Paragraph 23.

24.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the allegations in Paragraph 24.

25.     Denied.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding what Mr. Wells told Plaintiff or Plaintiff's impressions, and therefore denies the allegations in Paragraph 26. Defendant denies any remaining allegations in Paragraph 26.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the allegations in Paragraph 27.

28.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the allegations in Paragraph 28.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the allegations in Paragraph 29.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30, and therefore denies the allegations in Paragraph 30.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31, and therefore denies the allegations in Paragraph 31.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32, and therefore denies the allegations in Paragraph 32.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies the allegations in Paragraph 33.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies the allegations in Paragraph 34.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and therefore denies the allegations in Paragraph 35.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies the allegations in Paragraph 36.  However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37, and therefore denies the allegations in Paragraph 37. However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies the allegations in Paragraph 38. However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies the allegations in Paragraph 39. However, Defendant notes that Mr. Wells denies these allegations in his Answer (ECF No. 29).

40. Defendant admits only that upon hire Plaintiff held the title of Regional Producer at Fox News Edge. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 40, and therefore denies the remaining allegations in Paragraph 40.

41. Denied.

42. Denied.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies the allegations in Paragraph 43.

44. Denied.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 that Mr. Wells contacted Mr. Delancey, and therefore denies these allegations. Defendant denies the remaining allegations in Paragraph 45.

46. Denied.

47. Defendant admits only that Mr. Wells was not Plaintiff's direct or indirect supervisor at any point during Plaintiff's employment with Fox News. Defendant denies the remaining allegations in Paragraph 47.

48. Denied.

49. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies the allegations in Paragraph 49.

50. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 50, and therefore denies the allegations in Paragraph 50.

51. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 51, and therefore denies the allegations in Paragraph 51.

52. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies the allegations in Paragraph 52.

53. Denied.

54. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations that Mr. Wells made threats or the allegations regarding the reasons Plaintiff returned to his previous position, and therefore denies these allegations. Defendant denies the remaining allegations in Paragraph 54.

55. The assertion that Plaintiff acted "bravely" is not a statement of fact, and therefore, no response is required. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 55, and therefore denies the allegations in Paragraph 55.

56. Defendant admits that Plaintiff purports to base the allegations in Paragraph 56 on social media posts. The social media posts and any documents or statements referenced therein speak for themselves. Defendant denies any remaining allegations in Paragraph 56.

57. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies the allegations in Paragraph 57.

58. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 58 regarding what a coworker "confirmed," and therefore denies these allegations. Defendant denies the remaining allegations in Paragraph 58.

59. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies the allegations in Paragraph 59.

60. Defendant admits that Plaintiff purports to base the allegations in Paragraph 60 on a written communication. The written communications and any documents or statements referenced therein speak for themselves. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in Paragraph 60, and therefore denies the remaining allegations in Paragraph 60.

## CAUSES OF ACTION

61. The allegations in Paragraph 61 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant refers to the Amended Complaint for its content but otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 61, and therefore denies the allegations.

62. The allegations in Paragraph 62 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant refers to the Amended Complaint

its content but otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 62, and therefore denies the allegations.

63. The allegations in Paragraph 63 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant refers to the Amended Complaint for its content but otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 63, and therefore denies the allegations.

**FIRST CAUSE OF ACTION**
**(Assault*)*
*Against Defendant Wells*

64. Defendant incorporates and realleges its answers to Paragraphs 1 through 63 as though fully set forth herein.

65. The first cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 65.

66. The first cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. The first cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67 and denies that Plaintiff is entitled to any damages or other relief whatsoever.

68. The allegations in Paragraph 68 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant refers to the Amended Complaint for its content but otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 68, and therefore denies the allegations.

## SECOND CAUSE OF ACTION
### (Battery)
*Against Defendant Wells*

69. Defendant incorporates and realleges its answers to Paragraphs 1 through 68 as though fully set forth herein.

70. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 70.

71. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 71.

72. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 72.

73. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 73.

74. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 74.

75. The second cause of action is asserted against Defendant Wells only, and therefore, no response by Fox News is required. To the extent a response is required, Defendant denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant refers to the Amended Complaint for

its content but otherwise lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 76, and therefore denies the allegations.

### THIRD CAUSE OF ACTION
### Sexual Harassment Under the New York State Human Rights Law
*Against the Fox Defendants*

77. Defendant incorporates and realleges its answers to Paragraphs 1 through 76 as though fully set forth herein.

78. The allegations in Paragraph 78 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant denies that New York Exec. Law § 297(9) provides Plaintiff with an independent, civil cause of action against Defendant.

79. The allegations in Paragraph 79 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant denies that New York Exec. Law § 296(1)(a) provides Plaintiff with an independent, civil cause of action against Defendant.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

### FOURTH CAUSE OF ACTION
### Sexual Harassment Under the New York City Human Rights Law
*Against the Fox Defendants*

84. Defendant incorporates and realleges its answers to Paragraphs 1 through 83 in the as though fully set forth herein.

85. The allegations in Paragraph 85 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant denies that New York City Administrative Code § 8-502(a) provides Plaintiff with an independent, civil cause of action against Defendant.

86. The allegations in Paragraph 86 are conclusions of law and therefore no response is required. To the extent a response is required, Defendant denies that New York City Administrative Code § 8-107(1) provides Plaintiff with an independent, civil cause of action against Defendant.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## PRAYER FOR RELIEF

Denied. Defendant denies that Plaintiff is entitled to any damages or relief whatsoever, including any relief sought in the Prayer for Relief of the Amended Complaint. Defendant further denies any wrongdoing or violations of law and any remaining allegations in the Amended Complaint.

## JURY DEMAND

Defendant admits only that Plaintiff has requested a jury trial in this action.

## AFFIMATIVE DEFENSES

Defendant asserts the following affirmative defenses. Defendant reserves the right to amend its Answer and to assert additional defenses and affirmative defenses that may appear and prove applicable during the course of this litigation.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, to the extent he failed to exhaust, timely and properly, all necessary administrative, statutory and/or jurisdictional remedies or prerequisites.

3. To the extent Plaintiff failed to comply with applicable statutes of limitation, his claims are barred and/or diminished.

4. All employment decisions made with regard to Plaintiff were at all times motivated by legitimate, non-discriminatory and non-retaliatory factors, and Defendant at no time acted in an unlawful manner in connection with any employment decision regarding Plaintiff. Alternatively, even if some impermissible factor played a role in any of those decisions, which Defendant denies, the same decisions would have been reached anyway for legitimate, non-discriminatory, and non-retaliatory reasons.

5. Plaintiff's claims are barred, in whole or in part, by virtue of Plaintiff's own acts, representations, and conduct, and Plaintiff has waived and is estopped from asserting claims against Defendant.

6. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to take reasonable steps to mitigate his claims of damages, the existence of such damages being hereby denied.

7. Defendant acted at all times in good faith efforts to comply with all anti-discrimination and anti-retaliation statutes, federal law, New York State law, and New York City law, including but not limited to the NYSHRL, and the NYCHRL, and at all relevant times acted reasonably, in good faith, and without malice based upon relevant information and facts and circumstances known by Defendant at the time it acted.

8. Defendant acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against discrimination, harassment, and/or retaliation and exercised reasonable care to prevent and promptly correct any alleged discrimination, harassment, and/or retaliation.

| | |
|---|---|
| Dated: New York, New York<br>May 12, 2025 | PAUL HASTINGS LLP<br><br>*/s/ Krissy A. Katzenstein*<br><br>Paul C. Evans<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 318.6009<br>Fax: (212) 319-4090<br>paulevans@paulhastings.com<br><br>Krissy Katzenstein<br>200 Park Avenue<br>New York, NY 10166<br>Tel.: (212) 318.6016<br>Fax: (212) 319-4090<br>krissykatzenstein@paulhastings.com<br><br>*Attorneys for Defendant Fox News Network, LLC* |

## CERTIFICATE OF SERVICE

I, Krissy A. Katzenstein, herby certify that a true and correct copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Amended Complaint were filed electronically and are available for viewing and downloading from the ECF system of the U.S. District Court for the Southern District of New York, and that I served the same via electronic filing on May 12, 2025 upon the following:

Alfredo J. Pelicci
FILIPPATOS PLLC
199 Main Street, Suite 800
White Plains, New York 10601
914-984-1111
apelicci@filippatoslaw.com

*Counsel for Plaintiff*

*/s/ Krissy A. Katzenstein*
Krissy A. Katzenstein