# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW DELANCEY,<br><br>            Plaintiff,<br><br>        v.<br><br>JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC,<br><br>           Defendants. | Case No.: 1:23-cv-10357-AT<br><br>**DEFENDANT JUSTIN WELLS' AMENDED ANSWER TO AMENDED COMPLAINT** |

Defendant Justin Wells ("Wells"), appearing by and through his attorneys, answering the Amended Complaint ("Complaint") filed by Plaintiff Andrew Delancey ("Plaintiff"), sets forth and alleges as follows:

**PRELIMINARY STATEMENT**

1.      As to Paragraph 1 of the Complaint, Wells denies each and every allegation contained therein.

2.      As to Paragraph 2 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

3.      As to Paragraph 3 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

4.      As to Paragraph 4 of the Complaint, Wells denies each and every allegation contained therein. At no time did Wells sexually assault or harass Plaintiff.

1

5. As to Paragraph 5 of the Complaint, Wells denies each and every allegation contained therein.

6. As to Paragraph 6 of the Complaint, Wells admits in part and denies in part. Wells denies that he "set his target" on Plaintiff and denies any implication of impropriety. Wells admits that he first became acquainted with Plaintiff through a Facebook group that included employees of Fox and its affiliates. Wells admits that he offered to help Plaintiff "learn the ropes." Except as expressly admitted or denied herein, Wells denies each and every allegation contained therein.

7. As to Paragraph 7 of the Complaint, Wells denies each and every allegation contained therein.

8. As to Paragraph 8 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

9. As to Paragraph 9 of the Complaint, Wells denies that he ever sexually assaulted or harassed Plaintiff. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

**JURISDICTION AND VENUE**

10. Paragraph 10 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells admits that he is not a citizen of Ohio but otherwise is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells admits he resides in New York and that

Fox's principal place of business is New York City. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

## PARTIES

12. As to Paragraph 12 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

13. As to Paragraph 13 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

14. As to Paragraph 14 of the Complaint, Wells denies that he ever assaulted Plaintiff but admits that he resided in New York, New York, and was employed by the Fox Defendants at all relevant times. Wells further admits that he worked for several local Fox affiliates In Florida and New York early in his career and that he worked as a producer on Greta Van Susteren's and Tucker Carlson's shows while employed by Fox prior to his termination in or around April 2023. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

15. As to Paragraph 15 of the Complaint, Wells admits Fox Corporation is a publicly traded corporation formed under Delaware law and headquartered in New York, New York. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

16. As to Paragraph 16 of the Complaint, Wells admits Fox News Network LLC is a limited liability company organized under the laws of Delaware with its principal place of

business in New York, New York that operates Fox News Channel. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

## FACTUAL ALLEGATIONS

17. As to Paragraph 17 of the Complaint, Wells admits that he first became acquainted with Plaintiff in or around August 2007 through a Facebook group that included employees of Fox and its affiliates. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

18. As to Paragraph 18 of the Complaint, Wells admits that at the time he and Plaintiff first became acquainted through Facebook, Wells was a Fox employee in New York City and had previously worked for a Fox affiliate in Tampa Bay, Florida. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

19. As to Paragraph 19 of the Complaint, Wells admits that he and Plaintiff communicated on Facebook and admits to having mentioned Scott Jones. Wells denies that he did so "in a calculated effort to demonstrate that he knew powerful people[.]" Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

20. Admit.

21. As to Paragraph 21 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

22. As to Paragraph 22 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

23. As to Paragraph 23 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

24. As to Paragraph 24 of the Complaint, Wells admits to having helped Plaintiff order business cards and branded stationary on Fox's internal portal but denies "showering [him] with gifts." As to the remaining allegations of Paragraph 24, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

25. As to Paragraph 25 of the Complaint, Wells denies each and every allegation contained therein.

26. As to Paragraph 26 of the Complaint, Wells admits that he may have offered to help Plaintiff "learn the ropes" but denies the balance of the allegations, including the implication that Wells exercised or purported to exercise authority over Plaintiff in his capacity at Fox. Except as expressly admitted herein, Wells denies each and every allegation contained therein.

27. As to Paragraph 27 of the Complaint, Wells admits that Plaintiff complained about his salary at Fox and admits that he referred Plaintiff for an interview for a position at a local NBC station and passed along Plaintiff's resume. Except as expressly admitted herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

28. As to Paragraph 28 of the Complaint, Wells admits that he invited Plaintiff to meet Fox colleagues at a bar in New York City but denies stressing that his status at Fox could benefit Plaintiff's career. Wells is without sufficient information to admit or deny the allegations regarding the timing of the meet-up or the name of the bar and, therefore, denies each and every allegation contained therein.

29. As to Paragraph 29 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

30. As to Paragraph 30 of the Complaint, Wells ~~admits~~ denies that he lived in a studio apartment at the time and ~~. Except as expressly admitted herein,~~ is without sufficient information to admit or deny the remaining~~se~~ allegations and, therefore, denies each and every allegation contained therein.

31. As to Paragraph 31 of the Complaint, Wells denies each and every allegation contained therein.

32. As to Paragraph 32 of the Complaint, Wells denies each and every allegation contained therein.

33. As to Paragraph 33 of the Complaint, Wells denies each and every allegation contained therein.

34. As to Paragraph 34 of the Complaint, Wells denies each and every allegation contained therein.

35. As to Paragraph 35 of the Complaint, Wells denies each and every allegation contained therein.

36. As to Paragraph 36 of the Complaint, Wells denies each and every allegation contained therein.

37. As to Paragraph 37 of the Complaint, Wells denies each and every allegation contained therein.

38. As to Paragraph 38 of the Complaint, Wells denies each and every allegation contained therein.

39. As to Paragraph 39 of the Complaint, Wells denies each and every allegation contained therein.

40. As to Paragraph 40 of the Complaint, Wells denies having sexually assaulted Plaintiff. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

41. As to Paragraph 41 of the Complaint, Wells denies that he engaged in sexual harassment or that he "admitted to the harassment[.]" Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

42. As to Paragraph 42 of the Complaint, Wells denies that there was "previous sexual harassment" and denies ever having sexually harassed anybody. Except as expressly denied herein, Wells without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

43. As to Paragraph 43 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

44. As to Paragraph 44 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

45. As to Paragraph 45 of the Complaint, Wells admits to having periodic contact with Plaintiff during his time at Fox but denies that such contact was frequent and denies the implication that there was anything untoward about these interactions. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

46. As to Paragraph 46 of the Complaint, Wells denies that he exercised significant control over the terms and conditions of Plaintiff's employment at Fox or that he assigned Plaintiff work tasks that Plaintiff was required to perform. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

47. As to Paragraph 47 of the Complaint, Wells admits that he was not Plaintiff's direct supervisor at any time during Plaintiff's employment at Fox but denies that he had an ability to significantly influence the terms and conditions of Plaintiff's employment or that he had the ability to cause the termination of Plaintiff or the influence to bring about or prevent Plaintiff's promotion. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

48. As to Paragraph 48 of the Complaint, Wells denies each and every allegation contained therein.

49. As to Paragraph 49 of the Complaint, Wells denies that he sexually assaulted Plaintiff. Wells admits that Plaintiff complained about his salary at Fox and admits that he referred Plaintiff for an interview for a position at a local NBC station. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

50. As to Paragraph 50 of the Complaint, Wells denies that he sexually assaulted Plaintiff and denies that he informed any interviewer not to hire Plaintiff or otherwise took back his alleged recommendation. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

51. As to Paragraph 51 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

52. As to Paragraph 52 of the Complaint, Wells denies each and every allegation contained therein.

53. As to Paragraph 53 of the Complaint, Wells denies the implication that he harassed Plaintiff. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

54. As to Paragraph 54 of the Complaint, Wells denies that he made threats to Plaintiff of any kind. Except as expressly denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

55. As to Paragraph 55 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

56. As to Paragraph 56 of the Complaint, Wells admits that Plaintiff posted the quoted message on Facebook but denies the implication that Wells assaulted or harassed Plaintiff at any time. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

57. As to Paragraph 57 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

58. As to Paragraph 58 of the Complaint, Wells denies that he sexually assaulted Plaintiff or that he harassed anybody else but is otherwise without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

59. As to Paragraph 59 of the Complaint, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

60. As to Paragraph 60 of the Complaint, Wells admits to sending a message to Plaintiff in response to Plaintiff's Facebook post but denies that he did so with a guilty conscience. Except as expressly admitted or denied herein, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

62. Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

## FIRST CAUSE OF ACTION
### (Assault)
*Against Defendant Wells*

64. As to Paragraph 64 of the Complaint, Wells responds by incorporating by reference the responses to the allegations set forth in Paragraphs 1 through 63 as if fully set forth herein.

65. As to Paragraph 65 of the Complaint, Wells denies each and every allegation contained therein.

66. As to Paragraph 66 of the Complaint, Wells denies each and every allegation contained therein.

67. As to Paragraph 67 of the Complaint, Wells denies each and every allegation contained therein.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION
**(Battery)**
*Against Defendant Wells*

69. As to Paragraph 69 of the Complaint, Wells responds by incorporating by reference the responses to the allegations set forth in Paragraphs 1 through 68 as if fully set forth herein.

70. As to Paragraph 70 of the Complaint, Wells denies each and every allegation contained therein.

71. As to Paragraph 71 of the Complaint, Wells denies each and every allegation contained therein.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

73. As to Paragraph 73 of the Complaint, Wells denies each and every allegation contained therein.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

76. Paragraph 76 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

## THIRD CAUSE OF ACTION
**Sexual Harassment Under the New York State Human Rights Law**
*Against the Fox Defendants*

77. As to Paragraph 77 of the Complaint, Wells responds by incorporating by reference the responses to the allegations set forth in Paragraphs 1 through 76 as if fully set forth herein.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

**FOURTH CAUSE OF ACTION**
**Sexual Harassment Under the New York City Human Rights Law**
*Against the Fox Defendants*

84. As to Paragraph 84 of the Complaint, Wells responds by incorporating by reference the responses to the allegations set forth in Paragraphs 1 through 83 as if fully set forth herein.

85. Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

86. Paragraph 86 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

89. Paragraph 89 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells denies each and every allegation contained therein.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Wells is without sufficient information to admit or deny these allegations and, therefore, denies each and every allegation contained therein.

## PRAYER FOR RELIEF

91. This section of the Complaint sets forth Plaintiff's request for relief, to which no response is required. To the extent a response is required, Wells denies that Plaintiff is entitled to the relief requested or to any relief at all.

92. Wells denies any other allegations in the Complaint that are not specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

93. Wells hereby asserts the following affirmative defenses. Wells does not, by stating the matters set forth in these defenses, allege or admit that he has the burden of proof and/or persuasion with respect to any of these matters and does not assume the burden of proof or persuasion as to any matters to which Plaintiff has the burden of proof or persuasion. For his affirmative defenses, Wells alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

94. The Complaint, and each claim alleged therein, fails to state facts sufficient to constitute any claim for relief against Wells.

### SECOND AFFIRMATIVE DEFENSE

95. The Complaint, and each claim alleged therein, is barred as Plaintiff has waived his claims.

### THIRD AFFIRMATIVE DEFENSE

96. The Complaint, and each claim alleged therein, is barred as Plaintiff acted and continues to act with unclean hands.

///

///

### FOURTH AFFIRMATIVE DEFENSE

97. The Complaint, and each claim alleged therein, is barred as Plaintiff has not been damaged in any way or at all as a result of any alleged acts or omissions of Wells.

### FIFTH AFFIRMATIVE DEFENSE

98. The Complaint, and each claim alleged therein, is barred in whole or in part because Wells did not commit a battery against Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

99. The Complaint, and each claim alleged therein, is barred based on Plaintiff's ratification of Wells' alleged acts and conduct.

### SEVENTH AFFIRMATIVE DEFENSE

100. The Complaint, and each claim alleged therein, is barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

101. The Complaint, and each claim alleged therein, is barred by the applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

102. The Complaint, and each claim alleged therein, is barred by reason of Plaintiff's consent.

### TENTH AFFIRMATIVE DEFENSE

103. The Complaint, and each claim alleged therein, is barred because all actions taken by Wells with respect to Plaintiff, at all times relevant to the Complaint, were taken in good faith.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

104. The Complaint, and each claim alleged therein, is barred because Plaintiff has not suffered any damages as a result of any actions taken by Wells; accordingly, Plaintiff is barred from asserting any cause of action against Wells.

**TWELFTH AFFIRMATIVE DEFENSE**

105. Any damages allegedly incurred by Plaintiff are the result of the acts, omissions, conduct, negligence, or breach of Plaintiff and/or persons other than Wells.

**THIRTEENTH AFFIRMATIVE DEFENSE**

106. To the extent Wells is liable for any damages to Plaintiff, Wells is entitled to an offset or setoff against any such damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

107. The damages and injuries suffered by Plaintiff, if any, were directly and proximately caused solely by the acts or omissions of individuals or entities other than Wells. The acts and omissions of such other individuals or entities are superseding or intervening causes of loss or damages suffered by Plaintiff, if any. As a consequence thereof, Plaintiff is barred from recovery against Wells herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

108. The damages and injuries suffered by Plaintiff, if any, were directly and proximately caused solely by the acts or omissions of individuals or entities other than Wells. The acts and omissions of such other individuals or entities are superseding or intervening causes of loss or damages suffered by Plaintiff, if any. As a consequence thereof, Plaintiff is barred from recovery against Wells herein.

///

## SIXTEENTH AFFIRMATIVE DEFENSE

109. The Complaint, and each claim alleged therein, fails to state facts sufficient to support any claim for punitive damages, and any allegations in the Complaint with respect thereto should be stricken, including on the ground, without limitation, that (a) Plaintiff has failed to plead facts sufficient to support allegations of willfulness, wantonness, and/or malice; (b) Plaintiff has failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiff or that Wells was motivated by evil motive or intent; (c) Wells did not commit any alleged willful, wanton, or malicious act; and/or (d) an award of punitive damages would violate Wells' due process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

110. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of pre-existing psychological disorders or alternative concurrent causes and not the result of any act or omission of Wells.

## EIGHTEENTH AFFIRMATIVE DEFENSE

111. The alleged acts of Wells were not outrageous, intentional, or reckless and Plaintiff did not suffer severe emotional distress as a result of Wells' alleged acts

## NINETEENTH AFFIRMATIVE DEFENSE

112. The Complaint, and each claim alleged therein, is barred on the ground that, without Wells admitting that he engaged in any of the acts or conduct attributed to him in the Complaint, Plaintiff's claims and damages are barred in whole or in part by Plaintiff's failure to take reasonable and necessary steps to avoid the harm and/or consequences he allegedly suffered. Plaintiff is barred from recovering any damages that he could have avoided with reasonable effort.

**RESERVATION OF ADDITIONAL DEFENSES**

113. Wells presently has insufficient knowledge on which to form a belief as to whether he may have additional, as yet, unstated affirmative defenses available. Wells reserves the right to assert additional defenses in the event that discovery indicates they would be appropriate.

**WHEREFORE**, Wells prays for judgment as follows:

1. That Plaintiff takes nothing by way of the Complaint;

2. That the Complaint be dismissed, as to Wells, with prejudice;

3. For attorneys' fees pursuant to statute or contract, as applicable;

4. For costs of suit; and

5. For such other relief as the Court deems just and proper in the circumstances.

Dated: ~~February 16, 2024~~July 8, 2025                                             Respectfully submitted,
~~New York, New York~~Los Angeles, CA
                                                                    ~~LINER~~ FREEDMAN TAITELMAN + COOLEY, LLP

                                                    */s/ Jason Sunshine*
                                                    Jason H. Sunshine~~, Esq. (NY SBN 5652474)~~
                                                    Bryan J. Freedman *(pro hac vice)*~~, Esq.* (CA SBN 151990)~~

                                                    1801 Century Park West, 5th Floor
                                                    Los Angeles, California 90067
                                                    Tel: (310) 201-0005
                                                    Fax: (310) 201-0045
                                                    Email: jsunshine@lftcllp.com
                                                             bfreedman@lftcllp.com
                                                    ~~* pro hac vice forthcoming~~

                                                    Attorneys for Defendant Justin Wells

19

~~434977.1~~434977.1