UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DELANCEY,

                Plaintiff,

-against-

JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/11/2025

**OPINION AND ORDER ON MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY**

23-CV-10357 (AT)(KHP)

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Currently before the Court is Plaintiff Andrew Delancey's letter motion (ECF No. 97) to compel additional deposition testimony from two of Defendants Fox Corporation and Fox News Network, LLC's (together, "Fox News") witnesses after defense counsel directed them not to answer certain questions as outside the scope of discovery permitted by this Court in its Order dated April 4, 2025 (ECF No. 78).

      The Court assumes familiarity with the facts and does not repeat them all here. As relevant to the instant motion, Plaintiff alleges his former boss at Fox News, Mykel McCarthy, discouraged him not to report any concerns or complaints to Human Resources about having been sexually assaulted by a co-worker, Defendant Justin Wells, in late 2008 while the two were socializing outside of work at Wells' apartment. Delancey left Fox News in 2010 and brought this action in November 2023. Wells and McCarthy remained at Fox News beyond December 2010.

      This Court previously limited the scope of written discovery to (1) production of written complaints of sexual harassment or sexual assault or retaliation for complaining about same made by any employee against Wells for the period of Wells' start of employment through

1

December 31, 2010; (2) written complaints (whether formal or informal) of sexual harassment or sexual assault or retaliation for complaining about same made by employees of Fox News Edge in New York and employees of the Fox News Channel shows in New York whom Plaintiff supported (e.g., the Greta Van Susteren show) for the period January 1, 2007 through December 31, 2010; (3) documents reflecting the policies and procedures in place during the period January 1, 2007 through December 31, 2010 for investigating complaints of sexual harassment and assault and retaliation; (4) complaints by employees that McCarthy failed to report or investigate complaints of discrimination, harassment and retaliation for the period of his start of employment through December 31, 2010; and (5) information in McCarthy's and Wells' personnel files from any time during his employment with Fox News (i.e., information post-dating December 2010) reflecting evidence of any complaints against either Wells or McCarthy concerning sexual harassment/assault and retaliation, discipline against them for violation of fair employment practices policies, performance criticism or performance reviews touching on their compliance with fair employment practices policies, management of employees, leadership and communication skills, training received on fair employment practices/anti-harassment policies, pay raises or bonuses after receipt of any complaints of sexual harassment/assault or retaliation against them, and/or discipline or poor performance reviews.  (ECF No. 78)

During the deposition of McCarthy, Plaintiff's counsel asked McCarthy whether he "ever interact[ed] with anyone in HR about something that you did at work?"  This question was unlimited in temporal scope.  Defense counsel objected and limited the witness's response to the period January 2007 through December 2010.  Plaintiff contends this question was intended

to learn about complaints of sexual harassment, sexual assault or retaliation by employees of Fox News Edge in New York and employees of the Fox News Channel shows in New York supported by Plaintiff at any time, including post-dating 2010.  Plaintiff also contends that this question was intended to explore McCarthy's own history of misconduct through the entirety of his employment (which continued for many years after December 2010) to discover facts that support Plaintiff's theory that McCarthy fostered a work environment "rife with inappropriate behavior, including taking employees out for drinks and making them promise not to disclose their conversations with management."  Finally, Plaintiff contends this question was intended to explore whether there were any complaints made against Wells or McCarthy concerning sexual harassment/assault and retaliation, discipline against them for violation of fair employment practices policies, performance criticism or performance reviews at any time during their respective employments with Fox News.  Plaintiff's counsel similarly seeks to probe Fox News' Human Resources witness, Denise Collins, for information post-dating December 2010 regarding McCarthy's interactions with Human Resources.

    Since the deposition, McCarthy has provided a sworn declaration stating that from the time he was hired through December 2010, he does not recall ever being told by Human Resources about any type of workplace conduct or discussing any type of workplace misconduct with Human Resources.  He testified that he is not aware of any employee complaining about him inappropriately touching or flirting with anyone at work or otherwise violating the fair employment practices policies of Fox News.  He also attests he did not personally engage in any misconduct during that period.  During his deposition he testified generally that his interactions with Human Resources concerned subjects such as employee benefits and not much else.  He

also testified that he trusted Human Resources to treat employees fairly during his time at Fox News, did not have any complaints about Human Resources, and that he thought Human Resources treated him fairly. He also testified that he was not aware of investigations of employee complaints conducted by Human Resources during the relevant time period (i.e., prior to December 2010). Finally, he testified in sum and substance that he did not discourage any employee from speaking with Human Resources.

Plaintiff contends that this Court's prior order did not limit the temporal scope of information to be requested during depositions. He contends he needs the above information post-dating December 2010 because it could "shed light on [McCarthy's] reasons to distrust HR, rendering it more likely that" McCarthy discouraged Plaintiff from complaining to Human Resources. Plaintiff also argues that learning about McCarthy's "overall pattern of interactions with HR regarding his conduct directly relates to the work environment he fostered as Plaintiff's supervisor, one which enabled Mr. Wells to sexually assault [Plaintiff] and deterred him from seeking HR's assistance."

Plaintiff's motion is without merit, and his interpretation of this Court's prior order is mistaken. The Court's prior order clearly contemplated the same temporal scope for deposition testimony and, indeed, although the Court's prior opinion addressed only document requests and interrogatories, the rationale given for limiting the temporal scope of inquiry applies equally to deposition testimony. Further, it appears that Plaintiff was able to fully question McCarthy about relevant areas of inquiry based on the deposition testimony submitted, as supplemented by the McCarthy declaration. Thus, there is no reason to re-open depositions to allow for additional testimony.

For the above reasons, therefore, the motion is denied.  **The Clerk of Court is respectfully directed to terminate the motion at ECF No. 97.**

**SO ORDERED.**

Dated: August 11, 2025
New York, New York

_____
Katharine H. Parker
United States Magistrate Judge

5