PAUL HASTINGS

1(212) 318-6009
paulevans@paulhastings.com

September 28, 2026

***VIA ECF AND EMAIL***
The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, New York, NY 10007

*Re:* *Delancey v. Wells, et al.*, No. 1:23-CV-10357(AT) (S.D.N.Y.)

Dear Judge Torres:

Defendant Fox News Network, LLC ("FNN") respectfully submits this pre-motion letter to set forth the basis for its anticipated motion seeking certification for interlocutory appeal of this Court's September 14, 2026 Order Granting in Part and Denying in Part FNN's Summary Judgment Motion (the "Order"), Dkt. No. 134.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal where the court determines that "such order involve[d] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see, e.g.*, *SEC v. Rio Tinto PLC*, 17 Civ. 7994 (AT), 2021 WL 1893165, at *1 (S.D.N.Y. May 11, 2021) (certifying order for interlocutory appeal). As explained below, the Order warrants certification under that standard because: (1) it involves a controlling question of law regarding the scope of the phrase "managerial or supervisory responsibility" in the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(13)(b)(1); (2) courts in this Circuit and in New York have disagreed on that precise legal issue (as this Court recognized); and (3) if the issue is decided in FNN's favor, FNN would (as this Court also recognized) be removed from this litigation entirely—thus streamlining any subsequent trial. *See* Order 11.

*First*, the proper standard for "managerial or supervisory responsibility" under New York City Administrative Code Section 8-107(13)(b)(1) is a "controlling question of law." Interpreting the meaning of a municipal ordinance clearly presents a legal question. *See Robinson Knife Mfg. Co. v. C.I.R.*, 600 F.3d 121, 124 (2d Cir. 2010) (interpretation of an administrative regulation); *United States v. Williams*, 733 F.3d 448, 452 (2d Cir. 2013) (interpretation of a statute). And the answer to that question is controlling here because if "managerial or supervisory responsibility" requires that the supervisory employee be empowered by his employer "to take tangible employment actions against the victim," *Vance v. Ball State Univ.*, 570 U.S. 421, 431 (2013), then FNN is entitled to summary judgment on the only claim remaining against it. *See* Order 11.

PAUL
HASTINGS



As FNN argued in its motion for summary judgment, under the *Vance* standard, "the undisputed record evidence establishes that no reasonable juror could find that Wells was Delancey's (or any FNN employee's) supervisor at the time of the alleged assault." Dkt. 123 at 10. This Court agreed, observing that the "record does not show that Wells had the authority to promote, reassign, or significantly alter the scope of Delancey's work responsibilities—or, for that matter, to fire him." Order 11. Put simply, if the *Vance* standard is the correct interpretation of Section 8-107(13)(b)(1), then those undisputed facts would be dispositive of "managerial or supervisory responsibility" and dispose of the only remaining claim against FNN.

*Second*, as this Court explained, "[c]ourts are divided as to what is required to show that an employee 'exercised managerial or supervisory [responsibility]' over another employee for purposes of the NYCHRL." Order 9. On the one hand, multiple courts in this Circuit interpret the phrase "managerial or supervisory responsibility" in Section 8-107(13)(b)(1) to impose a standard that is the same as or similar to the one the Supreme Court discussed in *Vance*. *See, e.g.*, *Del Villar v. Hyatt Hotel Corp.*, No. 1:19-cv-10891, 2022 WL 2316205, at *6 (S.D.N.Y. June 28, 2022) (holding that the NYCHRL applies an "objective" standard for "managerial or supervisory responsibility" similar to that applicable to vicarious liability claims under Title VII and the NYSHRL, asking whether the alleged supervisor "'is empowered by the employer to take tangible employment actions against the victim'" (quoting *Vance*, 570 U.S. at 424)); *Mejia v. City of New York*, No. 1:17-cv-02696, 2020 WL 2837008, at *16 (E.D.N.Y. May 30, 2020) ("While the term 'managerial or supervisory [responsibility],' is not defined in NYCHRL, this concept is broadly understood in the context of employment discrimination claims to refer to an individual employee's authority 'to take tangible employment actions against the victim, *i.e.* to effect a significant change in employment status . . . .'" (quoting *Vance*, 570 U.S. at 431)). On the other hand, several other courts have applied the broader standard that this Court endorsed. *See, e.g.*, *Kulick v. Gordon Prop. Grp.*, No. 1:23-cv-09928, 2026 WL 2453598, at *18 (S.D.N.Y. Aug. 21, 2026); *Cajamarca v. Regal Entm't Grp.*, 2013 N.Y. Slip Op. 32615(U), at *17, 2013 WL 5717119 (Sup. Ct. Oct. 17, 2013).

As those competing interpretations show, "[t]he definition of managerial or supervisory responsibility under Section 8-107(13)(b)(1) is not settled," *Kulick*, 2026 WL 2453598, at *18, and reasonable minds may differ about which interpretation is correct. *Cf. Glatt v. Fox Searchlight Pictures Inc.*, No. 1:11-cv-06784, 2013 WL 5405696, at *2 (S.D.N.Y. Sept. 17, 2013) ("The intra-district split and decisions from other circuits clearly show a substantial basis exists for difference of opinion."). That is especially true where, as here, FNN's proposed construction of the phrase best comports with the provision's plain language. Indeed, the word "responsibility" connotes "duty" and "obligation," *Responsibility*, Black's Law Dictionary (12th ed. 2024)—meaning that a supervising employee generally will be held accountable for a subordinate employee's actions and must have some means of accomplishing his or her supervisory duty. In the employment context, this means that a supervising employee must be "empowered by the employer" not only "to direct a co-worker's labor," but also to enforce those directives through "tangible employment actions" against those under his or her direction. *Vance*, 570 U.S. at 424, 431–32.

PAUL HASTINGS



*Third*, reversal of the Court's partial denial of summary judgment as to FNN on Delancey's NYCHRL claim would materially advance the termination of this litigation. As noted, that claim is the only claim remaining against FNN, and the interpretation of "managerial or supervisory responsibility" is the controlling issue: if the Second Circuit were to adopt the *Vance* standard, then FNN would necessarily be entitled to summary judgment on that claim, as this Court recognized. Order 11. Thus, not only would reversal resolve one of the claims at issue, it would remove a party from the case entirely. Such a possibility satisfies the third prong of the analysis. *See, e.g.*, *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24–25 (2d Cir. 1990) (upholding the district court's conclusion that reversal of an order denying a "motion to dismiss the complaints and third-party complaints against [one of multiple defendants]" would "greatly assist the ultimate termination of the litigation"); *AT&T v. N. American Indus. of N.Y., Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992) ("If NAI's monopolization claim against NYTel were dismissed, all that would remain would be AT&T's claim against NAI for unpaid long distance charges, a claim that could be resolved more quickly without the appended third-party action.").

Moreover, concluding FNN's involvement would materially advance termination of the rest of this case. Specifically, resolving the last remaining claim against FNN would significantly affect the remaining "parties' bargaining positions and [therefore] may hasten the termination of this litigation through settlement." *Rio Tinto*, 2021 WL 1893165, at *3. And that outcome would narrow the scope of the remaining issues to be tried, reduce the amount of time needed for trial, and conserve resources. Put simply, if the NYCHRL claim is no longer part of the case, all of Delancey's allegations regarding Wells's conduct in the workplace would become irrelevant, and the factual determinations for the jury would narrow down to whether the alleged sexual assault occurred.

Because all three necessary conditions for certification are met here, "[t]he question becomes whether this court should exercise its discretion to permit an immediate appeal." *Republic of Colombia v. Diageo N. America Inc.*, 619 F. Supp. 2d 7, 11 (E.D.N.Y. 2007). In deciding that question, courts may consider "the system-wide costs and benefits" of allowing an immediate appeal, including "the impact that an appeal will have on other cases." *Klinghoffer*, 921 F.2d at 24; *see, e.g.*, *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 1:13-cv-05784, 2015 WL 585641, at *2 (S.D.N.Y. Feb. 10, 2015) ("Receiving authoritative guidance from the Second Circuit . . . will help resolve [similar] actions quickly and consistently."). The standard for "managerial or supervisory responsibility" under the NYCHRL is a question of significant importance not only for the resolution of this case, but also for the broader public. "[T]he NYCHRL governs the rights of millions of New York City employees," and thus unsettled interpretive disputes over the scope of liability thereunder take on a special "importance" that merits certifying an interlocutory appeal. *Hunter v. Debmar-Mercury LLC*, No. 1:22-cv-01687, 2024 WL 64768, at *6–7 (S.D.N.Y. Jan. 5, 2024).

PAUL HASTINGS



For those reasons, the Order warrants certification under 28 U.S.C. § 1292(b) and immediate appellate review. FNN respectfully requests that this Court set an expedited briefing schedule on its anticipated Section 1292(b) motion for certification and stay this proceeding while FNN's interlocutory certification request is pending and during any appeal.

Sincerely,

Paul C. Evans
*Attorney for Defendant Fox News Network, LLC*

cc: Counsel of Record (*via ECF*)