Tanvir Rahman
TRahman@filippatoslaw.com
914-984-1111, Ext. 505

FILIPPATOS PLLC
Employment Law, Litigation & ADR

199 Main Street, Suite 800
White Plains, NY 10601
filippatoslaw.com

October 5, 2026

**VIA ECF**
Hon. Judge Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: ***Delancey v. Wells, et al.*, No. 1:23-cv-10357 (AT) (KHP)**

Dear Judge Torres:

We represent Plaintiff and respectfully request the Court strongly discourage, if not deny, Defendant Fox News Network, LLC's ("FNN") request for leave to move to certify the Court's September 14, 2026, summary judgment Order (Dkt. No. 134, the "Order") for interlocutory appeal and to stay this action. *See* Dkt. No. 135. Interlocutory certification is a "rare exception" to the final judgment rule, reserved for genuinely "exceptional circumstances," not a mechanism to relitigate a record bound ruling before trial. *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990). As the party seeking exceptional relief, FNN bears the burden of establishing each statutory element: a controlling question of law, substantial ground for difference of opinion, and that immediate review would materially advance the ultimate termination of the litigation. *Tantaros v. Fox News Network, LLC*, 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020). FNN fails to meet its burden.

Your Honor's Order announced no new categorical rule but held that a jury must resolve competing evidence concerning Defendant Justin Wells's ("Wells") actual workplace authority. Whether practical control constituted "managerial or supervisory responsibility" under the independently and liberally construed NYCHRL is a fact dependent question, not a pure legal issue suitable for immediate appeal. The caselaw cited by FNN and discussed *infra* neither establishes *Vance* as the exclusive NYCHRL standard nor forecloses consideration of authority to assign and prioritize daily work. To construe the term otherwise would improperly convert Title VII's narrower rule from a statutory floor into a ceiling on City law. Nor would immediate review materially advance the case as Plaintiff's claims against Wells, the same witnesses, the same evidence, and the same core trial will remain *regardless* of whether FNN remains a defendant. Finally, FNN identifies no irreparable harm beyond ordinary litigation burdens to warrant a stay and delay adjudication of Plaintiff's claims for an appeal that may not be accepted and cannot end the action.

**I. The Order Does Not Present a Pure, Controlling Question of Law**

First and foremost, FNN seeks review of a fact-intensive jury question, not a pure question of law. A certifiable question must be decided "quickly and cleanly without having to study the record," and applying law to a developed record ordinarily does not qualify. *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (denying certification where issue required application of law to developed factual record); *SEC v. Ripple Labs, Inc.*, 697 F. Supp. 3d 126, 132–33 (S.D.N.Y. 2023). Here, the Order announced no categorical definition of "managerial or supervisory responsibility." Instead, the Court held based on the record before it, i.e., that Wells gave Plaintiff "time sensitive" assignments about twice weekly requiring "an immediate turnaround" and priority over other work, but could not promote, reassign, materially alter Plaintiff's duties, or fire him, that whether Wells had "actual authority to direct Delancey's daily work activities" remained a factual determination for the jury. Order at 11; *see Herrera v. Trabajamos Cmty. Head Start, Inc.*, 236 F. Supp. 3d 858, 866–67 (S.D.N.Y. 2017) (jury required to resolve conflicting evidence of employee's actual supervisory authority under NYCHRL). Indeed, even if the Second Circuit were to adopt FNN's proposed *Vance* standard, it would still have to determine whether Wells's recurring authority to issue urgent assignments and reorder Plaintiff's priorities satisfied that standard on this disputed record. The appeal, therefore, would not present a clean legal issue or eliminate the need for fact bound adjudication. *See Ripple*, 697 F. Supp. 3d at 132–33 (concluding that question requiring examination and application of record is not pure question of law); *compare Tantaros,* 465 F. Supp. 3d at 389–92 (certifying purely legal FAA preemption question). Moreover, importing *Vance* as the exclusive NYCHRL test conflicts with the NYCHRL's independent-construction mandate. The Restoration Act treats federal civil rights law as "a floor below which the City's Human Rights law cannot fall, rather than a ceiling above which the local law cannot rise." Local Law No. 85 of City of New York § 1 (2005); *see Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009). Accordingly, NYCHRL claims must be analyzed "separately and independently" from their federal counterparts. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (requiring courts to construe NYCHRL broadly and independently, even where federal and state statutes use similar language); *Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 410–11 (2d Cir. 2015) (vacating dismissal because district court failed to analyze NYCHRL claim separately from parallel federal claim). Making *Vance* the exclusive test would improperly turn Title VII's narrower rule into a ceiling on the NYCHRL and violate established Second Circuit precedent, rendering any potential FNN interlocutory appeal "dead on arrival."

Assuming *arguendo,* the Order did present a question of law, it is not controlling. A question is controlling if reversal could dismiss the action, significantly affect its conduct, or have broad precedential value. *Flo & Eddie, Inc. v. Sirius XM Radio Inc.*, No. 13 Civ. 5784 (CM), 2015 U.S. Dist. LEXIS 80535, at *3–4 (S.D.N.Y. Feb. 10, 2015) (collecting circumstances in which a question may be controlling) (citing *Klinghoffer*, 921 F.2d at 24). Adopting *Vance* might remove FNN from the action, but it would neither resolve the claims against Wells nor eliminate the same core trial. Even under *Vance*, the Court would still have to evaluate the disputed evidence concerning Wells's recurring authority to issue urgent assignments and reorder Plaintiff's work, so the appeal would not eliminate the fact question, narrow the witnesses or proof, or materially reshape the litigation. *Compare Tantaros*, 465 F. Supp. 3d at 391–92 (certifying threshold issue

that could obviate further federal proceedings), *with Ripple*, 697 F. Supp. 3d at 136–37 (denying certification where appeal would not eliminate remaining trial and risked piecemeal review).

## II. FNN Shows No Substantial Ground for Difference of Opinion

The nonbinding cases FNN cites do not establish the substantial ground for disagreement required by §1292(b). Conflicting authority or an exceptionally difficult issue of first impression is required, not "mere conjecture" that another court might disagree, and substantial doubt about the correctness of the Order. *Ripple*, 697 F. Supp. 3d at 134–35. FNN relies on *Del Villar v. Hyatt Hotel Corp.*, No. 19 Civ. 10891, 2022 U.S. Dist. LEXIS 114294 (S.D.N.Y. June 28, 2022) and *Mejia v. City of New York*, No. 17 Civ. 2696, 2020 U.S. Dist. LEXIS 95659 (E.D.N.Y. May 30, 2020) because they use language resembling *Vance*'s narrow definition of "supervisor." At most, however, those cases suggest that Title VII's definition supplies a *floor* for construing "managerial or supervisory responsibility" under the more protective NYCHRL. Neither case holds that §8-107(13)(b)(1) *must* be interpreted exclusively under *Vance*, or that authority to assign and prioritize daily work *cannot* be sufficient under the right facts. Without such a holding, the cases do not conflict with the Order and cannot establish a substantial ground for difference of opinion.

Other authorities confirm why no legal conflict exists. *Cajamarca v. Regal Entertainment Group* holds that practical authority to direct daily work can create a triable issue of managerial or supervisory responsibility despite the absence of hiring or firing power. No. 103027/2012, 2013 N.Y. Slip Op. 32615(U), at *20–21 (Sup. Ct. N.Y. Cnty. Oct. 17, 2013) (denying summary judgment). Likewise, *O'Neil v. Roman Catholic Diocese of Brooklyn* treated authority to assign and direct daily clerical work as supervisory despite the absence of tangible employment action power. 31 Misc. 3d 1219(A), 927 N.Y.S.2d 818 (Sup. Ct. Kings Cnty. 2011) (evidence of authority over day-to-day work supported supervisory status). And *Kulick v. Gordon Property Group LLC* recently declined to resolve record-dependent NYCHRL claims as a matter of law even where the defendants' view of the evidence appeared "far more compelling" because competing inferences remained for trial. No. 23 Civ. 9928 (KPF), 2026 U.S. Dist. LEXIS 188491, at *54–55 (S.D.N.Y. Aug. 21, 2026). Together, these decisions reinforce the well-grounded understanding that practical workplace authority and disputed evidence, not job titles or formal hiring and firing power alone, may control the NYCHRL analysis. This approach follows the Second Circuit's instruction to analyze NYCHRL claims "separately and independently" under their broader remedial framework, rather than treating Title VII as both a floor and a ceiling. *Velazco*, 778 F.3d at 410–11; *Mihalik*, 715 F.3d at 109; *Loeffler*, 582 F.3d at 278 (explaining that federal civil rights law supplies floor, not ceiling). FNN's cases neither make *Vance* dispositive nor preclude consideration of work assignment authority and thus fail to establish the exceptional legal uncertainty § 1292(b) requires.

## III. Immediate Review Would Delay, Not Materially Advance, This Action

Third, FNN argues that review could remove it and alter settlement leverage, but that would not materially advance the *ultimate termination* of the litigation. Plaintiff's claims against Wells and the same core trial will proceed regardless. *See Fed. Ins. Co. v. Am. Precision Indust., Inc.*, Nos. 24-842-cv (L), 24-843-cv (XAP), 2025 U.S. App. LEXIS 8566, at *9 (2d Cir. Apr. 11, 2025) (dismissing interlocutory appeal because immediate review would not materially advance

litigation, although certified questions were arguably controlling and subject to disagreement). Removing one defendant does not outweigh the resulting delay and piecemeal review.

The material advancement requirement asks whether review would meaningfully shorten the case. *Tantaros* found advancement where a threshold FAA preemption ruling determined whether the claims belonged in court or arbitration. 465 F. Supp. 3d at 389, 391–92. Here, review would not determine the forum, resolve whether Wells assaulted Plaintiff, or avoid trial involving the same witnesses and evidence. FNN identifies no trial or factual dispute an appeal would eliminate. *Compare Klinghoffer*, 921 F.2d at 24–25 (controlling question that could substantially narrow numerous claims arising from Achille Lauro hijacking), *AT&T v. N. Am. Indust. of New York, Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992) (issue could eliminate all claims except discrete unpaid charges dispute), *and SEC v. Rio Tinto PLC*, No. 17 Civ. 7994 (AT), 2021 WL 1893165, at *2–3 (S.D.N.Y. May 11, 2021) (legal question created by intervening Supreme Court decision that could materially affect action). This case more closely resembles *Ripple,* as an interlocutory appeal will not end the case but will provide FNN with two "bites at the apple" to appeal a discrete evidentiary determination. *Ripple,* 697 F. Supp. 3d at 137 (denying certification where interlocutory appeal would not end litigation and could produce successive appeals presenting overlapping issues, giving movant "multiple bites at the apple").

## IV. FNN Cannot Satisfy the Separate, Demanding Standard for a Stay

An interlocutory appeal application "shall not stay proceedings in the district court" absent a separate order. 28 U.S.C. § 1292(b). FNN must independently justify the extraordinary remedy of a stay while the Second Circuit decides whether to accept and resolve the appeal. The Court considers: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Merely identifying an appealable issue is insufficient. *Id.* at 419. FNN must satisfy this separate equitable test, particularly its two "most critical" requirements of likely success and irreparable injury (*id.* at 427, 434) but fails to do so.

FNN lacks a strong merits showing because the Order applied the NYCHRL's text and liberal construction mandate to disputed evidence. Ordinary litigation costs and preparation for a trial that will proceed regardless are not irreparable injury, and any preserved legal ruling remains reviewable after trial. A stay (for an appeal that may be rejected) prejudices Plaintiff through delay, added expense, and fading witness memories. Public interest favors prompt resolution of civil rights claims and the final judgment rule over duplicative, piecemeal proceedings.

For these reasons, Plaintiff respectfully requests the Court deny FNN's request for leave under 28 U.S.C. § 1292(b), deny its request for a stay, and direct the parties to proceed toward trial.

Respectfully submitted,

Tanvir H. Rahman

cc: All Counsel of Record (*via* ECF)