USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDREW DELANCEY,

Plaintiff,

-against-

JUSTIN WELLS, FOX CORPORATION, and FOX NEWS NETWORK, LLC,

Defendants.

23 Civ. 10357

**ORDER**

ANALISA TORRES, District Judge:

On September 28, 2026, Defendant Fox News Network, LLC ("FNN") filed a pre-motion letter seeking leave to move for certification of an interlocutory appeal of the undersigned's September 14, 2026 order granting in part and denying in part FNN's motion for summary judgment (the "Order"). *See* FNN Letter Mot., ECF No. 135; *see also* Resp., ECF No. 139; Order, ECF No. 134. FNN argues that an interlocutory appeal is warranted because the Court erred in determining that *Vance v. Ball State Univ.*, 570 U.S. 421 (2013), does not control whether an employee exercises managerial or supervisory liability under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107(13)(b)(1). *See* FNN Letter Mot.; Order at 9–10. For the reasons stated below, the Court construes FNN's pre-motion letter as a motion to certify an interlocutory appeal and DENIES the motion.[1]

[1] A district court may "construe[] pre-motion letters as the motions themselves and den[y] the motions" so long as the moving party has "had the opportunity to make the arguments necessary to preserve its . . . motion for appellate review." *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order). Finding the parties' letters sufficiently detailed to determine the motion's "clear lack of merit," the Court may decide the motion without granting leave to file "full motion papers." *Id.*; *see also Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827, 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) ("[W]hen pre-motion letters adequately present the parties' views of a straightforward request, it is . . . appropriate for a district judge to treat the letters themselves as motion papers and to rule on the merits.") (collecting cases).

I. Legal Standard[2]

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Section 1292(b) provides a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Id.*

Under § 1292(b), a district court may certify an order for interlocutory appeal when (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Courts place particular weight on the last of these three factors[,] which is satisfied if that appeal promises to advance the time for trial or to shorten the time required for trial." *Tantaros v. Fox News Network, LLC*., 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020) (citation and quotation marks omitted). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc*., 228 F.Supp.3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted).

"Although 28 U.S.C. § 1292(b) has three criteria for assessing whether to certify an order for interlocutory appeal, district courts retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met." *Stratton v. Wallace*, No. 11 Civ. 74, 2016 WL 3552147, at *2 (W.D.N.Y. Apr. 5, 2016). Certification may be denied for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). In general, "use of [§ 1292(b)'s] certification

[2] The Court assumes familiarity with the record. *See* Order at 1–7 (providing factual background and procedural history of this case).

procedure should be strictly limited [to] exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

II. Application

FNN cannot meet its burden under § 1292(b) because it fails to satisfy the most significant element: interlocutory appeal will not materially advance the termination of this litigation. *See Tantaros*, 465 F. Supp. 3d at 389.

Section 1292(b) is concerned with the "institutional efficiency of the federal judiciary," not the convenience of a single party. *In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2005 WL 1871012, at *3 (S.D.N.Y. Aug. 9, 2005). Dismissal of FNN as a defendant would not meaningfully "shorten the time required for trial," *Tantaros*, 465 F. Supp. 3d at 389, because "Plaintiff's claims against [individual defendant Justin] Wells and the same core trial will proceed regardless" of FNN's participation. Resp. at 3.

Additionally, any "benefit to the district court of obviating needless trial time must outweigh the inefficiency to the Court of Appeals in hearing multiple appeals in the same case." *In re Currency Conversion Fee Antitrust Litig.*, 2005 WL 1871012, at *3. "It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991). Here, even if the Court of Appeals decided in FNN's favor, the minimal time saved by eliminating "Delancey's allegations regarding Wells'[] conduct in the

workplace" from the trial's scope, FNN Letter at 3, would not outweigh the inefficiency of "piecemeal appeals." *Koehler*, 101 F.3d at 865 (2d Cir. 1996).[3]

Certification is particularly inappropriate because FNN seeks appeal of a "purely state law issue." *Fed. Ins. Co. v. Am. Precision Indus., Inc.*, No. 24-842, 2025 WL 1088231, at *2 (2d Cir. Apr. 11, 2025) (summary order) (quoting *Emergency Physicians Servs. of N.Y. v. UnitedHealth Grp., Inc.*, No. 20 Civ. 9183, 2024 WL 4555631, at *1 (S.D.N.Y. Oct. 22, 2024)). Interlocutory appeal of a question of state law may "derail the resolution of the merits of this action" because "the Second Circuit [could] choose not to decide the appeal itself but instead to certify the state law question to the New York Court of Appeals." *Id.* (quoting *Philips ex rel. Green v. City of New York*, 453 F. Supp. 2d 690, 747 (S.D.N.Y. 2006)). Such an outcome would be "the antithesis of a procedural device to materially advance the ultimate termination of the litigation." *Emergency Physician Servs. of N.Y.*, 2024 WL 4555631, at *1 (citation and quotation marks omitted).

FNN nonetheless argues that "remov[ing] a party from the case" necessarily "satisfies the third prong of the analysis." FNN Letter at 3. This contention is unpersuasive. In the two cases FNN cites in support, the removal of relevant parties significantly narrowed the scope of the litigation. *See Am. Tel. & Tel. Co. v. N. Am. Indus. of New York, Inc.*, 783 F. Supp. 810, 814 (S.D.N.Y. 1992) (explaining certification could result in dismissal of "appended third-party [monopolization] action," leaving only claim for unpaid long distance charges); *Klinghoffer*, 921 F.2d at 22–23, 25 (noting certification could result in dismissal of multiple complaints and third-party complaints in a complex consolidated action). In contrast, FNN's removal from this action would mean only that facts going toward Wells' managerial and

---

[3] The Court assumes for the purpose of this analysis that if the Court of Appeals reversed the Order and applied the *Vance* standard, it would necessarily result in the dismissal of all claims against FNN. *See* FNN Letter at 1.

supervisory authority are no longer presented to a jury, leaving the core dispute regarding the alleged sexual assault unchanged. *See* FNN Letter at 3.

Because FNN cannot establish the third and most significant element under § 1292(b), the Court need not analyze whether FNN can satisfy the other two elements.[4] *See, e.g.*, *UMB Bank, N.A. v. Bristol-Myers Squibb Co.*, No. 24 Civ. 8668, 2026 WL 1257350, at *2 (S.D.N.Y. May 7, 2026) (finding the inability to prove one element of § 1292(b) dispositive); *In re Amazon.com, Inc. eBook Antitrust Litig.,* No. 21 Civ. 351, 2025 WL 833390, at *4 (S.D.N.Y. Mar. 17, 2025) (same); *Davarci v. Uber Techs., Inc.*, No. 20 Civ. 9224, 2021 WL 5326412, at *3 (S.D.N.Y. Nov. 15, 2021) (same); *see also* 28 U.S.C. § 1292(b) (using the conjunctive "and" with respect to the factors a district court must find before certifying an interlocutory appeal).

## CONCLUSION

In sum, FNN has not shown that this case presents "exceptional circumstances . . . justify[ing] a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Flor*, 79 F.3d at 284. Accordingly, FNN's motion to certify an interlocutory appeal is DENIED. FNN's motion for a stay is DENIED as moot.

By **October 26,** 2026, the parties shall submit a joint letter advising the Court whether they wish to be referred to the Honorable Katharine H. Parker for a settlement conference.

---

[4] The Court notes, however, its skepticism regarding FNN's analysis of prong two—"substantial grounds for difference of opinion." 28 U.S.C. § 1292(b). FNN does not cite any case holding that *Vance* is binding on district courts' interpretation of the NYCHRL. *See* FNN Letter at 2 (citing *Del Villar v. Hyatt Hotel Corp.*, No. 19 Civ. 10891, 2022 WL 2316205, at *6 (S.D.N.Y. June 28, 2022) (holding that the *Vance* standard applies under federal and state law and that "[t]he standard under the NYCHRL is similarly objective," not that *Vance* controls interpretation of NYCHRL); *Mejia v. City of New York*, 17 Civ. 2696, 2020 WL 2837008, at *16 (E.D.N.Y. May 30, 2020) (citing both *Vance* and a state case describing a standard analogous to that applied in the Order)). This is unsurprising as FNN's position that *Vance* controls the NYCHRL's definition of managerial and supervisory authority contravenes the axiomatic principle that the NYCHRL must be "construed independently from . . . federal statutes." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (quoting N.Y.C. Local L. No. 85 § 1); *see also* Order at 10.

The parties shall otherwise proceed according to the discovery and pretrial deadlines set by Judge Parker. *See* ECF No. 138.

SO ORDERED.

Dated: October 19, 2026
New York, New York

ANALISA TORRES
United States District Judge